IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 7 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DINO CHAVEZ | § | |
| | § | |
| vs. | § | |
| | § | |
| BROWNSVILLE INDEPENDENT | § | CIVIL ACTION NO.  **B-02-128** |
| SCHOOL DISTRICT, NOE SAUCEDA, | § | |
| and RANDY DUNN, MARILYN DEL | § | |
| BOSQUE-GILBERT and HUGH | § | |
| EMERSON, JR., in their official | § | |
| capacities as Board Members of | § | |
| Brownsville Independent School District | § | |
| | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW** BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, NOE

SAUCEDA, and RANDY DUNN, MARILYN DEL BOSQUE-GILBERT and HUGH

EMERSON, JR., in their official capacities as Board Members of Brownsville Independent School

District, Petitioners herein, and pursuant to 28 U.S.C. Sections 1331 and 1441, files this their

Notice of Removal and in connection therewith would respectfully show the Court the following:

I.

1.      Petitioners are the named Defendants in a civil action now pending in the 404th

Judicial District Court in Cameron County, Texas, Cause Number 2002-05-002204-G, styled *Dino

Chavez vs. Brownsville Independent School District, Noe Sauceda, and RANDY DUNN, Marilyn*

*Del Bosque-Gilbert and Hugh Emerson, Jr., in their official capacities as Board Members of*

**NOTICE OF REMOVAL**
042 - Removal -Fed.wpd

**PAGE 1**

*Brownsville Independent School District.*, wherein Plaintiff seeks monetary and other relief for breach of contract and constitutional injuries sustained by Plaintiff.

2.      Plaintiff, Dino Chavez, in his Original Petition filed on or about May 31, 2002, has raised a federal question. Specifically, Plaintiff alleges that this cause of action involves violations of Plaintiff's federal constitutional rights and statutory rights, including a violation of his due process rights under the Constitution.

3.      This notice of removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiff's Original Petition. This removal is filed under 28 U.S.C. Section 1446(b).

4.      Petitioners' time to answer or remove with respect to the Plaintiff's Original Petition has not expired. Plaintiff's Original Petition was served on the Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT on May 31, 2002.

5.      The matter in controversy exceeds the jurisdictional limits of this court.

6.      This action is one over which this Court has original jurisdiction under the provisions of 42 U.S.C. Section 1983 and this action may be removed to this Court by Petitioner, pursuant to the provisions of 28 U.S.C. Section 1441. Copies of all pleadings including the docket sheet on file with the State Court are attached hereto.

**WHEREFORE,** Petitioners, BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, NOE SAUCEDA, and RANDY DUNN, MARILYN DEL BOSQUE-GILBERT and HUGH EMERSON, JR., in their official capacities as Board Members of Brownsville Independent School District, respectfully request this action be removed to this Court.

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas  78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

**Counsel for Brownsville Independent School District**

By: _____
    ELIZABETH G. NEALLY
    Federal ID No.8044
    State Bar No.14840400
    RICARDO MORADO
    Federal ID No.1213
    State Bar No. 14417250

**WILLETTE & GUERRA, L.L.P.**
3505 Boca Chica Boulevard, Suite 460
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

**Counsel for Noe Sauceda**

By: _____
    CHARLES V. WILLETTE, JR.
    Federal Bar No.1937
    State Bar No. 21509700

**ADAMS & GRAHAM, L.L.P.**
222 East Van Buren, West Tower
P. O. Box 1429
Harlingen, Texas 78551
Telephone: (956) 428-7495
Facsimile: (956) 428-2954

**Counsel for RANDY DUNN, MARILYN DEL BOSQUE-GILBERT and HUGH EMERSON, JR., in their official capacities as Board Members of Brownsville Independent School District**

By: _____
    CRAIG H. VITTITOE
    Federal Bar No. 18756
    State Bar No. 20593900

## VERIFICATION

THE STATE OF TEXAS        §
                         §
COUNTY OF CAMERON        §

I, ELIZABETH G. NEALLY, being first duly sworn, deposes and says that: I am counsel for BROWNSVILLE INDEPENDENT SCHOOL DISTRICT. Petitioner herein;  I am familiar with the contents of the above; and to the best of my knowledge the contents thereof are true and correct.

_____
ELIZABETH G. NEALLY

**SUBSCRIBED AND SWORN TO BEFORE ME** by the said ELIZABETH G. NEALLY, this 13th day of JUNE, 2002, to certify which witness my hand and seal of office.



_____
Notary Public, State of Texas

CINDY J. BEARDEN
Notary Public, State of Texas
My Commission Expires 11-21-05

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Removal has been mailed, Certified Mail, Return Receipt Requested, to the Counsel of Record, as follows:

J. Arnold Aguilar
**Law Office of J. Arnold Aguilar**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

Charles V. Willette, Jr.
**Willette & Guerra**
3505 Boca Chica Boulevard, Suite 460
Brownsville, Texas 78521

Craig H. Vittitoe
**ADAMS & GRAHAM, L.L.P.**
222 East Van Buren, West Tower
P. O. Box 1429
Harlingen, Texas 78551

on this 17th day of June, 2002.

_____
ELIZABETH G. NEALLY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 7 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DINO CHAVEZ | § | |
| | § | |
| vs. | § | |
| | § | |
| BROWNSVILLE INDEPENDENT | § | **B-02-128** |
| SCHOOL DISTRICT, NOE SAUCEDA, | § | CIVIL ACTION NO. _____ |
| and RANDY DUNN, MARILYN DEL | § | |
| BOSQUE-GILBERT and HUGH | § | |
| EMERSON, JR., in their official | § | |
| capacities as Board Members of | § | |
| Brownsville Independent School District | § | |
| | § | |

## INDEX OF MATTERS FILED

I.   **STATE COURT DOCUMENTS**

    A.   Civil Docket Sheet

    B.   Plaintiff's Original Petition
         with citations issued

    C.   Defendant Brownsville Independent School District's Original Answer

    D.   Notice of Filing of Notice of Removal;

    E.   State Cover Letter

II.  **FEDERAL COURT DOCUMENTS**

    A.   Civil Cover Sheet

    B.   Notice of Removal

    C.   Certificate of Notice of Filing

    D.   List of Counsel of Record

    E.   Index of Matters Filed

    F.   Order for Conference and Disclosure of Interested Parties

```
RUN DATE 06/12/02                                                              PAGE: 01
RUN TIME 3:41 PM                                           2002-05-002204-G

                      * * *  C L E R K ' S   E N T R I E S  * * *        05    31    02

                      00361701                                                30.00
                      HON. J. ARNOLD AGUILAR
DINO X. CHAVEZ        1200 CENTRAL BLVD. - STE. H-2
                      BROWNSVILLE, TEXAS   78520 0000              LAW OFFICE OF
      VS                                                      J. ARNOLD AGUILAR

BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, NOE SAUCE      (10)

                                                     DAMAGES

          05/31/02  ORIGINAL PETITION FILED
          05/31/02  CITATION: NOE SAUCEDA
          05/31/02      SERVED: 05/31/02          FILED: 06/03/02
          05/31/02  CITATION: BROWNSVILLE INDEPENDENT
                    SCHOOL DISTRICT
          05/31/02      SERVED:
          05/31/02  CITATION: RANDY DUNN
          05/31/02      SERVED: 05/06/02          FILED: 06/07/02
          05/31/02  CITATION: MARILYN DEL BOSQUE-GILBERT
          05/31/02      SERVED:
          05/31/02  CITATION: HUGH EMERSON, JR.
          05/31/02      SERVED:
          05/31/02  JURY FEE: Pd. by HON. J. ARNOLD AGUILAR
```

COPY

Citation for Personal Service  - GENERAL                Lit. Seq. # 5.006.01

No. 2002-05-002204-G

## T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: HUGH EMERSON, JR.
    3201 CENTRAL BOULEVARD
    BROWNSVILLE, TEXAS 78520

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on MAY 31, 2002 ____.  A copy of same accompanies this citation.

The file number of said suit being No. 2002-05-002204-G.

The style of the case is:

DINO X. CHAVEZ
VS.
BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, NOE SAUCE

Said petition was filed in said court by _____ HON. J. ARNOLD AGUILAR _____ (Attorney for _____ PLAINTIFF _____), whose address is 1200 CENTRAL BLVD BROWNSVILLE, TEXAS    78520 _____.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 31st day of _____ MAY _____, A.D. 2002.

AURORA DE LA GARZA _____, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: _Yolanda Zambrana_, Deputy

RECEIVED
JUN 0 6 2002

Citation for Personal Service  - GENERAL          Lit. Seq. # 5.003.01

No. 2002-05-002204-G

THE  STATE  OF  TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: NOE SAUCEDA
    NOE SAUCEDA
    1900 W. PRICE ROAD
    BROWNSVILLE, TEXAS 78520

the         DEFENDANT         , GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said         PETITION         was filed on MAY 31, 2002  .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-05-002204-G.

The style of the case is:

DINO X. CHAVEZ
VS.
BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, NOE SAUCE

Said petition was filed in said court by         HON. J. ARNOLD AGUILAR
(Attorney for         PLAINTIFF         ), whose address is
1200 CENTRAL BLVD BROWNSVILLE, TEXAS    78520

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 31st day of    MAY   , A.D. 2002.



AURORA DE LA GARZA    , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: Yolanda Zimman   , Deputy

CAUSE NO. 2002-05-2204-G

| | | |
|---|---|---|
| DINO X. CHAVEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, NOE SAUCEDA, | §· | |
| and RANDY DUNN, MARILYN DEL | § | |
| BOSQUE-GILBERT and HUGH EMERSON, | § | |
| JR., in their official capacities as Board | § | |
| Members of Brownsville Independent | § | |
| School District | § | |

FILED 3:15 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK

MAY 3 1 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

404th JUDICIAL DISTRICT

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **DINO X. CHAVEZ**, Plaintiff herein, complaining of Brownsville Independent School District, Noe Sauceda, Randy Dunn, Marilyn Del Bosque and Hugh Emerson, Jr., and for such cause would respectfully show unto the Court and jury the following:

### I.

### DISCOVERY LEVEL

This cause of action should be governed in accordance with Discovery Level 2, pursuant to Texas Rule of Civil Procedure 190.3.

### II.

### JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter in controversy in this action, and the claims are within the jurisdictional limits of this Court. Venue is also proper in this Court

pursuant to Texas Civil Practice and Remedies Code §15.002 because all or a substantial part of the events or omissions giving rise to the claims herein occurred in Cameron County, and the Defendants' residence at the time the causes of action accrued was in Cameron County, Texas.

## III.

## PARTIES

Plaintiff DINO X. CHAVEZ is a resident of Brownsville, Cameron County, Texas.

Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT (BISD) is an independent school district organized under the laws of the State of Texas. Service may be had upon this Defendant by serving its Superintendent at his office address, 1900 W. Price Road, Brownsville, Texas 78520.

Defendant NOE SAUCEDA is an individual resident of Brownsville, Cameron County, Texas, at all relevant times herein. Service may be had upon this Defendant by serving him at his office address, 1900 W. Price Road, Brownsville, Texas 78520.

Defendant RANDY DUNN is an individual resident of Brownsville, Cameron County, Texas, at all relevant times herein. Service may be had upon this Defendant by serving him at 1900 W. Price Road, Brownsville, Texas 78520.

Defendant MARILYN DEL BOSQUE-GILBERT is an individual resident of Brownsville, Cameron County, Texas, at all relevant times herein. Service may be had upon this Defendant by serving her at 544 Calle Retama, Brownsville, Texas 78521.

Defendant HUGH EMERSON, JR., is an individual resident of Brownsville, Cameron County, Texas, at all relevant times herein. Service may be had upon this Defendant by serving him at 3201 Central Boulevard, Brownsville, Texas 78520.

## IV.

## FACTUAL BACKGROUND AND ALLEGATIONS

Plaintiff Dino Chavez was originally appointed to represent American Family Life Assurance Company of Columbus (AFLAC) on September 6, 1994. After working for a number of years with AFLAC, Mr. Chavez submitted an AFLAC proposal to BISD for an optional §125 Cafeteria Plan on April 30, 1998. That Plan was later approved by Defendant BISD on November 3, 1998, at which time Mr. Chavez was awarded the §125 Cafeteria Plan Services Contract and an opportunity to offer some other AFLAC voluntary products as a condition for providing free cafeteria plan services, including acting as Third Party Services Provider for BISD. During November and December 1998, Mr. Chavez planned, coordinated and conducted Defendant BISD's entire cafeteria plan enrollment for over 6,000 employees as a service to BISD, thus saving BISD considerable expense. During the following year, from January through December 1999, Mr. Chavez provided BISD with additional administrative assistance and technical advice on a daily basis to insure compliance with §125 guidelines, in addition to handling all inquiries and necessary paperwork relating to claims, policy questions and other matters relating to those policies. Thereafter, BISD advertised for proposals on the same products for the 1999-2000 and 2000-2001 years. During both years, no changes were made and the District chose to continue utilizing Mr. Chavez's services and AFLAC's products. As part of his duties, Chavez continued providing these services through the years 2000 and 2001. As a result of Mr. Chavez's efforts, the provision of insurance services was streamlined for all BISD employees.

Thereafter, on August 14, 2001, Chavez received information from Defendant Randy Dunn indicating an attempt by him and BISD to hire an "agent of record" to provide all services and policies to BISD and its employees, including all supplemental policies, although this would not necessarily be in the best interests of BISD employees. Defendant Dunn also indicated an interest that any insurance products should go through an agent named Arnulfo Olivarez, although Mr. Olivarez had previously only provided the District's voluntary cancer plan, since January 1999. During this meeting, Defendant Dunn also inquired as to Mr. Chavez's being able to work with Mr. Olivarez and his company, National Plan Administrators. During the prior 3-years, Mr. Chavez had not worked with Mr. Olivarez, and there would be no need for Mr. Chavez to seek any assistance from Mr. Olivarez. Any working relationship with Mr. Olivarez, however, would likely involve the payment to Mr. Olivarez of some additional funds or commissions that would otherwise be due to Mr. Chavez.

Notwithstanding Mr. Dunn's suggestions, on September 6, 2001, Mr. Chavez submitted his AFLAC proposal for consideration to continue the existing 3-year relationship, with essentially no changes in fees or services, and without reliance on the services of Mr. Olivarez. On September 10th, Mr. Chavez submitted a letter to each Board Member outlining the advantages of his proposal, the most significant of which included that he would be charging no fees, he had a local servicing office, and he had 3-years of proven customer satisfaction with BISD employees. He thereafter presented his proposal to the BISD insurance committee on October 30, 2001. Other members of that committee included Defendants Noe Sauceda, Marilyn Del Bosque-Gilbert, Randy Dunn, and Hugh Emerson, Jr.

Thereafter, Defendant Chavez received word that his proposal had been misquoted by Defendant Sauceda and his staff, in an effort to award the contract to someone other than Mr. Chavez. Although Mr. Chavez had complied with all District regulations relating to his proposal for insurance products and services, Defendants Sauceda and BISD were attempting to circumvent those procedures in an attempt to prevent Mr. Chavez from being awarded the contract, in spite of his having submitted the proposal most favorable to BISD. Defendant Sauceda's apparent purpose for submitting such false information was to promote the plan being offered by Arnulfo Olivarez for National Plan Administrators. Once he was able to convince Defendant board members to cooperate with his plan in their official capacities, Defendant Sauceda began to implement his plan to award the contract to Mr. Olivarez and his company, National Plan Administrators.

During the course of deliberation over the various proposals, Mr. Chavez received word that BISD was still considering retaining Mr. Olivarez as "agent of record" to provide all ancillary available insurance policies and products for BISD employees. Therefore, during the public input section of the BISD board meeting on November 6, 2001, Mr. Chavez notified the Board, including Defendants Emerson, Del Bosque-Gilbert and Dunn, of information located on the Texas Attorney General's web-site and an opinion that granting "agent of record" status was illegal. Thereafter, Mr. Chavez continued to submit letters and charts to BISD's Insurance Committee Campus Representatives reflecting these matters. In spite of Mr. Chavez's statements and representations, and the information from the Texas Attorney General, the agenda for the November 13, 2001 BISD board meeting had removed any reference to any proposed cafeteria plan such as that proposed by Mr. Chavez. At that meeting, Mr. Chavez again spoke

of the "agent of record" issue and presented information on that issue, discussing the legality of an "agent of record," the cost difference between AFLAC and the plan being promoted by Defendants Sauceda and BISD and National Plan Administrators (NPA), the difference in claim service, the difference in flexibility and the difference in local servicing offices. As pointed out at that meeting by Board Member Linda Salazar, the Board's actions were giving the appearance that bribery and corruption was running rampant among administration and board members  This appearance was enhanced on November 16, 2001, when the BISD board meeting agenda was posted, recommending approval of NPA as the BISD "agent of record" for all policies.

Not willing to accept BISD's apparent illegal appointment of an "agent of record," Mr. Chavez sent a letter to all BISD Insurance Committee Campus Representatives to notify them that a decision on the Cafeteria Plan was on the agenda for the BISD meeting of November 20, 2001.  At the November 20th meeting, Mr. Chavez again provided copies of the Attorney General's opinion concerning the illegality of an "agent of record," and he again presented his concerns to the Board.  In spite of the points raised by Mr. Chavez, Defendants Sauceda, Del Bosque-Gilbert and Emerson argued for the selection of NPA as an "agent of record."  During that discussion, however, Board Member Linda Salazar raised concerns as to why the employees' insurance committee had not been given the opportunity to voice their opinions on the matter.   Although Defendants Dunn, Del Bosque-Gilbert and Emerson voted for the appointment of NPA, that measure failed.

Thereafter, Mr. Chavez's proposal for insurance services was placed on the agenda for the BISD Insurance Committee meeting set for November 29, 2001, along with NPA and another organization to make presentations.  On the morning of November 29, however, Mr.

Chavez was notified by his supervisor, Frank Lafemina, that he had been informed by Defendant Sauceda that AFLAC was being removed from consideration and that BISD was terminating their current contract with AFLAC for cafeteria plan services. Defendant Sauceda apparently explained that the reason for taking these actions was because of the letters Mr. Chavez had written to insurance committee members describing his products and the illegality of an "agent of record." When Mr. Lafemina suggested using another representative, Defendant Sauceda agreed that if another representative were to replace Mr. Chavez, he would agree to allow AFLAC to continue its services for BISD.

Later that morning, Defendants Sauceda and BISD delivered a letter to Mr. Chavez, providing him with a 30-day notice of BISD's intent not to renew his services as their Third Party Services Provider and that his proposal for renewal of the contract had been rejected as allowed under BISD's policies. This letter also accused Mr. Chavez of "continuous inappropriate correspondence," "conduct...unprofessional, unethical, and against expected customer-service provider relations," memos that were "in [his] opinion, both slanderous and libelous," accusing Mr. Chavez of putting himself and AFLAC "in a legally liable situation," and asserting that "it is obvious that [he is] not working in the best interest of BISD...." Defendant Sauceda and BISD further directed Mr. Chavez to cease and desist all contact with school personnel during school business hours," and he was notified that "[c]ampus administration [would] be directed to contact security services if [he] or any of [his] associates [were] found to be on school-district property." The clear tone of Defendant Sauceda's and BISD's letter was to prevent Mr. Chavez from being able to continue his services as Third Party Services Provider or to acquire any future work with BISD or to sell any policies to BISD

employees.  Defendants Sauceda and BISD further attempted to prevent Mr. Chavez from conducting any business with BISD employees regarding the cafeteria plan by submitting the copy of this letter to Mr. Chavez' supervisor at AFLAC, advising that "this administration will consider AFLAC as a future product provider," only if a "corporate officer...personally apologize[d] to each board member, the board as a whole, myself, and my administrators publicly," and "written assurance.[was provided] that appropriate, ethical conduct will be exercised in the future by any and all AFLAC representatives," and lastly "[p]rovided that the products are of the best quality, service and price."  At no time did Defendant Sauceda identify any authority that would indicate the Texas Attorney General's Opinion was incorrect or did not apply to his attempts to hire Mr. Olivarez as an "agent of record."

As a result, Mr. Chavez was not allowed to attend the employees' insurance committee meeting on November 29th, although Mr. Olivarez on behalf of NPA and a third representative on behalf of a third company were allowed to make presentations to the board and the employees' insurance committee.  Another AFLAC representative was instead allowed to present the AFLAC proposal previously submitted by Mr. Chavez.  During that presentation, BISD Board Member Herman Otis Powers expressed surprise by Defendant Sauceda's request for an apology, explaining that there was no need for such and that Sauceda had no right to write any such letter and include the Board Members' names, explaining that Defendant Sauceda had abused his power by writing this letter.  At the conclusion of the presentations and questions, the employees' insurance committee voted, and their votes were put into a box.  Although Defendant Dunn attempted to delay counting of the ballots, the committee insisted on an immediate count.  As a result, the proposal submitted by Mr. Chavez on behalf of AFLAC won

by a margin of 44-1. A significant part of the reason for the success of the AFLAC proposal was Mr. Chavez's history of providing service to BISD employees. As a result, Defendant Sauceda notified the audience that AFLAC could begin enrollment the following day. Because he had previously notified Mr. Chavez that he was not allowed on BISD campuses, however, Mr. Chavez could not participate in those enrollments.

As a result of Defendants' actions, Plaintiff Dino Chavez was removed from the handling of the proposal he had submitted to BISD for AFLAC products, and he was thereafter terminated from his regional sales coordinator position with AFLAC. Although Mr. Chavez has spent years establishing his relationship with AFLAC and with BISD employees, including the provision of numerous services for both, Mr. Chavez was summarily terminated by AFLAC because Defendants refused to work with Mr. Chavez. Although Mr. Chavez acted within his rights at all times, Defendants acted to oust him from his position in order to further their personal and political agendas, and thereby deprived Mr. Chavez of his rights. Defendant Sauceda never identified any specific actions taken by Mr. Chavez that were inappropriate, and BISD Board Members Pat Lehmann, Herman Otis Powers, Jr., Linda Salazar and Joe Colunga can all testify to the appropriateness of Mr. Chavez's actions in the present application process, as well as in his prior years in servicing BISD employees. By this time, however, the damage to Mr. Chavez's career had already been done.

## V.

## CAUSES OF ACTION

**A.**   **Noe Sauceda**

The facts alleged in Section IV above are incorporated as though fully set out herein. As set out in Section IV, the actions of Defendant Sauceda constitute tortious interference with the business relationship between Plaintiff Dino Chavez and his employer American Family Life Assurance Company of Columbus (AFLAC), and an intentional infliction of emotional distress on Plaintiff Chavez.  The actions of Defendant Sauceda were such as to deliberately interfere with Plaintiff's business relationship with AFLAC and were deliberately intended to cause loss and damages to Mr. Chavez by doing so.   Such actions were taken by Defendant Sauceda without privilege or justification and caused him the damages for which he now sues.  Defendant Sauceda's written and spoken comments were also intended to, and did, disparage Plaintiff and his reputation in his business and community.   Such comments were with malice and made without regard to their truth and were in fact false, and thus constitutes libel and slander, for which Defendant is liable.  Plaintiff would further assert that the actions of Defendant Sauceda were such as to constitute malice for which Plaintiff is entitled to the recovery of exemplary damages pursuant to Texas Civil Practice and Remedies Code §41.001, *et seq*.  In particular, Defendant Sauceda had a specific intent to cause substantial injury to Mr. Chavez, and the acts he committed involved an extreme degree of risk that Mr. Chavez would lose all income from the proposal he had submitted on behalf of AFLAC, considering the probability and magnitude of potential harm.  Defendant Sauceda had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to Mr. Chavez's rights or welfare.

Defendant Sauceda's actions further caused a deprivation of Plaintiff Chavez's constitutional rights to free speech and to due process of law, of which he was deprived without justification or excuse, and for which he now sues pursuant to 42 U.S.C. §1983. Defendant's actions against Plaintiff were in retaliation for his legitimate exercise of his free speech rights, guaranteed by the First Amendment to the U.S. Constitution. Defendant's actions were in retaliation for Mr. Chavez's legitimate speech relating to the illegality of the use of an "agent of record" and other matters relating to the contract for insurance services. Defendant's actions further violated Plaintiff's rights to due process, protected by the Fourteenth Amendment to the U.S. Constitution, by depriving him of the opportunity to participate in an open bidding process, as authorized by state law, and as further set out above. Defendant's actions were deliberately intended to cause harm to Mr. Chavez, and the resulting harm to him was severe. As a result of Sauceda's and BISD's actions, Mr. Chavez suffered extreme shame, humiliation, embarrassment, loss of reputation, injury to his reputation, worry, anxiety, sleeplessness and damage to his personal health, for which he now sues.

**B.   Brownsville Independent School District and Randy Dunn, Marilyn Del Bosque-Gilbert and Hugh Emerson, Jr., in their official capacities**

The facts alleged in Section IV above, are incorporated as though fully set out herein. As set out in Section IV, the actions of Defendants. caused a deprivation of Plaintiff Chavez's constitutional rights to free speech and to due process of law, of which he was deprived without justification or excuse, and for which he now sues pursuant to 42 U.S.C. §1983. Defendants' actions against Plaintiff were in retaliation for his legitimate exercise of his free speech rights, guaranteed by the First Amendment to the U.S. Constitution. Defendants' actions were in

retaliation for Mr. Chavez's legitimate speech relating to the illegality of the use of an "agent of record" and other matters relating to the contract for insurance services. Defendants' actions further violated Plaintiff's rights to due process, protected by the Fourteenth Amendment to the U.S. Constitution, by depriving him of the opportunity to participate in an open bidding process, as authorized by state law, and as further set out above.

Defendant BISD's actions in depriving Mr. Chavez of his rights to free speech and to the due process of the law were conducted and implemented as part of the customs, policies and/or practices of Defendant BISD, or were made by those with policy-making authority in that area of BISD's business, for which Defendant BISD is now liable. Defendant's actions were deliberately intended to cause harm to Mr. Chavez, and the resulting harm to him was severe. As a result of Sauceda's and BISD's actions, Mr. Chavez suffered extreme shame, humiliation, embarrassment, loss of reputation, injury to his reputation, worry, anxiety, sleeplessness and damage to his personal health, for which he now sues.

## VI.

## DAMAGES

As a direct and proximate result of the facts made the basis of this lawsuit, Plaintiff sustained personal injuries and damages, and those injuries and damages were proximately caused by the acts and/or omissions of Defendants, for which Plaintiff now seeks recovery. Such damages include a loss of wages and wage earning capacity, loss of income and income opportunities, loss of past and prospective earnings, and mental pain, suffering and anguish in the past and in the future. In sum, Plaintiff seeks all actual and compensatory damages to which he may be entitled under the law. Plaintiff also seeks recovery of his reasonable and necessary

attorney's fees and expenses, pursuant to 42 U.S.C. §1988. Plaintiff further seeks the recovery of punitive or exemplary damages from Defendant Sauceda, in an amount to be determined entirely by the discretion of the jury.

## VII.

## CONDITIONS PRECEDENT

All conditions precedent to the filing of this suit and the recovery of the damages prayed for herein have occurred and have been performed.

## VIII.

## JURY TRIAL REQUEST

Plaintiff **DINO X. CHAVEZ** requests that a jury of his peers be convened to determine the facts made the basis of this lawsuit.


WHEREFORE, PREMISES CONSIDERED, Plaintiff **DINO X. CHAVEZ** respectfully prays that the Defendants be cited to appear and answer herein, and that upon final hearing of this action, that judgment be entered for Plaintiff against Defendants for all actual and compensatory damages suffered by Plaintiff, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest at the maximum rate allowed by law, reasonable attorneys' fees and expenses incurred by Plaintiff, and costs of court, as well as punitive or exemplary damages against Defendant Sauceda, as well as all other further relief to which Plaintiff may show himself to be justly entitled, whether special or general, at law and in equity.

v:\fp\pop\258-02.POP                                                                PAGE 13

Signed on this the 31st day of May, 2002.

Respectfully submitted,

**LAW OFFICE**
**J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas  78520
Telephone    :  (956) 504-1100
Facsimile    :  (956) 504-1408


By:  _____
J. Arnold Aguilar
State Bar No. 00936270
Cameron County ID No. 3617

Attorney for Plaintiff,
DINO X. CHAVEZ

CAUSE NO. 2002-05-002204-G

| | | |
|---|---|---|
| DINO CHAVEZ | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, NOE SAUCEDA, | § | 404th JUDICIAL DISTRICT |
| and RANDY DUNN, MARILYN DEL | § | |
| BOSQUE-GILBERT and HUGH | § | |
| EMERSON, JR., in their official | § | |
| capacities as Board Members of | § | |
| Brownsville Independent School District | § | CAMERON COUNTY, TEXAS |
| | § | |

---

## DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S ORIGINAL ANSWER

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, Defendant in the above-styled and numbered cause, and files this its Original Answer to Plaintiff's Original Petition and would show the Court the following:

### I.

Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT ("BROWNSVILLE I.S.D.") denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition, and demand strict proof thereof as required by law.

### II.

BROWNSVILLE I.S.D. would further state that the Plaintiff's claims are barred because the Plaintiff has not complied with the mandatory notice requirements contained within the Texas Tort Claims Act. No actual or constructive notice of Plaintiff's claims was given to Defendant.

## III.

Defendant, **BROWNSVILLE INDEPENDENT SCHOOL DISTRICT**, would further show that pursuant to the Texas Torts Claims Act, Section 101.051 that the School District is immune from all liability for tort actions except as to motor vehicles.  The District is entitled to sovereign immunity as to the claims asserted in this lawsuit.

## IV.

**BROWNSVILLE INDEPENDENT SCHOOL DISTRICT** affirmatively pleads that pursuant to the Texas Tort Claims Act, Section 101.023, Civil Practice & Remedies Code, **BROWNSVILLE INDEPENDENT SCHOOL DISTRICT's** limit of liability for the alleged injuries,  is $100,000.00 per person injured and $300,000.00 per occurrence.

## V.

The acts alleged are discretionary acts of individuals, performed in their capacity as governmental employees or officials in the good faith belief that the acts were legal and appropriate.  As this would be a defense to the individuals, it is also a defense to the BROWNSVILLE INDEPENDENT SCHOOL DISTRICT.

## VI.

Defendant, BROWNSVILLE I.S.D. is immune from liability under the doctrine of governmental or official immunity.

## VII.

The acts alleged are intentional acts for which BROWNSVILLE INDEPENDENT SCHOOL DISTRICT would be immune under the Texas Tort Claims Act.

## VIII.

Defendant BROWNSVILLE I.S.D. would further show the Court that BROWNSVILLE INDEPENDENT SCHOOL DISTRICT is a governmental entity and has sovereign immunity from any State law and common law torts.

## IX.

Defendant BROWNSVILLE I.S.D. would show that liability for its actions, as alleged in Plaintiff's Original Complaint, is subject to the dollar limitations imposed by the Texas Tort Claims Act.

## X.

## EXEMPLARY DAMAGES

Come again Defendant and herewith affirmatively plead, that the Plaintiff's claims for punitive damages, as well as any judgment ultimately rendered herein awarding punitive damages constitutes a contravention of the Texas and United States Constitutions in that:

(1)    Any award of punitive damages is arbitrary, unreasonable, excessive and in violation of the Defendant's rights to due process of law and equal protection of the law under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Sections 13 and 19, of the Texas Constitution;

(2)    Any award of punitive damages is in violation of the due process clause of the United States and Texas Constitution which require that punitive damages against the Defendant be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, or in the alternative, should be proved by clear and convincing standard of proof. Unless such protections are afforded to the Defendant, Defendant's rights are being violated in contravention of the Sixth Amendment to the United

States Constitution;

(3)    Punitive damages under the Texas procedural law constitute an excess fine in violation of the Eighth Amendment of the Constitution of the United States.

## XI.

Defendant BROWNSVILLE I.S.D. is further immune from liability for exemplary damages pursuant to §101.024 of the Tex. Civ. Prac. & Rem. Code.

## XII.

Defendant BROWNSVILLE I.S.D. hereby makes its written request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure and deposits with the District Clerk of Cameron County, Texas, the requisite jury fee of Thirty Dollars ($30.00).

**WHEREFORE, PREMISES CONSIDERED,** Defendant BROWNSVILLE I.S.D. prays that Plaintiff's suit be dismissed at Plaintiff's cost, and for such other and further relief to which these Defendants may be entitled, either at law or in equity.

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

**Counsel For Brownsville Independent School District,**

By:_____
    Elizabeth G. NEALLY
    State of Texas Bar No. 14840400

    RICARDO MORADO
    State of Texas Bar No. 14417250

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant Brownsville Independent School District's  Original Answer to Plaintiff's Original Petition, to counsel of record,

J. Arnold Aguilar
Law Offices of J. Arnold Aguilar
Artemis Square, Suite H-2,
1200 Central Boulevard
Brownsville, Texas 78520

Charles V. Willette, Jr.
**Willette & Aguilar**
3505 Boca Chica Boulevard, Suite 460
Brownsville, Texas 78521

Craig H. Vittitoe
**ADAMS & GRAHAM, L.L.P.**
222 East Van Buren, West Tower
P. O. Box 1429
Harlingen, Texas 78551

via U.S. Postal Service, Certified, Return Receipt Requested on this /2 day of June, 2002.

_____
Elizabeth G. Neally

# ROERIG, OLIVEIRA & FISHER, L.L.P.
## ATTORNEYS AT LAW

Jeffrey D. Roerig⁺⁺
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaiz*⁺
David G. Oliveira

Cameron County Office
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786
Tel. 956 542-5666    Fax 956 542-0016

*Hidalgo County Office
506 East Dove
McAllen, Texas 78504
Tel. 956 631-8049    Fax 956 631-8141

Adolph Guerra, Jr.⁺
D. Alan Erwin, Jr.
Michael A. Zanca*
D. Wilkes Alexander, A.I.A.
Rosemary Conrad-Sandoval*
Lucila Alvarado*
Jesus Quezada, Jr.
Adrian R. Martinez*

Liza M. Vasquez*

⁺Board Certified -
    Personal Injury Trial Law
    Texas Board of Legal Specialization

*Board Certified -
    Civil Trial Law
    Texas Board of Legal Specialization

June 13, 2002

File No. 21,948-042

Mrs. Aurora de la Garza
District Clerk
Cameron County Courthouse
974 E. Harrison
Brownsville, Texas 78520

Hand Delivered

Re:    Cause No. 2002-05-2204-G
       _Dino Chavez vs. Brownsville Independent School District, et al._
       404th Judicial District Court of Hidalgo County, Texas

Dear Mrs. de la Garza:

In reference to the above-styled civil action, enclosed find the original and one copy of Defendant's Notice of Removal. Please file the original with the Court, file stamp the extra copy and return to my office.

By copy of this letter, a set of the above document has been forwarded to the attorney for counsel in this matter.

Should you have any questions regarding the above, please contact the undersigned. Thank you for your considerations.

Sincerely,

ROERIG, OLIVEIRA & FISHER, L.L.P.

Elizabeth G. Neally

EGN:cjb
Enclosures
cc:    J. Arnold Aguilar (CM/RRR)
       Charles V. Willette, Jr. (CM/RRR)
       Craig Vittitoe

CAUSE NO. 2002-05-2204-G

| | | |
|---|---|---|
| DINO CHAVEZ | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, NOE SAUCEDA, | § | 404TH JUDICIAL DISTRICT |
| and RANDY DUNN, MARILYN DEL | § | |
| BOSQUE-GILBERT and HUGH | § | |
| EMERSON, JR., in their official | § | |
| capacities as Board Members of | § | |
| Brownsville Independent School District | § | CAMERON COUNTY, TEXAS |
| | § | |

## NOTICE OF FILING NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

**PLEASE TAKE NOTICE** that BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, Defendant herein, on the 13th day of June, 2002, filed in the United States District Court for the Southern District of Texas, Brownsville Division, a Notice of Removal of the above-styled and numbered cause pursuant to 28 U.S.C. Sections 1441 and 1331. A copy of said Notice of Removal is attached hereto.

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

**Counsel for Brownsville Independent School District**

By: _____
     ELIZABETH G. NEALLY
     Federal ID No. 8044
     State Bar No. 14840400
     RICARDO MORADO
     Federal Bar No. 1213
     State Bar No. 14417250

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Filing of Notice of Removal has been mailed, Certified Mail, Return Receipt Requested, to counsel of record as follows:

J. Arnold Aguilar
**Law Office of J. Arnold Aguilar**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

Charles V. Willette, Jr.
**Willette & Aguilar**
3505 Boca Chica Boulevard, Suite 460
Brownsville, Texas 78521

Mr. Craig Vittitoe
**Adams & Graham, L.L.P.**
222 East Van Buren, West Tower
P. O. Box 1429
Harlingen, Texas 78551

on this __12__ day of June, 2002.

ELIZABETH G. NEALLY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

DINO CHAVEZ §
§
vs. §
§
BROWNSVILLE INDEPENDENT §            **B-02-128**
SCHOOL DISTRICT, NOE SAUCEDA, §      CIVIL ACTION NO. _____
and RANDY DUNN, MARILYN DEL §
BOSQUE-GILBERT and HUGH §
EMERSON, JR., in their official §
capacities as Board Members of §
Brownsville Independent School District §
§

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

 **COME NOW BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, NOE
SAUCEDA, and RANDY DUNN, MARILYN DEL BOSQUE-GILBERT and HUGH
EMERSON, JR.,** in their official capacities as Board Members of Brownsville Independent School
District, Petitioners herein, and pursuant to 28 U.S.C. Sections 1331 and 1441, files this their
Notice of Removal and in connection therewith would respectfully show the Court the following:

I.

1.     Petitioners are the named Defendants in a civil action now pending in the 404th
Judicial District Court in Cameron County, Texas, Cause Number 2002-05-002204-G, styled *Dino
Chavez vs. Brownsville Independent School District, Noe Sauceda, and RANDY DUNN, Marilyn
Del Bosque-Gilbert and Hugh Emerson, Jr., in their official capacities as Board Members of*

***Brownsville Independent School District.,*** wherein Plaintiff seeks monetary and other relief for breach of contract and constitutional injuries sustained by Plaintiff.

2.      Plaintiff, Dino Chavez, in his Original Petition filed on or about May 31, 2002, has raised a federal question. Specifically, Plaintiff alleges that this cause of action involves violations of Plaintiff's federal constitutional rights and statutory rights, including a violation of his due process rights under the Constitution.

3.      This notice of removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiff's Original Petition. This removal is filed under 28 U.S.C. Section 1446(b).

4.      Petitioners' time to answer or remove with respect to the Plaintiff's Original Petition has not expired. Plaintiff's Original Petition was served on the Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT on May 31, 2002.

5.      The matter in controversy exceeds the jurisdictional limits of this court.

6.      This action is one over which this Court has original jurisdiction under the provisions of 42 U.S.C. Section 1983 and this action may be removed to this Court by Petitioner, pursuant to the provisions of 28 U.S.C. Section 1441. Copies of all pleadings including the docket sheet on file with the State Court are attached hereto.

**WHEREFORE,** Petitioners, BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, NOE SAUCEDA, and RANDY DUNN, MARILYN DEL BOSQUE-GILBERT and HUGH EMERSON, JR., in their official capacities as Board Members of Brownsville Independent School District, respectfully request this action be removed to this Court.

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

**Counsel for Brownsville Independent School District**

By: _____
    ELIZABETH G. NEALLY
    Federal ID No.8044
    State Bar No.14840400
    RICARDO MORADO
    Federal ID No.1213
    State Bar No. 14417250

**WILLETTE & GUERRA, L.L.P.**
3505 Boca Chica Boulevard, Suite 460
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

**Counsel for Noe Sauceda**

By: _____
    CHARLES V. WILLETTE, JR.
    Federal Bar No.1937
    State Bar No. 21509700

**ADAMS & GRAHAM, L.L.P.**
222 East Van Buren, West Tower
P. O. Box 1429
Harlingen, Texas 78551
Telephone: (956) 428-7495
Facsimile: (956) 428-2954

**Counsel for RANDY DUNN, MARILYN DEL BOSQUE-GILBERT and HUGH EMERSON, JR., in their official capacities as Board Members of Brownsville Independent School District**

By: _____
    CRAIG H. VITTITOE
    Federal Bar No. 18756
    State Bar No. 20593900

## VERIFICATION

THE STATE OF TEXAS        §
                          §
COUNTY OF CAMERON         §

 I, ELIZABETH G. NEALLY, being first duly sworn, deposes and says that: I am counsel for BROWNSVILLE INDEPENDENT SCHOOL DISTRICT. Petitioner herein; I am familiar with the contents of the above; and to the best of my knowledge the contents thereof are true and correct.



_____
ELIZABETH G. NEALLY

 **SUBSCRIBED AND SWORN TO BEFORE ME** by the said ELIZABETH G. NEALLY, this 13th day of JUNE, 2002, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

CINDY J. BEARDEN
Notary Public, State of Texas
My Commission Expires 01-21-05

## CERTIFICATE OF SERVICE

 I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Removal has been mailed, Certified Mail, Return Receipt Requested, to the Counsel of Record, as follows:

J. Arnold Aguilar
**Law Office of J. Arnold Aguilar**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

Charles V. Willette, Jr.
**Willette & Guerra**
3505 Boca Chica Boulevard, Suite 460
Brownsville, Texas 78521

Craig H. Vittitoe
**ADAMS & GRAHAM, L.L.P.**
222 East Van Buren, West Tower
P. O. Box 1429
Harlingen, Texas 78551

on this 17th day of June, 2002.

_____
ELIZABETH G. NEALLY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
RECEIVED

JUN 1 7 2002

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| DINO CHAVEZ | § | |
| | § | |
| vs. | § | |
| | § | |
| BROWNSVILLE INDEPENDENT | § | **B-02-128** |
| SCHOOL DISTRICT, NOE SAUCEDA, | § | CIVIL ACTION NO. _____ |
| and RANDY DUNN, MARILYN DEL | § | |
| BOSQUE-GILBERT and HUGH | § | |
| EMERSON, JR., in their official | § | |
| capacities as Board Members of | § | |
| Brownsville Independent School District | § | |
| | § | |

## LIST OF COUNSEL OF RECORD

**ATTORNEY FOR PLAINTIFF:**
Dino Chavez

J. Arnold Aguilar
State Bar No. 17500936270
Federal I.D. No.

LAW OFFICES OF J. ARNOLD AGUILAR
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
Telephone: (956) 504-1100
Facsimile: (956) 504-1408

**ATTORNEY FOR DEFENDANT:**
BROWNSVILLE I.S.D.

ELIZABETH G. NEALLY
State Bar No. 14840400
Federal I.D. No. 8044

RICARDO MORADO
Federal ID No.1213
State Bar No. 14417250

**ROERIG, OLIVEIRA & FISHER, LLP**
855 West Price Road, Suite 9
Brownsville, Texas 78550
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

ATTORNEY FOR DEFENDANT
NOE SAUCEDA

CHARLES V. WILLETTE, JR.
Federal Bar No.1937
State Bar No. 21509700

**WILLETTE & GUERRA, L.L.P.**
3505 Boca Chica Boulevard, Suite 460
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

ATTORNEY FOR DEFENDANT:
RANDY DUNN,
MARILYN DEL BOSQUE-GILBERT
and HUGH EMERSON
(Official Capacities as Board Members
Of Brownsville I.S.D.)

CRAIG H. VITTITOE
Federal Bar No. 1875
State Bar No. 20593900

**ADAMS & GRAHAM, L.L.P.**
222 East Van Buren, West Tower
P. O. Box 1429
Harlingen, Texas 78551
Telephone: (956) 428-7495
Facsimile: (956) 428-2954