/5

United States District Court
Southern District of Texas
FILED

AUG 0 8 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DINO CHAVEZ | § | |
| | § | |
| vs. | § | |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, NOE SAUCEDA, | § | CIVIL ACTION NO. B-02-128 |
| and RANDY DUNN, MARILYN DEL | § | |
| BOSQUE-GILBERT and HUGH | § | |
| EMERSON, JR., in their official | § | |
| capacities as Board Members of | § | |
| Brownsville Independent School District | § | |
| | § | |

**DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION
UNDER 12(b)(6) FOR FAILURE TO STATE A CLAIM OF ACTION
UPON WHICH RELIEF CAN BE GRANTED**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, one of the Defendants in the above-styled and numbered cause and files and serves this its Motion to Dismiss Plaintiff's First Amended Original Petition Under 12(b)(6) for Failure to State a Claim of Action upon Which Relief Can Be Granted on behalf of the Brownsville Independent School District. This Motion is filed prior to the filing of our Answer as allowed by F.R.C.P. 12(b).

I.

**STATEMENT OF THE CASE**

1.　　Plaintiff Dino Chavez ("Chavez") has sued the Brownsville Independent School District ("BISD") under 42 U.S.C. §1983 for deprivation of his due process rights under the 14th

Amendment of the United States Constitution and for deprivation of his First Amendment rights under the United States Constitution. Movant, Brownsville Independent School District requests that Plaintiff be ordered to reply to their defenses under Rule 7(a) and for dismissal of these claims under Rule 12(b)(6).

## II.

## STATEMENT OF ISSUES

**A.     Due Process**

2.      Plaintiff Dino X. Chavez has failed to state a cause of action for due process. It is undisputed that Chavez was not an employee with the School District at any time relevant to the facts relied on by Plaintiff and has failed to assert any liberty or property interest for which he was deprived.

3.      Plaintiff's sole claim for loss of due process is that he alleges that he was deprived of the opportunity to participate in the open bidding process. See Plaintiff's Original Petition, Section V, p.11.

> *Defendants' actions further violated Plaintiff's rights to due process, protected by the Fourteenth Amendment to the U.S. Constitution , by depriving him of the opportunity to participate in an open bidding process, as authorized by state law and as further set out above.*
> ***Plaintiff's Original Petition, p.12-13***

4.      Plaintiff's sole reliance on this as a loss of liberty or property interest is not recognized in Texas statute or case law. In *Systems Contractors Corp. V. Orleans Parish School Board*, 148 F.3d 571 (5th Cir. 1998), a contractor brought a §1983 action against the school

district claiming his substantive and procedural due process rights were violated by the school board's decision to disqualify his company from bidding on future projects. The Court of Appeals held that procedural issues involve three elements:

> "(1) the private interest that will be affected by the official's actions, (2) the risk of an erroneous deprivation of that private interest and the probably value, if any, that additional procedural protections would provide, and (3) the interest that the government seeks to achieve."
> **Id.** at 575, citing **Matthews v. Eldridge**, *42 U.S. 319, 335; 96 S.Ct. 393 (1976)*.

5.    It is undisputed that Chavez was allowed to participate in all BISD bidding procedures, and in his pleading he admits to receiving notice of the School Board meetings concerning insurance proposals and was given the opportunity to be heard during public audience. In *Systems Contractors v. Orleans Parish School Bd.*, 148 F.3d 571, 576 (5th Cir. 1998). The Plaintiff in *Systems* alleged a violation of its right to procedural due process when the School Board disqualified its bid on a project and temporarily barred Systems from bidding on future school projects. Systems alleged deprivation of both a protected property interest and a protected liberty interest. The court held that some level of procedural due process was required; but that the requested due process was received by plaintiff. **Id.** at 574. Defendant would sow that Plaintiff's First Amended Original Petition establishes no such process is owed to Plaintiff. See Plaintiff's First Amended Original Petition:

- Paragraph 9:    Chavez submits AFLAC proposal on September 6, 2001
- Paragraph 9:    Presented proposal to BISD Insurance Committee on October 30, 2001;

DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION UNDER 12(b)(6)
FOR FAILURE TO STATE A CLAIM OF ACTION UPON WHICH RELIEF CAN BE GRANTED
23028 - Mtn Dismiss 12b6).wpd

**PAGE 3**

- Paragraph 9: Speaks at public audience at BISD meeting on November 6, 2001;

- Paragraph 10: Spoke at public audience meeting on November 20, 2001;

- Paragraph 13: AFLAC proposal presented by Chaves is approved by Insurance Committee meeting November 29, 2001;

6. It is undisputed that Chavez received notice of the request for proposals, the time, place and the agendas for the Board meetings and was allowed to speak at several public audiences, and therefore, the due process Chavez is seeking is non-existent.

**B. Freedom of Speech.**

7. Plaintiff's Original Petition fails to state a cause of action for a constitutional deprivation of his freedom of speech under the U.S. Constitution. It is undisputed that Plaintiff was not an employee of Defendants when he was terminated from AFLAC. Further, it is undisputed that Plaintiff was not an independent contractor. There was no contract between Plaintiff and Brownsville Independent School District. At no time did Plaintiff receive any monetary compensation directly from the Brownsville Independent School District for his services. In fact, Plaintiff's First Amended Original Petition states that he charge no fee for his services.

8. Even were the court to conclude that Plaintiff is required some consideration due to his business dealings with BISD employees, Defendant would show that Plaintiff's allegation of free speech arises to his speaking during the public audience session of BISD Board of Trustees Open Meetings.

**DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION UNDER 12(b)(6) FOR FAILURE TO STATE A CLAIM OF ACTION UPON WHICH RELIEF CAN BE GRANTED**
23028 - Mtn Dismiss 12b6) wpd

**PAGE 4**

9.   The free speech he claims to have lost is not the type of free speech that would be protected by the constitution. Plaintiff's claim of free speech as pled in his First Amended Original Petition concerns his private interests as a businessman and relate soley to his own concerns as an insurance agent.

10.   In Plaintiff's First Amended Original Petition, Plaintiff's statements concerning his free speech as alleged by Plaintiff are as follows:

> *On September 10th, Mr. Chavez submitted a letter to each Board Member outlining the advantages of his proposal, the most significant of which included that he would be charging no fees, he had a local serving office, and he had 3-years of proven customer satisfaction with BISD employees.*
> **Plaintiff's First Amended Original Petition, page 4, ¶7**
>
> *Therefore, during the public input section of the BISD board meeting on November 6, 2001, Mr. Chavez notified the Board of information located on the Texas Attorney General's web-site and an opinion that granting "agent of record" status was illegal.*
> **Plaintiff's First Amended Original Petition, page 5, ¶9 (Second sentence)**
>
> *Thereafter, Mr. Chavez continued to submit letters and charts to BISD's Insurance Committee Campus Representatives reflecting these matters.*
> **Plaintiff's First Amended Original Petition, page 5, ¶9 (Third sentence)**
>
> *At the meeting, Mr. Chavez again spoke of the "agent of record" issue and presented information on that issue, discussing the legality of an "agent of record," the cost difference between AFLAC and the plan being promoted by Defendants Sauceda and BISD and National Plan Administrators (NPA), the difference in claim service, the difference in flexibility and the difference in local servicing offices.*
> **Plaintiff's First Amended Original Petition, page 5, ¶9 (5th Sentence)**
>
> > *10.   Not willing to idly accept BISD's apparent illegal appointment of an "agent of record," Mr. Chavez sent a letter to all*

**DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S MOTION TO DISMISS**   **PAGE 5**
**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION UNDER 12(b)(6)**
**FOR FAILURE TO STATE A CLAIM OF ACTION UPON WHICH RELIEF CAN BE GRANTED**
23028 - Mtn Dismiss 12b6).wpd

> *BISD Insurance Committee Campus Representatives to notify them that a decision on the Cafeteria Plan was on the agenda for the BISD meting of November 20, 2001.*
> **Plaintiff's First Amended Original Petition**, page 5, ¶10

> *On the morning of November 29, however, Mr. Chavez was notified by his supervisor, Frank Lafemina, that he had been informed by Defendant Sauceda that AFLAC was bing removed from consideration and that BISD was terminating their current contract with AFLAC for cafeteria plan services.*
> **Plaintiff's First Amended Original Petition**, page 6, ¶11 (Second Sentence)

11.   The question whether the Plaintiff's speech is constitutionally protected is an issue of law.  **McAdams v. Matagorda Co. Appraisal Dist.**, 798 F.2d 842, 845 (5th Cir. 1986) citing **Connick v. Meyers**, 461 U.S. 138, 103 S.Ct 1684, 1690 n.7 (1983).

> *This determination involves 'a balance between the interests of the [employee], as a citizen, in commenting upon matters of public concern and the interests of the State, as an employee, in promoting the efficiency of the public services it performs through its employees.*
> *McAdams* at 845 citing **Connick** at 103 S.Ct. 1690

12.   The Supreme Court and the Fifth Circuit have held that a public employee's speech is not protected when the employee speaks as a citizen on a matter of general concern that is tied to a personal employment dispute.  **Connick**, 461 U.S. at 147, and 148 n.8; **Ayoub v. Tex. A & M Univ.**, 927 F.2d 834, 838 (5th Cir. 1991); **Terrell v. Univ. Of Tex. Sys. Police**, 792 F.2d 1360, 1362 (5th Cir. 1986), *cert. Denied,* 479 U.S. 1064, 93 L.Ed. 2d 997, 107 S. Ct. 948 (1987).

13.   The courts do not focus on the inherent interest or importance of the matters discussed by the employee, but decide whether the speech at issue was made primarily in the

**DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION UNDER 12(b)(6)
FOR FAILURE TO STATE A CLAIM OF ACTION UPON WHICH RELIEF CAN BE GRANTED**
23028 - Mtn Dismiss 12b6).wpd

**PAGE 6**

employee's role as citizen or primarily in his role as employee. **Stewardt v. Parish of Jefferson**, 951 F.2d 681 [*37] (5th Cir. 1992); **Ayoub**, 927 F.2d at 837; **Terrell**, 792 F.2d at 1362.

14. Thus a communication will not rise to the level of public concern if a person speaks out primarily as an employee rather than as a citizen. **Crawford v. City of Richardson**, 2001 U.S. Dist LEXIS 8825, pp. 15-16 (U.S. D.C. Dallas 2001).

15. The concept and extent of Plaintiff's free speech as outlined in his First Amended Original Petition clearly involves general matters tied to his personal endeavors that were in dispute with Defendant School District.

16. Plaintiff fails to state a claim against Brownsville Independent School District upon which relief can be granted; and therefore, Plaintiff's Original Petition should be dismissed against the Brownsville Independent School District.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Brownsville Independent School District respectfully requests this Honorable Court dismiss the Plaintiff's First Amended Original Petition and award it fees, costs and grant such other further relief as the Court deems appropriate.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, LLP**
855 West Price Road, Suite 9
Brownsville, Texas 78550
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

Counsel for Defendant,
Brownsville Independent School District

By:_____
Elizabeth G. Neally
State Bar No. 14840400
Federal Bar No. 8044

DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION UNDER 12(b)(6)
FOR FAILURE TO STATE A CLAIM OF ACTION UPON WHICH RELIEF CAN BE GRANTED
23028 - Mtn Dismiss 12b6).wpd

**PAGE 7**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing **Defendant Brownsville Independent School District's Joinder of Motion to Dismiss Under 12(b)(6) for Failure to State a Claim of Action Upon Which Relief Can Be Granted** has been served via United States Postal Service, Certified Mail, Return Receipt Requested, to the Counsel of Record, as follows:

J. Arnold Aguilar
**Law Office of J. Arnold Aguilar**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
[CM/RRR #7160 3901 9844 7053 7598]

Charles V. Willette, Jr.
**Willette & Guerra**
3505 Boca Chica Boulevard, Suite 460
Brownsville, Texas 78521
[CM/RRR #7160 3901 9844 7053 7581]

Craig H. Vittitoe
**ADAMS & GRAHAM, L.L.P.**
222 East Van Buren, West Tower
P. O. Box 1429
Harlingen, Texas 78551
[CM/RRR # 7160 3901 9844 7053 7611]

on this 8th day of August, 2002.

ELIZABETH G. NEALLY

DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION UNDER 12(b)(6)
FOR FAILURE TO STATE A CLAIM OF ACTION UPON WHICH RELIEF CAN BE GRANTED
23028 - Mtn Dismiss 12b6).wpd

**PAGE 8**