United States District Court
Southern District of Texas
FILED

AUG 1 3 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DINO X. CHAVEZ | § | |
| | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-02-128 |
| BROWNSVILLE INDEPENDENT | § | JURY REQUESTED |
| SCHOOL DISTRICT AND | § | |
| NOE SAUCEDA | § | |

### DEFENDANT NOE SAUCEDA'S ORIGINAL ANSWER
### TO PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NOE SAUCEDA, one of the defendants in the above styled and numbered cause and files this his original answer and would respectfully show unto the court the following:

### I.
### ORIGINAL ANSWER

1. Defendant admits to the facts stated in Paragraph 1 of Plaintiff's First Amended Original Complaint.

2. Defendant admits to the facts stated in Paragraph 2 of Plaintiff's First Amended Original Complaint.

3. Defendant admits to the facts stated in Paragraph 3 of Plaintiff's First Amended Original Complaint.

4. Defendant admits to the facts stated in Paragraph 4 of Plaintiff's First Amended Original Complaint.

5. Defendant denies the factual allegations as set forth in Paragraphs 5 through 14 of Plaintiff's First Amended Original Complaint. Although some isolated facts may be

admitted, many cannot be corroborated or admitted at this time.

6. Defendant denies the factual allegations set forth in Paragraph 15 of Plaintiff's First Amended Original Complaint.

7. Defendant denies the factual allegations set forth in Paragraph 16 of Plaintiff's First Amended Original Complaint.

8. Defendant denies the factual allegations set forth in Paragraph 17 of Plaintiff's First Amended Original Complaint.

9. Defendant denies the factual allegations as set forth in Paragraph 18 of Plaintiff's First Amended Original Complaint.

10. Defendant denies Plaintiff is entitled to any damages as set forth in Paragraph 19 of Plaintiff's First Amended Original Complaint.

11. Defendant cannot at this time admit or deny the factual allegations set forth in Paragraph 20 of Plaintiff's First Amended Original Complaint.

12. Defendant admits to the facts stated in Paragraph 21 of Plaintiff's First Amended Original Complaint.

## II.

## **AFFIRMATIVE DEFENSES**

13. Plaintiff cannot recover, directly or indirectly from this Defendant because the Texas Tort Claims Act does not allow Plaintiff's claims as pled and such claims do not fall within the purview of the Texas Tort Claims Act, Texas Civil Practices & Remedies Code, § 101.001 et. seq.

14. Defendant would specifically show that Plaintiff may not recover punitive damages against this Defendant because of the statutory bar as to punitive damages contained in Texas Civil Practices & Remedies Code §101.024.

15. Defendant is entitled to qualified and/or official immunity as it relates to any of the state and federal claims made against him in this action.

16. Defendant is entitled to qualified and/or official immunity to any state law claims made against him pursuant to those rights and immunities afforded him under the Texas Tort Claims Act and/or the Texas Education Code.

17. Defendant is entitled to all defenses and immunities pursuant to the Texas Tort Claims Act and/or the Texas Education Code.

18. Defendants would show that any loss or damages sustained by Plaintiff at the time and place on the occasion mentioned in Plaintiff's First Amended Original Complaint was to some extent caused by Plaintiff's failure to use reasonable efforts to mitigate their damages.

19. Pleading further, Defendant asserts he is entitled to qualified immunity from liability from any constitutional violations as asserted under 42 U.S.C. § 1983.

20. In the alternative, defendant would further assert that any loss or damages allegedly sustained by plaintiff at the time, place, and on occasion, mentioned in plaintiff's original petition were caused, in whole or in part, or were contributed to by the negligence, want of care, or intentional conduct of plaintiff, and not by any negligence or fault or want of care on the part of this defendant and this defendant would therefore invoke the doctrine of comparative responsibility.

21. In the alternative, defendant would further assert that any loss or damages allegedly sustained by plaintiff at the time, place, and on occasion, mentioned in plaintiff's original petition were caused, in whole or in part, or were contributed to the negligence, want of care, or intentional conduct of third-parties over whom this defendant has no control and is not liable therefor.

22. Plaintiff is not entitled to attorneys fees' because plaintiff is not a prevailing party and defendant herein is entitled to his attorneys fees under 42 U.S.C. § 1988.

23. Defendant further pleads that the plaintiff's claims for punitive damages, as well as any judgment ultimately rendered herein awarding punitive damages constitutes a contravention of the Texas and United Stated Constitution in that :

   a. Any award of punitive damages is arbitrary, unreasonable, excessive and in violation of the Defendant's rights to due process of law and equal protection of the law under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Sections 13 and 19, of the Texas Constitution;

   b. Any award of punitive damages is in violation of the due process clause of the United States and Texas Constitution which require that punitive damages against the Defendant be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, or in the alternative, should be proved by clear and convincing standard of proof. Unless such protections are afforded to the Defendant, Defendant's rights are being violated in contravention of the Sixth Amendment to the United States Constitution;

   c. Punitive damages under the Texas procedural law constitute and excess fine in violation of the Eighth Amendment of the Constitution of the United States.

24. Defendant would show that if any statement was made it was protected by an absolute or qualified privilege.

25. Defendant would plead truth as an absolute defense.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and

hearing hereof, plaintiff take nothing by his suit, that defendant recover all costs incurred herein, including his attorney fees under 42 U.S.C. § 1988 and that defendant has such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

        Respectfully submitted,

        WILLETTE & GUERRA, L.L.P.
        International Plaza, Ste. 460
        3505 Boca Chica Blvd.
        Brownsville, Texas 78521
        Telephone: (956) 541-1846
        Facsimile: (956) 541-1893

By: _____
        Eileen M. Leeds
        State Bar No. 00791093
        USDC Adm. No. 16799

        Charles Willette, Jr
        State Bar No. 21509700
        USDC Adm. No. 1937

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___13___ day of August, 2002, a true and correct copy of the above and foregoing instrument has been forwarded to opposing counsel of record as noted hereunder.

**VIA CM/RRR # 7002 0460 0000 6635 2582**
Mr. J. Arnold Aguilar
Law Offices of J. Arnold Aguilar
Artemis Square, Ste. H-2
1200 Central Blvd.
Brownsville, Texas 78520

**VIA REGULAR MAIL**
Mr. Craig H. Vittitoe
Adams & Graham, L.L.P.
222 East Van Buren, West Tower
P.O. Box 1429
Harlingen, Texas 78551

**VIA REGULAR MAIL**
Elizabeth G. Neally
Roerig, Oliveira, & Fisher, L.L.P.
855 W. Price Road, Ste. 9
Brownsville, Texas 78520

_____
Eileen M. Leeds