United States District Court
Southern District of Texas
FILED

AUG 1 4 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DINO CHAVEZ | § § § | |
| vs. | § § | |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, NOE SAUCEDA, and RANDY DUNN, MARILYN DEL BOSQUE-GILBERT and HUGH EMERSON, JR., in their official capacities as Board Members of Brownsville Independent School District | § § § § § § § § § § | CIVIL ACTION NO. B-02-128 |

### DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S
### FIRST AMENDED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW BROWNSVILLE INDEPENDENT SCHOOL DISTRICT**, Defendant in the above-styled and numbered cause, and files this its First Amended Original Answer to Plaintiff's First Amended Original Complaint and would show the Court the following:

**I.**

1. Except as indicated below, Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT ("BROWNSVILLE I.S.D.") denies each and every, all and singular, the allegations contained in Plaintiff's Original Complaint, and demand strict proof thereof as required by law.

2. Defendant agrees with and admits to the allegations set forth in Section II, paragraph 1 of Plaintiffs's First Amended Original Complaint only to the extent that Plaintiff

alleges that his claims are within the jurisdictional limits of this court and that venue is proper in this Court.

3. Defendant agrees with and admits to the allegations set forth in Section III, paragraphs 2-4 of Plaintiff's First Amended Original Complaint to the extent that Plaintiff states the names and address of the parties to this action; otherwise, Defendant denies the remainder of all other allegations set forth in paragraphs 2 through 4 of Plaintiff's First Amended Original Complaint.

4. Defendant denies Plaintiff's allegations set forth in paragraphs 5 - 20 of Plaintiff's First Amended Original Complaint.

5. Defendant agrees to Plaintiff requesting a jury in Paragraph 21 of Plaintiff's First Amended Original Complaint but all other allegations are hereby denied.

## II.

## AFFIRMATIVE DEFENSES

6. Defendant, BROWNSVILLE I.S.D. would further state that the Plaintiff's claims are barred because the Plaintiff has not complied with the mandatory notice requirements contained within the Texas Tort Claims Act. No actual or constructive notice of Plaintiff's claims was given to Defendant.

7. Defendant, **BROWNSVILLE INDEPENDENT SCHOOL DISTRICT**, would further show that pursuant to the Texas Torts Claims Act, Section 101.051 that the School District is immune from all liability for tort actions except as to motor vehicles. The District is entitled to sovereign immunity as to the claims asserted in this lawsuit.

8. The acts alleged are discretionary acts of individuals, performed in their capacity as governmental employees or officials in the good faith belief that the acts were legal and appropriate. As this would be a defense to the individuals, it is also a defense to the BROWNSVILLE INDEPENDENT SCHOOL DISTRICT.

9. Defendant, BROWNSVILLE I.S.D. is immune from liability under the doctrine of governmental or official immunity.

10. The acts alleged are intentional acts for which BROWNSVILLE INDEPENDENT SCHOOL DISTRICT would be immune under the Texas Tort Claims Act.

11. Defendant BROWNSVILLE I.S.D. would further show the Court that BROWNSVILLE INDEPENDENT SCHOOL DISTRICT is a governmental entity and has sovereign immunity from any State law and common law torts.

12. Defendant BROWNSVILLE I.S.D. would show that liability for its actions, as alleged in Plaintiff's First Original Complaint, is subject to the dollar limitations imposed by the Texas Tort Claims Act.

13. Defendant BROWNSVILLE I.S.D. is entitled to all defenses and immunities pursuant to the Texas Tort Claims Act and/or the Texas Education Code.

14. In the alternative, Defendant would further assert that any loss or damages allegedly sustained by Plaintiff as alleged in Plaintiff's First Amended Complaint were caused, in whole or in part, or were contributed to by the negligence, want of care, or intentional conduct of Plaintiff, and Defendant therefore invokes the doctrine of comparative responsibility.

15. In the alternative, Defendant asserts further assert that any loss or damages

allegedly sustained by Plaintiff as alleged in Plaintiff's First Amended Complaint were caused, in whole or in part, or were contributed to the negligence, want of care, or intentional conduct of third-parties over whom this Defendant has no control and is therefore not liable.

16. Plaintiff should not be entitled to attorney's fees because Plaintiff is not a prevailing party and Defendant herein is entitled to its attorney's fees under 42 U.S.C. §1988.

## III

## **EXEMPLARY DAMAGES**

17. Defendant affirmatively pleads, to the extent that Plaintiff's claims request punitive damages, as well as any judgment ultimately rendered herein awarding punitive damages, that punitive damages constitute a contravention of the Texas and United States Constitutions in that:

(A) Any award of punitive damages is arbitrary, unreasonable, excessive and in violation of the Defendant's rights to due process of law and equal protection of the law under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Sections 13 and 19, of the Texas Constitution;

(B) Any award of punitive damages is in violation of the due process clause of the United States and Texas Constitution which require that punitive damages against the Defendant be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, or in the alternative, should be proved by clear and convincing standard of proof. Unless such protections are afforded to the Defendant, Defendant's rights are being violated in contravention of the Sixth Amendment to the United States Constitution;

    (C)    Punitive damages under the Texas procedural law constitute an excess fine in violation of the Eighth Amendment of the Constitution of the United States.

18. Defendant BROWNSVILLE I.S.D. is further immune from liability for exemplary damages pursuant to §101.024 of the Tex. Civ. Prac. & Rem. Code.

## IV.

19. Defendant further reserves the right to file any and all amended answers, cross-actions, third-party actions, counter-claims, motions and discovery as Defendants may deem proper.

20. Defendant BROWNSVILLE I.S.D. had made its written request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure and deposited with the District Clerk of Cameron County, Texas, the requisite jury fee of Thirty Dollars ($30.00).

**WHEREFORE, PREMISES CONSIDERED**, Defendant BROWNSVILLE I.S.D. prays that Plaintiff's suit be dismissed at Plaintiff's cost, and for such other and further relief to which these Defendants may be entitled, either at law or in equity.

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

**Counsel For Brownsville Independent School District,**

By:_____
Elizabeth G. NEALLY
State of Texas Bar No. 14840400
Federal Bar No. 8044

RICARDO MORADO
State of Texas Bar No. 14417250
Federal Bar No. 1213

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant Brownsville Independent School District's First Amended Original Answer to Plaintiff's First Amended Original Complaint, to counsel of record,

J. Arnold Aguilar
Law Offices of J. Arnold Aguilar
Artemis Square, Suite H-2,
1200 Central Boulevard
Brownsville, Texas 78520

Charles V. Willette, Jr.
**Willette & Guerra**
3505 Boca Chica Boulevard, Suite 460
Brownsville, Texas 78521

Craig H. Vittitoe
**ADAMS & GRAHAM, L.L.P.**
222 East Van Buren, West Tower
P. O. Box 1429
Harlingen, Texas 78551

via U.S. Postal Service, Certified, Return Receipt Requested on this 14 day of August, 2002.

_____
Elizabeth G. Neally