

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 9 - 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DINO X. CHAVEZ § § § | |
| VS. § § § § § | CIVIL ACTION NO. B-02-128 JURY REQUESTED |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT AND NOE SAUCEDA | |

## DEFENDANT NOE SAUCEDA'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NOE SAUCEDA, named Defendant in the above-styled and numbered cause and files this his Motion to Dismiss and in support thereof, would respectfully show unto the court as follows:

### I.

### STATEMENT OF THE CASE

Plaintiff Dino Chavez has sued Noe Sauceda under 42 U.S.C. §1983 alleging a violation of his First and Fourteenth Amendment rights. In particular, Plaintiff claims that Defendant violated his right to due process and his right to freedom of speech. Plaintiff has also sued Defendant for slander, tortious interference with a business relationship and intentional infliction of emotional distress.

### II.

### CONSTITUTIONAL VIOLATIONS

**Due Process.** Plaintiff Chavez was an insurance salesman representing American Family

Life Assurance Company of Columbus (AFLAC). Noe Sauceda was the Superintendent of the Brownsville Independent School District. Plaintiff claims that Dr. Sauceda violated Plaintiff's Fourteenth Amendment rights by depriving him of due process. In order to maintain a cause of action under the Fourteenth Amendment of the United States Constitution, a Plaintiff must first show he has a property interest of which he was deprived. Plaintiff has made no such showing nor has he even alleged he has a constitutionally protected property interest. The Constitution does not create property interests; they are created by existing rules or understandings that stem from an independent source such as state law. ***Board of Regents of State Colleges v. Roth***, 408 U.S. 564, 577 (1972), 92 S.Ct. 2701, 33 L.Ed.2d 548. In this case, Texas State law. It is only after Plaintiff can establish a property interest that he would be entitled to due process. In this case, Plaintiff has no property interest.

Plaintiff is not a BISD employee, therefore, the interest he must allege cannot be one of employment. There is no known constitutionally protected right in selling one's product to a school district. There is no known constitutionally protected right for a non-employee to enter onto a school campus. There is no set of facts, even as set forth by Plaintiff that would imply a constitutionally protected property interest. Without a property interest, there can be no violation of due process.

Moreover, Plaintiff appears to allege he was deprived of "due process" by "depriving him of the opportunity to participate in an open bidding process," yet by his own admission he was clearly able to bid and his company, in fact, won the bid. Thus, his own pleading contradicts the cause of action he purports to assert. Plaintiff's claim for any violation under the Fourteenth Amendment should be dismissed.

**Freedom of speech.** Plaintiff claims Sauceda violated his rights to free speech. According to his pleading, Plaintiff addressed the BISD Board and the Insurance Committee. In order to

determine whether his rights have been violated the Court must analyze the "balance between the interests of the [Plaintiff], as a citizen, in commenting upon matters of public concern and the interest of the [Sauceda], as an [Superintendent], in promoting the efficiency of the public services it performs through its employees." *Pickering v. Board of Education,* 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811. In this case, though, Plaintiff is not an employee. He is an independent insurance salesman, but since his relationship with the BISD was, according to him, one of years, the analysis the Supreme Court used in *Board of County Commissioners, Wabaunsee County, Kansas v. Umbehr,* 518 U.S. 668, 116 S.Ct. 2342, 135 L.Ed.2d 843, is appropriate, even though it did not include first time bidders. The Court reasoned that the Pickering balancing test can be adjusted to take into consideration the different roles each is playing.

In any event, the first consideration in a First Amendment freedom of speech analysis is for the Court to determine whether the speech is constitutionally protected. In order to maintain a claim under the First Amendment, Plaintiff must show that his speech was on a matter of public concern. This inquiry is one of law, not fact. *Id.* at 148. To do this, the Court must consider the content, form and context of the speech. *Connick v. Myers,* 461 U.S. 138, 147, 103 S.Ct.1684, 1690, 75 L.Ed.2d 708. Even if the speech may touch on a matter of public concern, as in *Umbehr*, the Court must take all aspects into consideration. Doing that in this case, must lead one to conclude that Plaintiff was speaking with his own personal interests in mind rather than bringing anything up to the Board that may have touched on a public matter. His own pleading sets forth the purpose in speaking at all, to convince the Insurance Committee and the Board to chose AFLAC as the insurance provider over his competitor. Plaintiff was clearly not speaking out as a citizen, but as a salesman trying to pitch himself and his product.

Since Plaintiff cannot meet the first prong of a First Amendment analysis, Defendant is

entitled to a dismissal of this claim.

### III.

### TORT CLAIMS

As Superintendent, Dr. Sauceda was a school district employee and entitled to governmental immunity. All of the torts alleged by Plaintiff are intentional torts, and as such barred by §101.056 of the Texas Civil Practices and Remedies Code. Moreover, the Texas Education Code cover Dr. Sauceda him with a second layer of immunity. All of he actions of which Plaintiff complains, although their veracity is vehemently dispute, were within the scope of a Superintendent's duties and certainly within his discretion. Thus, §22.051 TEC[1] provides immunity to Dr. Sauceda from any personal liability. Therefore, all the torts alleged by Plaintiff should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant NOE SAUCEDA prays that this Court grant this motion and dismiss all Plaintiff's claims as against his person with prejudice and for all other relief to which he may be entitled.

---

[1] " (a) A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students." 22.051 Texas Education Code.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____*Eileen Leeds*_____
    Eileen M. Leeds
    State Bar No. 00791093
    USDC Adm. No. 16799
    Charles Willette, Jr
    State Bar No. 21509700
    USDC Adm. No. 1937

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of October, 2002, a true and correct copy of the above and foregoing instrument has been forwarded to opposing counsel of record as noted hereunder.

**VIA CM/RRR # 7002 0460 0000 6650 0747**
Mr. J. Arnold Aguilar
Law Offices of J. Arnold Aguilar
Artemis Square, Ste. H-2
1200 Central Blvd.
Brownsville, Texas 78520

**VIA REGULAR MAIL**
Elizabeth G. Neally
Roerig, Oliveira, & Fisher, L.L.P.
855 W. Price Road, Ste. 9
Brownsville, Texas 78520

_____
Eileen M. Leeds