# Civil Courtroom Minutes



| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ☐ Nicolas   ■ Levesque |

United States District Court
Southern District of Texas
FILED

OCT 28 2002

Michael N. Milby, Clerk of Court

| DATE | 10 | 28 | 02 |
|---|---|---|---|

| TIME | | a.m. | | | a.m. |
|---|---|---|---|---|---|
| | 2:00 | p.m. | | 2:50 | p.m. |

| CIVIL ACTION | B | 02 | 128 |
|---|---|---|---|

| STYLE | Dino Chavez |
|---|---|
| | *versus* |
| | Brownsville Independent School District, et al. |

## DOCKET ENTRY

(HGT)  ■ Initial Pretrial Conference          ■ Breck Record, Court Reporter

Arnold Aguilar for Plaintiff

Elizabeth Neally for Defendants-BISD

Eileen Leeds for Defendant-Noe Sauceda

---

■     Motions taken under advisement: Motion to Dismiss

■     Comments:

*Plaintiff*: Chavez was an agent of AFLAC who would get commission for policies sold. Property interest consisted of continued employment. Also, in non-employee context, when it is a contractor's case, interest as a bidder. The bidder is entitled to continue relying on the bidding requirements of BISD, which are based on rules and state bidding laws. There was a contract between Chavez and AFLAC, but none between BISD and Chavez. Tortious interference, however, is that one member of the entity, Noe Sauceda, is interfering w/ Chavez's ability to contract w/ individual employees and not w/ BISD. He interferes by not allowing Chavez to be the actual bidder on the plan. There's a bid for administrative services for the cafeteria plan. They (agents?) are bidding on the right to process all the policies, whether they be policies they sell or policies that other people sell. Bidding on a contract that says they will administer all of the paperwork for all of the policies in the cafeteria plan. So, is the contract between the agent and the BISD or between the agent and the employees? I think between the agent and employees. Agents are bidding for the right to do all the paperwork and the employees through a vote ? pick them as the agent. The agent can then also sell some of his own policies that will give him commission.

*Civil Courtroom Minutes*
*Civil No. B-02-128*
*October 28, 2002*
*Page 2*

Property interest: Pl says he needs to establish longstanding relationship. In other words, b/c he already has had a k, denying him the opportunity to bid w/o a hearing, etc. is problematic b/c he was bidding to have his contract *renewed.*

Agent of record: Chavez sent letters to the Board b/c he was notified that the Board was considering giving one agent record status. Then employees would not get the best possible products for the best price b/c commissions that would be going to that agent of record ultimately get charged back to the EE somehow. (???).

***Defendant BISD***: property interest does not exist. Not an independent k'er. Not an employee. Individual that is an employee of AFLAC and AFLAC had no k w/ BISD. AFLAC has a k w/ employees of BISD??? Systems K'er case cited by pl does not apply - it is a 5th cir. case out of LA and not TX. TX state bidding law applies.

Free Speech Claim: Chavez was not an employee and any speech he produced re the agent of record was the result of his own concerns about employment and commission. Says Atty General's opinion does not even apply here b/c this is not the kind of contract referring to: Here AFLAC only has a k w/ the employees and not w/ BISD. BISD was not purchasing anything. Point is that free speech is only protected when it is an employee and there is retaliation and not when it is someone who is not employee and not even an independent k'er. He is a citizen and there are very few claims by citizens of free speech.

***Defendant Sauceda***: Mimics most of what BISD argues. But, also says Chavez was only bidding to administer the policies and paperwork and to sell his product later. He wasn't kept from doing anything, only from accessing the campus during the time period when he was making this ruckus.

Free speech: cites <u>Connick v. Myers</u> where even though employee, she was really doing most of her speech from the citizen perspective. Even if this was more of a public concern, Chavez never publicized it, he only told the Insurance Committee, the very same body that was charged w/ making the decision of who was going to administer the cafeteria plan.

She says there is a factual dispute b/c BISD was never going to hire an agent of record. Also, references TX tort claims act.

Pl's Response: He was never an hourly EE of AFLAC. He was bidding on his own behalf.
TX Tort claims act: Act applies to government entities and not to individuals like Sauceda. He could make a claim to qualified immunity, but he has not yet.

Defendant Sauceda: Pl never specified whether he was sued in his individual capacity and he is therefore an official and the Tort claim act and TX education code do apply.

Pl: he is being sued in his individual capacity and not in his official capacity, which would be redundant since they are suing the BISD.

Defendants: bidding statute Pl refers to does not apply here b/c this was not a competitive bidding process and there was no contract between BISD and these individuals (Chavez and others like him).

Pl: He's only bringing federal constitutional claims against the BISD. He is bringing torts against Chavez individually, but the tort claims act and its provision of qualified immunity must come w/in an affirmative defense. It's like suing any individual and so he does not have to give any special notice b/c the Act and notice under the Act applies to entities, schools, etc. but not individuals. It is up to the defendants to plead qualified immunity as a defense.

Parties clarified the causes of action. They are the same as in the complaint.