IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 2 0 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DINO CHAVEZ § | |
| § | |
| vs. § | |
| § | |
| BROWNSVILLE INDEPENDENT § | |
| SCHOOL DISTRICT, NOE SAUCEDA, § | CIVIL ACTION NO. B-02-128 |
| and RANDY DUNN, MARILYN DEL § | |
| BOSQUE-GILBERT and HUGH § | |
| EMERSON, JR., in their official § | |
| capacities as Board Members of § | |
| Brownsville Independent School District § | |

**DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S OBJECTIONS
TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED PETITION
AND MOTION TO DISMISS LEAVE TO FILE AMENDED PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, one of the Defendants in the above-styled and numbered cause and files and serves this its Objections to Plaintiff's Motion for Leave to File Amended Petition and would show the Court the following:

**I.**

1. Pursuant to Federal Rules of Civil Procedure, Rules 19, 20 and 21, Defendant Brownsville Independent School District objects to Plaintiff joining in Marilyn Del Bosque-Gilbert and Randy Dunn in their individual capacity. Plaintiff voluntarily dismissed these individuals as Defendants by filing a First Amended Original Petition on or about August 1, 2002. Without reference to authorities

DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION UNDER 12(b)(6)
FOR FAILURE TO STATE A CLAIM OF ACTION UPON WHICH RELIEF CAN BE GRANTED
23028 - Obj Plntf Mtn for Leave Amnd Petition.wpd

**PAGE 1**

under the Federal Rules of Civil Procedure Rule, Plaintiff now wishes to join these Defendants back into this proceeding. Allowing Plaintiff to file suit against them in their individual capacity is harassment and the joinder is not necessary to this lawsuit. Plaintiff has cited vague and unconnected reasons for joining these trustees into this suit in their individual capacity.

2. Joinder of Defendants under Federal Rule of Civil Procedure 20 requires: (1) a claim for relief asserting joint, several, or alternative liability and arising from the same transaction, occurrence, or series of transactions or occurrences, or series of transactions of law or fact; and (2) a common question of law or fact." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3rd 1353, 1360 (11th Cir. 1996).

3. Plaintiff states no reasons why these parties should be joined in his Motion for Leave. In paragraph 19 of Plaintiff's Second Amended Original Petition, Plaintiff's basis for joinder states rationale as to why Gilbert and Dunn acted in their official capacity as trustees, not as individuals. This issue regarding Defendants in their official capacity was resolved when Plaintiff voluntarily dismissed the trustees on August 1, 2002. Dunn and Del-Bosque-Gilbert are no necessary or indispensable parties to this suit, there are no new facts that have transpired since August 1, 2002 that would warrant their joinder in this case. The only thing that has changed since then, is that Dunn and Del-Bosque-Gilbert have filed suit against Plaintiff in a completely separate action on November 5, 2002.

4. Defendant Brownsville I.S.D. would further show that Trustees Del-Bosque-Gilbert and Dunn lawsuit against Plaintiff and his employer AFLAC in a State Court is proceeding in Cause No. 2002-11-4436-A, styled Marilyn A. Del Bosque-Gilbert and Randall Dunn v. Dino X. Chavez & American Family Life Assurance of Columbus (AFLAC) in the 107th Judicial District Court of

**DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S MOTION TO DISMISS**    **PAGE 2**
**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION UNDER 12(b)(6)**
**FOR FAILURE TO STATE A CLAIM OF ACTION UPON WHICH RELIEF CAN BE GRANTED**
23028 - Obj Plntf Mtn for Leave Amnd Petition.wpd

Cameron County, Texas, alleging causes of action of defamation, slander and libel per se. A copy of this petition is attached hereto as Exhibit 1. Mr. Chavez's answer is attached as Exhibit 2.

5. Plaintiff has adequate venue to file a counter-claim against Gilbert and Dunn in the state court lawsuit; instead he is seeking to harass them to incur additional legal expenses by bringing them back into the subject lawsuit Plaintiff is forum shopping, because he does not wish to be in state court and therefore, his motion for leave should be dismissed as harassing and unnecessary.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Brownsville Independent School District respectfully requests this Honorable Court deny Plaintiff's Motion for Leave of Court to file an Amended Petition to include Marilyn Del Bosque - Gilbert and Randy Dunn in their individual capacity, and grant such other further relief as the Court deems appropriate.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, LLP**
855 West Price Road, Suite 9
Brownsville, Texas 78550
Telephone: (956) 542-5666
Facsimile: (956) 542-0016
Counsel for Defendant,
Brownsville Independent School District

By: _____
Elizabeth G. Neally
State Bar No. 14840400
Federal Bar No. 8044

**DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION UNDER 12(b)(6)
FOR FAILURE TO STATE A CLAIM OF ACTION UPON WHICH RELIEF CAN BE GRANTED
23028 - Obj Plntf Mtn for Leave Amnd Petition.wpd

**PAGE 3**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing **Defendant Brownsville Independent School District's Objections to Plaintiff's Motion for Leave of Court to File his Amended Petition** has been served via United States Postal Service, Certified Mail, Return Receipt Requested, to the Counsel of Record, as follows:

J. Arnold Aguilar
**Law Office of J. Arnold Aguilar**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
[CM/RRR #7160 3901 9844 1943 3813 ]

Eileen Leeds
**Willette & Guerra**
3505 Boca Chica Boulevard, Suite 460
Brownsville, Texas 78521
[CM/RRR #7160 3901 9844 1943 3820 ]

on this 20th day of December, 2002.

ELIZABETH G. NEALLY

DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION UNDER 12(b)(6)
FOR FAILURE TO STATE A CLAIM OF ACTION UPON WHICH RELIEF CAN BE GRANTED
23028 - Obj Plntf Mtn for Leave Amnd Petition.wpd

PAGE 4

CAUSE NO. 2002-11-4436-A

| | | |
|---|---|---|
| MARILYN A. DEL BOSQUE-GILBERT & RANDALL DUNN<br>Plaintiffs, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§ | CAMERON COUNTY, TEXAS |
| DINO X. CHAVEZ &<br>AMERICAN FAMILY LIFE<br>ASSURANCE OF COLUMBUS<br>(AFLAC)<br>Defendants | §<br>§<br>§<br>§<br>§<br>§ | 107 JUDICIAL DISTRICT |

FILED 4:30 O'CLOCK P
AURORA DE LA GARZA DIST. CLER
NOV 0 5 2002

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, MARILYN A. DEL BOSQUE-GILBERT and RANDALL DUNN, PLAINTIFFS and files this PLAINTIFF'S ORIGINAL PETITION complaining of DINO X. CHAVEZ & AMERICAN FAMILY LIFE ASSURANCE OF COLUMBUS (AFLAC) hereinafter referred to as DEFENDANTS, and for cause of action would respectfully show the Court as follows:

### I.

### DISCOVERY LEVEL

Plaintiffs affirmatively plead that they seek damages in the excess of $50,000.00 excluding costs and attorney's fees. Therefore this suit should be conducted under a Level 2 Discovery Control pursuant to Texas Rules of Civil Procedure 190.3 parties.

### II.

### PARTIES

Plaintiffs MARILYN A. DEL BOSQUE-GILBERT and RANDALL DUNN are residents of Cameron County, Texas. Defendant, DINO X. CHAVEZ is a current and/or former employee and agent of AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS (AFLAC) and a resident of the State of Texas and may be served with citation at his place of business located at 405 W. Jefferson St, Brownsville, Texas 78520.

Defendant AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS (AFLAC) is now, and at all times mentioned was a business entity licensed to do and transact insurance business in the State of Texas. Such Defendant may be served with process by serving



DEFENDANT'S EXHIBIT 1

its registered agent C. BRIAN CASSIDY, 100 Congress Avenue Suite 2500, Austin, Texas 78701 by certified mail return receipt requested delivery restricted to addressee.

## III.
## VENUE

Venue is proper in Cameron County, Texas under Texas Civil Practice Remedies Code, Section 15.017, the mandatory venue statute for suits involving slander, and because Cameron County, Texas is the county where the Plaintiffs resided at the time the action accrued.

## IV.
## BACKGROUND & FACTS

In October and November 2001, Plaintiffs MARILYN A. DEL BOSQUE-GILBERT and RANDALL DUNN were serving as trustee members of the school board of the Brownsville Independent School District. During this time, Plaintiff Mr. Dunn was a member of a sub-committee titled "The Insurance Committee" which was charged with searching and investigating health insurance plans. Among the products that said committee was charged with reviewing included the IRS Section 125 Cafeteria Plan Services Proposals.

On or about September 6, 2001 Dino X. Chavez acting as the ostensible agent for AFLAC submitted a proposal for an optional Section 125 Cafeteria Plan to BISD. Thereafter, Defendant Chavez submitted a letter to each board member on or about September 10, 2001 outlining his proposal. Defendant Chavez then presented his proposal to the BISD insurance committee on or about October 30, 2001. Thereafter, sometime in November 2001, Defendant Chavez began to pledge and state that Noe Sauceda the superintendent of BISD at the time was attempting to circumvent procedures and misquoting his proposal in order to prevent Chavez and AFLAC from being awarded the contract in question.

During the public input section of the BISD board meeting of November 6, 2001, Defendant Chavez acting in his role as the authorized and ostensible agent for Defendant AFLAC stated to the BISD board and the public in attendance, including the Plaintiffs that BISD board alleged consideration of retaining an agent of record was illegal based upon a Texas Attorney General opinion. After said meeting, Defendant Chavez in his role and position as representative and ostensible agent for AFLAC continued to submit letters and information to BISD's insurance committee campus representatives reflecting these matters. At the November 13, 2001 BISD meeting, Defendant Chavez once again mentioned the alleged legality of appointing an agent of record and the advantages of the AFLAC plan over the competing plan and other related issues. Throughout the month of November 2001, Defendant Chavez as the ostensible agent and representative of AFLAC continued to accuse Plaintiffs of bribery and corruption regarding the

2

Section 125 Cafeteria Plan Services proposal and their decisions. In addition, Defendant Chavez published and uttered defamatory statements accusing Plaintiffs of illegal and criminal acts including bribery and corruption to members and campus representatives of the insurance committee.

## V.

## DEFAMATION, SLANDER AND LIBEL PER SE

Defendant Dino Chavez was at all times mentioned the agent and/or employee of Defendant AFLAC. In doing the things alleged in this petition Defendant Chavez was acting within the course and scope of his agency and/or employment with Defendant AFLAC. Defendant Chavez stated orally and in writing that Plaintiffs were criminals and that they were guilty of bribery and/or corruption.

These defamatory and disparaging statements constitute defamation, slander and liable per se in that they suggested either directly or implicitly that the Plaintiffs were guilty of criminal activity through bribery and corruption. Defendant Chavez published the defamatory and disparaging statements about Plaintiff's and to campus representatives and members of the insurance committee throughout the months of November and December, 2001 both in writing and verbally at BISD school board and/or committee meetings.

All of the persons who heard or read Defendant Chavez statements understood that the defamatory and disparaging statements were meant to include Plaintiffs as part of a criminal enterprise and/or scheme. Those who heard such statements knew that Plaintiffs Gilbert and Dunn were the objects of the defamatory and disparaging statements because Chavez made it clear that the other members of the school board are the ones who were to be commended for their actions or positions on issues where as remaining members were the ones allegedly guilty of the alleged criminal acts.

The defamatory and disparaging statements as set forth above about Plaintiffs are false. The truth of the matter is that Plaintiffs Gilbert and Dunn have never engaged in bribery or corruption or any other criminal activity. Defendants Chavez and AFLAC published the defamatory and disparaging statements with malice and actual intent to injure Plaintiffs Gilbert and Dunn to undermine the credibility and reputation of Plaintiffs and their constituents within the City of Brownsville, Cameron County Texas. In the alternative, Defendants Chavez and AFLAC published the defamatory and disparaging statements with substantial knowledge that they were false or might be false and with reckless disregard as to whether they were true or not. Plaintiffs Gilbert and Dunn have resided and worked within Brownsville, Cameron County, Texas for most if not all of their lives. Prior to Defendants defamatory statements and remarks

3

Plaintiffs enjoyed excellent personal and professional reputations and have always been held in high esteem by their colleagues and constituents.

## VI.
## DAMAGES

As a direct approximate result of the Defendants false, disparaging and defamatory statements, Plaintiffs Gilbert and Dunn have endured shame, embarrassment, humiliation and mental pain and anguish. Additionally, because of the publication of such false statements, Plaintiffs have and will in the future be seriously injured in their professional reputation good name and standing in the community and will be exposed to the hatred, contempt and ridicule of the public in general as well as business associates, clients, friends, relatives and constituents. Consequently Plaintiffs Gilbert and Dunn seek actual damages in the sum within the jurisdictional limits of this court.

## VIII.
## EXEMPLARY DAMAGES

Plaintiffs are entitled to exemplary damages from Defendants Chavez and AFLAC because they acted with the malice required to support and award of exemplary damages. Defendant Chavez acted with a specific intent to cause injury to the Plaintiffs, or with conscious indifference to the rights, safety or welfare of the Plaintiffs with actual, subjective awareness that their conduct involved an extreme degree of risk of harm to the Plaintiffs.

Defendants Chavez and AFLAC knew that such statements were false and malicious and were solely an attempt by Defendants to smear the reputation of the Plaintiffs in an attempt to benefit themselves economically.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs request that upon final trial, the Court enter a judgment for the Plaintiffs against Defendants, joining and severally as follows:

1. actual damages to be determined by the trier fact;
2. exemplary damages;
3. costs of court;
4. pre-judgment interest at the maximum legal rate and the manner allowed by law;
5. post-judgment interest at the maximum legal rate and the manner allowed by law;
6. such other and further relief, general and special, at law find in equity which Plaintiffs may be entitled.

4

Respectfully Submitted,
*Magallanes & Hinojosa*
1713 Boca Chica Blvd.
Brownsville, Texas 78520
Telephone (956) 544-6571
Facsimile (956) 544-4290

By: _____
      Juan Magallanes
      State Bar No. 12809500

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY**

CAUSE NO. 2002-11-4436-A

| | | |
|---|---|---|
| MARILYN A. DEL BOSQUE-GILBERT and RANDALL DUNN | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | CAMERON COUNTY, TEXAS |
| DINO X. CHAVEZ and AMERICAN FAMILY LIFE ASSURANCE OF COLUMBUS (AFLAC) | § § § | 107TH JUDICIAL DISTRICT |

**DEFENDANT DINO X. CHAVEZ'S ORIGINAL ANSWER**

FILED __ O'CLOCK __ M
AURORA DE LA GARZA DIST. CLERK
NOV 25 2002
DISTRICT CLERK, TEXAS
DEPUTY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **DINO X. CHAVEZ**, Defendant in the above styled and numbered action, and files this his Original Answer to Plaintiffs' Original Petition, and for such Answer would respectfully show unto the Court the following:

## I.

### SPECIAL EXCEPTIONS

(A)  Defendant **DINO X. CHAVEZ** specially excepts to Paragraph IV (3), wherein Plaintiffs allege

> "[t]throughout the month November 2001, Defendant Chavez...continued to accuse Plaintiffs of bribery and corruption regarding the Section 125 Cafeteria Plan Services proposal and their decisions. In addition, Defendant Chavez published and uttered defamatory statements accusing Plaintiffs of illegal and criminal acts including bribery and corruption to members and campus representatives of the insurance committee."

DEFENDANT'S EXHIBIT 2

Plaintiffs have failed to identify any specific statements made by this Defendant, how they specifically named or accused Plaintiffs of any wrongdoing, how any such statements were not protected by privilege, or otherwise how any such statements allegedly identified Plaintiffs as those committing any alleged wrongdoing.

(B)    Defendant **DINO X. CHAVEZ** specially exception to Paragraph V(1), wherein Plaintiffs allege "Defendant Chavez stated orally and in writing that Plaintiffs were criminals and that they were guilty of bribery and/or corruption." Plaintiffs have failed to identify any statements allegedly made by this Defendant, to whom they were published, where they were published or the manner of publication.

(C)    Defendant **DINO X. CHAVEZ** specially excepts to Paragraph V(2), wherein Plaintiffs allege this Defendant made statements constituting "defamation, slander and liabel (sic) per se in that they suggested either directly or implicitly that the Plaintiffs were guilty of criminal activity through bribery and corruption." Plaintiffs have failed to identify any alleged statements that were actually made by this Defendant, how such statements would constitute defamation, slander or libel, or how the elements of any of those claims were allegedly met. Although Plaintiffs allege this Defendant made statements "both in writing and verbally at BISD School Board and/or Committee meetings," Plaintiffs have failed to identify any actual statements allegedly made by this Defendant that would constitute defamation, slander or libel not protected by privilege.

(D)     Defendant **DINO X. CHAVEZ** further specially excepts to the entirety of Plaintiffs' Original Petition, on the basis that Plaintiffs have failed to identify how this Defendant could be liable for the claims alleged by Plaintiff, notwithstanding the heightened standard for Plaintiffs as public officials. Plaintiffs have failed to allege any statements allegedly made with actual malice necessary to establish liability herein.

(E)     Defendant **DINO X. CHAVEZ**    specially excepts to the Prayer and the entirety of Plaintiffs' Original Petition, on the basis that Plaintiffs have failed to identify or specify the amount of damages sought for each category of damages alleged, or the total amount of damages sought, pursuant to Texas Rules of Civil Procedure 47 and 91.

Defendant **DINO X. CHAVEZ** would respectfully request that upon proper notice and hearing hereof, the Court grant the above Special Exceptions and order Plaintiffs to replead in conformity with the special exceptions listed herein, and if Plaintiffs are unable to do so, that this Court dismiss Plaintiffs' claims or causes of action against this Defendant on which they are unable to replead.

## II.

### GENERAL DENIAL

Defendant **DINO X. CHAVEZ** denies each and every, all and singular the allegations contained in Plaintiffs' Original Petition and demands strict proof thereof in the trial of this cause.

## III.

## AFFIRMATIVE DEFENSES

Defendant **DINO X. CHAVEZ**, still urging and relying on the matters hereinabove alleged, by way of further answer, if any need be, further alleges by way of affirmative defenses the following:

(1) All comments, statements or declarations made or allegedly made by Defendant DINO X. CHAVEZ were true or substantially true.

(2) All comments, statements or declarations made or allegedly made by Defendant DINO X. CHAVEZ were comments, statements, declarations, representations, or communications on which Defendant Chavez and/or the public had an interest, or with respect to which Defendant Chavez had a duty to perform a corresponding duty, and he therefore had a qualified or conditional privilege to make all comments allegedly made.

(3) All comments, statements, declarations, representations, or communications made or allegedly made by Defendant DINO X. CHAVEZ, were made in good faith and without malice.

(4) Plaintiffs cannot establish the element of "actual malice" necessary to establish liability for Plaintiffs' claims as public officials.

Without waiving the foregoing Special Exceptions, General Denial and Affirmative Defenses, but still insisting on same, for further answer, if any need be necessary, and as separate defenses, Defendant **DINO X. CHAVEZ** reserves the right to file any and all cross-actions, third-party actions, counterclaims, motions, and discovery as he may deem proper.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **DEFENDANT DINO X. CHAVEZ'S ORIGINAL ANSWER** has on this the 25th day of November, 2002, been forwarded via certified mail, return receipt requested to:

Mr. Juan Magallanes
MAGALLANES, HINOJOSA & MANCIAS, P.C.
1713 Boca Chica
P.O. Box 4901
Brownsville, TX 78520

Ms. Valorie Glass
ATLAS & HALL
P. O. Drawer 3725
McAllen, TX 78502

_____
J. Arnold Aguilar