IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

FEB 2 8 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DINO X. CHAVEZ | § § § | |
| VS. | § § | CIVIL ACTION NO. B-02-128 |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT AND NOE SAUCEDA | § § § § | JURY REQUESTED |

**DEFENDANT NOE SAUCEDA'S OBJECTION AND RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISMISSAL OF PLAINTIFF'S DUE PROCESS CLAIMS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NOE SAUCEDA, named Defendant in the above-styled and numbered cause and files this his Objection and Response to Plaintiff's Motion for Reconsideration of Dismissal of Plaintiff's Due Process Claims and in support thereof, would respectfully show unto the court as follows:

I.

This Court correctly dismissed Plaintiff's claim of a violation of the 14th Amendment of the United States Constitution by Order dated January 14, 2003. In said Order, the Court discussed the requirements under the law that Plaintiff must first establish a property interest before the "due process" analysis even comes into play. The Court correctly noted that Plaintiff's First Amended Original Complaint contains no facts which support an inference of a property interest. Although Defendant could make this Objection lengthy in a discussion of how Plaintiff is wrong, he will not. It should be obvious on the face of Plaintiff's Motion that there is no constitutional violation, and

this entire lawsuit is part of this vendetta against Dr. Sauceda because he would not "play the game" and tried to do the right thing, something which has cost this community thousand's of dollars already.

In Plaintiff's live complaint, as to Defendant Sauceda, Plaintiff specifically wrote "[d]efendant's actions further violated Plaintiff's rights to due process, protected by the Fourteenth Amendment to the U.S. Constitution, by depriving him of the opportunity to participate in an open bidding process, as authorized by state law, without due process and in deprivation of his right to equal protection of the laws, as further set out above." Although Plaintiff's counsel should know this area of the law, and should know better than to make the arguments he has, Plaintiff did not explicitly identify what the property interest was that would entitle Plaintiff to any process. Thus, that interest must be implied from what he complains he was deprived of doing, and that was presenting the proposal. This Court noted that Plaintiff's interest in the proposal is too attenuated to be a property interest under Texas State law. That is correct.

Plaintiff now is attempting to change his facts and pleading in order to circumvent the Court's ruling. Plaintiff, in his Motion, now claims that the property interest is his "choice of profession." In a nutshell, Plaintiff claims that his chosen profession is selling AFLAC insurance products to the employees of BISD during two weeks of 2001. I challenge the Plaintiff's attorney to produce one Texas case which holds that an individual can chose to sell a product to a single client group during a short period of time and that it equates to a property interest. The first question is what would have Plaintiff done if he had been afforded every opportunity to present his proposal and another Third Party Administrator would have been chosen. Would the Plaintiff be able to sue for wrongful termination, or claim unemployment compensation. Plaintiff's narrow definition of his property interest in his Motion borders on being ludicrous.

Plaintiff, however, has just described for this Court why this is a lawsuit. As the Third Party Administrator alone, Plaintiff would not generate a dime. During the enrollment period, he would have had a captive audience to which he could peddle his AFLAC products. Basically, BISD would do the work of finding clients for him. Since all BISD employees had to be interviewed for the Cafeteria Plan, Plaintiff would not have to do any work to touch base with approximately 6,000 persons. Ease of sale is **NOT** a property interest. Plaintiff is an insurance salesman, nothing Defendant Sauceda or BISD did prevented him from selling insurance to anyone. What happened to the rest of the world? Did something prevent him from engaging in his chosen profession of selling AFLAC or any other insurance product (because he was an independent agent) to the rest of the persons in this community. He has engaged in his chosen profession before becoming a Third Party Administrator for the Cafeteria Plan for BISD, and he has done so afterwards. To claim that Plaintiff had a constitutional right to sell insurance products to BISD employees during a two week period equates to a chosen profession or a property interest is ridiculous. Don't all insurance salesmen wish for such a setup. There is just no support in the law of this state to recognize that a "chosen profession" includes such particulars as to whom he wants to sell and when.

This Court was correct in dismissing Plaintiff's 14th Amendment claim. Plaintiff has no property interest under Texas law. Therefore, there is no right, and consequently no claim, for due process. This Court should deny Plaintiff's Motion for Reconsideration.

WHEREFORE, PREMISES CONSIDERED, Defendant Noe Sauceda prays this Court deny Plaintiff's Motion for Reconsideration of the Dismissal of Plaintiff's Due Process Claims and find that Plaintiff had and has no property interest, and order Plaintiff to desist on insisting that there is still a viable claim under the 14th Amendment of the U.S. Constitution and for all other relief to which he may be entitled.

Respectfully submitted,

Willette & Guerra, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Eileen M. Leeds
State Bar No. 00791093
USDC Adm. No. 16799

Charles Willette, Jr
State Bar No. 21509700
USDC Adm. No. 1937

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___28___ day of February, 2003, a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record as noted hereunder.

**VIA CM/RRR # 7002 0460 0000 6635 1950**
Mr. J. Arnold Aguilar
Law Offices of J. Arnold Aguilar
Artemis Square, Ste. H-2
1200 Central Blvd.
Brownsville, Texas 78520

**VIA REGULAR MAIL**
Elizabeth G. Neally
Roerig, Oliveira, & Fisher, L.L.P.
855 W. Price Road, Ste. 9
Brownsville, Texas 78520

_____
Eileen M. Leeds

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DINO X. CHAVEZ § | |
| § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. B-02-128 |
| BROWNSVILLE INDEPENDENT § | JURY REQUESTED |
| SCHOOL DISTRICT AND § | |
| NOE SAUCEDA § | |

**ORDER GRANTING DEFENDANT NOE SAUCEDA'S OBJECTION AND RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISMISSAL OF PLAINTIFF'S DUE PROCESS CLAIMS**

On this the _____ day of _____, 2003, came on for consideration Defendant Noe Sauceda's Objection and Response to Plaintiff's Motion for Reconsideration of Dismissal of Plaintiff's Due Process Claims. Having examined same and considered the arguments of counsel, this Court is of the opinion that said Motion should be GRANTED.

IT IS THEREFORE ORDERED that Defendant Noe Sauceda's Objection and Response to Plaintiff's Motion for Reconsideration of Dismissal of Plaintiff's Due Process Claims is SUSTAINED

SIGNED on this _____ day of _____, 2003.

_____
JUDGE PRESIDING

xc:
Ms. Eileen M. Leeds, Willette & Guerra, L.L.P., 3505 Boca Chica, Ste. 460, Brownsville, Texas 78521
Mr. J. Arnold Aguilar, Law Offices of J. Arnold Aguilar, Artemis Square, Ste. H-2, 1200 Central Blvd., Brownsville, Texas 78520
Ms. Elizabeth G. Neally, Roerig, Oliveira, & Fisher, L.L.P., 855 W. Price Road, Ste. 9, Brownsville, Texas 78520

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DINO X. CHAVEZ § § § | |
| VS. § § | CIVIL ACTION NO. B-02-128 |
| BROWNSVILLE INDEPENDENT § SCHOOL DISTRICT AND § NOE SAUCEDA § | JURY REQUESTED |

**ORDER SETTING HEARING ON DEFENDANT NOE SAUCEDA'S OBJECTION AND RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISMISSAL OF PLAINTIFF'S DUE PROCESS CLAIMS**

On this the _____ day of _____ 2003, came on to be considered Defendant Noe Sauceda's Objection and Response to Plaintiff's Motion for Reconsideration of Dismissal of Plaintiff's Due Process Claims. After considering same, the Court is of the opinion that a hearing should be held.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Defendant Noe Sauceda's Objection and Response to Plaintiff's Motion for Reconsideration of Dismissal of Plaintiff's Due Process Claims be and is hereby set for hearing on the _____ day of _____, 2003 at _____ o'clock in this Honorable Court.

SIGNED FOR ENTRY on this the _____ day of _____, 2003.

_____
JUDGE PRESIDING

xc:
Ms. Eileen M. Leeds, Willette & Guerra, L.L.P., 3505 Boca Chica, Ste. 460 , Brownsville, Texas 78521
Mr. J. Arnold Aguilar, Law Offices of J. Arnold Aguilar, Artemis Square, Ste. H-2, 1200 Central Blvd., Brownsville, Texas 78520
Ms. Elizabeth G. Neally, Roerig, Oliveira, & Fisher, L.L.P., 855 W. Price Road, Ste. 9, Brownsville, Texas 78520