Case 1:02-cv-00128  Document 37   Filed in TXSD on 03/04/2003   Page 1 of 6

37

United States District Court
Southern District of Texas
FILED

MAR 0 4 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DINO CHAVEZ, | § | |
| Plaintiff, | § § § | |
| vs. | § § | |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT and NOE SAUCEDA, | § § § § | |
| Defendants | § § | |
| ------------------------------------------------- | § § | CIVIL ACTION NO. B-02-128 |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Third-Party Plaintiff, | § § | |
| vs. | § § | |
| AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS (AFLAC), | § § § § | |
| Third-Party Defendant | § § | |

## AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS'S ORIGINAL ANSWER

Third-Party Defendant American Family Life Assurance Company of Columbus ("AFLAC"), by and through its attorneys, hereby answers the Brownsville Independent School District's ("BISD") Third-Party Petition against American Family Life Assurance Company, [*sic*] of Columbus (AFLAC) (the "Complaint"), as follows:

1.  Third-Party Defendant admits that Defendant/Third-Party Plaintiff BISD purports to be a governmental entity, but is without knowledge or information sufficient to form a belief as to whether BISD is a governmental entity for all purposes, and therefore denies that BISD is a

governmental entity. Third-Party Defendant admits the remainder of the allegations contained in paragraph 1 of the Complaint.

2. Third-Party Defendant admits the allegations contained in paragraph 2 of the Complaint, except that AFLAC states that the address of its attorney of record, C. Brian Cassidy, is 100 Congress Avenue, Suite 300, Austin, Texas 78701.

3. Third-Party Defendant denies that AFLAC's provision of insurance plans by and through its independent contractor, to employees of BISD caused the "incident" that is the subject of this lawsuit. Third-Party Defendant admits the remaining allegations contained in paragraph 3 of the Complaint.

4. Third-Party Defendant admits the allegations contained in sentences 1 and 2 of paragraph 4 of the Complaint. Third-Party Defendant admits that Plaintiff Dino Chavez filed his First Amended Original Complaint on August 1, 2002, and purports to assert a claim against BISD for damages resulting from a deprivation of constitutional rights to free speech and due process of law.

5. Third-Party Defendant admits that Plaintiff Dino Chavez purports to allege claims for the damages listed in paragraph 5 of the Complaint.

6. Third-Party Defendant admits the allegations contained in sentence 1 of paragraph 6 of the Complaint. Third-Party Defendant admits that Plaintiff Dino Chavez was an independent contractor of AFLAC. Third-Party Defendant admits that Plaintiff Dino Chavez was a limited agent of AFLAC, but denies that Dino Chavez was an agent of AFLAC for all purposes. Third-Party Defendant denies that Plaintiff Dino Chavez was ever an employee of AFLAC. Third-Party Defendant admits the remainder of sentence 2 of paragraph 6 of the Complaint.

04055:00005 : AUSTIN : 270624.1

7. Third-Party Defendant denies the allegations in paragraph 7 of the Complaint.

8. Third-Party Defendant is without knowledge or information sufficient to form a belief as to the allegations in sentence 1 of paragraph 8 of the Complaint. Third-Party Defendant denies the allegations contained in sentence 2 of paragraph 8 of the Complaint.

9. Third-Party Defendant denies the allegations in paragraph 9 of the Complaint.

10. Because Defendant/Third-Party Plaintiff has asserted no contractual claims in this lawsuit, there are no conditions precedent to the filing of this lawsuit or the recovery of the damages prayed for in the Complaint; therefore, Defendant/Third-Party Plaintiff has not performed any conditions precedent, and Third-Party Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Third-Party Defendant admits the allegations in sentence 1 of Paragraph 11, except that Third-Party Defendant denies that Plaintiff Dino Chavez's relationship with AFLAC was terminated. Third-Party Defendant admits the allegations in sentence 2 of Paragraph 11, except that it is without knowledge or information sufficient to form a belief as to the validity of Plaintiff's underlying allegations.

12. Third-Party Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. All allegations not expressly admitted are deemed denied.

## FIRST AFFIRMATIVE DEFENSE

14. Defendant/Third-Party Plaintiff's recovery upon the claims alleged in the Complaint is barred, in whole or in part, for failure to state a claim upon which relief can be granted. At all times relevant to the Complaint, AFLAC was not acting on behalf of or purporting to act on behalf of the State in the matters at issue in this lawsuit. Accordingly,

AFLAC cannot be liable to Plaintiff Dino Chavez under 42 U.S.C. § 1983 and Defendant/Third-Party Plaintiff could have no right to contribution from AFLAC under Texas law. Additionally, no common law right to contribution or indemnification exists with respect to claims arising under 42 U.S.C. § 1983. Defendant/Third-Party Plaintiff has not asserted any right to contractual indemnification.

### SECOND AFFIRMATIVE DEFENSE

15. Defendant/Third-Party Plaintiff is precluded from obtaining the relief sought in its Complaint under the doctrine of "unclean hands."

### THIRD AFFIRMATIVE DEFENSE

16. Defendant/Third-Party Plaintiff is precluded from obtaining the relief sought in its Complaint under the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

17. Defendant/Third-Party Plaintiff is precluded from obtaining the relief sought in its Complaint under the doctrine of equitable estoppel.

### FIFTH AFFIRMATIVE DEFENSE

18. Defendant/Third-Party Plaintiff is precluded from obtaining the relief sought in its Complaint under the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

19. Third-Party Defendant intends to rely on any additional affirmative defenses that become available or apparent during discovery and, therefore, specifically reserves the right to supplement this Answer to assert such additional defenses.

WHEREFORE, Third-Party Defendant American Family Live Assurance Company of Columbus prays:

(1) that Defendant/Third-Party Plaintiff's Complaint be dismissed in its entirety with prejudice;

(2) that Defendant/Third-Party Plaintiff take and recover nothing from Third-Party Defendant; and

(3) that this Court award such other and further relief to Third-Party Defendant as it may deem just and proper.

Respectfully submitted,

William B. Steele III
Attorney In Charge
So. Dist. No. 8019
State Bar No. 19107400
Of Counsel:
LOCKE LIDDELL & SAPP LLP
100 Congress Ave., Suite 300
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Fax)

Valorie C. Glass
So. Dist. No. 15303
State Bar No. 00784135
Of Counsel:
ATLAS & HALL, L.L.P.
818 Pecan
P.O. Box 3725
McAllen, Texas 78502
(956) 682-5501
(956) 686-6109 (Fax)

**ATTORNEYS FOR THIRD-PARTY DEFENDANT AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS**

04055:00005 : AUSTIN : 270624.1

## CERTIFICATE OF SERVICE

      I hereby certify by my signature below that a true and correct copy of the above has been forwarded by certified mail, return receipt requested, to the counsel of record listed below this 4th day of March, 2003.

      Elizabeth G. Neally
      Ricardo Morado
      Roerig, Oliveira & Fisher, LLP
      855 West Price Road, Suite 9
      Brownsville, Texas 78550

      J. Arnold Aguilar
      Law Office of J. Arnold Aguilar
      Artemis Square, Suite H-2
      1200 Central Boulevard
      Brownsville, Texas 78520

      Eileen Leeds
      Willette & Guerra
      3505 Boca Chica Boulevard., Suite 460
      Brownsville, Texas 78521

                                              William B. Steele III

04055:00005 : AUSTIN : 270624.1