IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 6 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DINO CHAVEZ | § | |
| | § | |
| vs. | § | |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT and NOE SAUCEDA, | § | CIVIL ACTION NO. B-02-128 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT | § | |
| | § | |
| vs. | § | |
| | § | |
| AMERICAN FAMILY LIFE ASSURANCE | § | |
| COMPANY OF COLUMBUS | § | |

**DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISMISSAL OF PLAINTIFF'S DUE PROCESS CLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** the BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, one of the named Defendants in the above-styled and numbered cause and files and serves this its Response to Plaintiff's Motion for Reconsideration of Dismissal of Plaintiff's Due Process Claim, and would show the Court the following:

**Defendant Brownsville I.S.D.'s Response to**     **PAGE 1**
**Plaintiff's Motion for Reconsideration of Dismissal of Plaintiff's Due Process Claim**
23028 - Mtn Rspns Reconsideration.wpd

**I.**

1.  On January 16, 2003, the Court considered the Defendants' Motion to Dismiss for Failure to State a Claim [Dkt Nos. 15 and 18] and the Plaintiff's Response thereto [Dkt No. 21] and by Order [Dkt No. 29], the Court concluded that Plaintiff has failed to state a due process claim and Defendants' Motions to Dismiss this portion of the Complaint were granted.

**II.**

2.  Plaintiff has asked the Court to reconsider its claim of due process. Plaintiff's Second Amended Original Petition continues to address 14th Amendment causes of actions and now raises 5th Amendment causes of action. Not only was Plaintiff an independent contractor with Brownsville Independent School District, he was also an independent agent authorized by the American Family Life Assurance Company of Columbus ("AFLAC") to sell its products. There is no dispute that Mr. Chavez remains appointed to the AFLAC; however, AFLAC later reassigned Dino Chavez from AFLAC's account with the Brownsville Independent School District.

3.  As Plaintiff indicates, the Third Party Administrator for 2001 was AFLAC, not Mr. Chavez. Mr. Chavez's chosen profession is to sell insurance. This is undisputed. Mr. Chavez further claims that his constitutional rights have been deprived because he was deprived of his "right" to sell ancillary insurance products to Brownsville I.S.D. employees.

4.  Plaintiff attaches various exhibits to his Motion for Consideration. Among those exhibits is the letter from AFLAC's attorney, William B. Steel, III to Plaintiff Chavez's attorney, Ted Rodriguez dated September 7, 2001. In this letter, Mr. Chavez is reminded of the provisions

**Defendant Brownsville I.S.D.'s Response to**                                          **PAGE 2**
**Plaintiff's Motion for Reconsideration of Dismissal of Plaintiff's Due Process Claim**
23028 - Mtn Rspns Reconsideration.wpd

of his independent contract with AFLAC wherein it is expressly provided in paragraphs 2(c) as follows: *"AFLAC reserves the right to reassign any account for servicing and to designate whom may submit applications from persons in the account in its sole discretion."*

5. In this letter, Plaintiff Chavez was further reminded that in paragraph 3 of his independent contract with AFLAC, it is stated that the accounts and records, which include the BISD accounts, shall remain the property of AFLAC exclusively and that Mr. Chavez has no property rights to AFLAC accounts.

6. AFLAC correctly points out in the letter that the Brownsville I.S.D. account belongs to AFLAC and not to Dino Chavez. It is hard to imagine how Dino Chavez can assert a property right when he was not an employee with the Brownsville I.S.D., and was a mere independent contractor with the company that the School District continued to do business with. Plaintiff quotes the following from **Vander Zee** in his brief.

> *"An individual's 'right to hold specific private employment and to follow a chosen profession free from government interference comes within the 'liberty' and 'property' concepts of the Fifth Amendment."* **Vander Zee** 73 F.3d at 1370, citing **Tillman v. City of Westpoint**, 953 F.Supp. 145 (N.D. Miss 1996) and **Greene v. McElroy**, 360 U.S. 474, 492 79 S.Ct. 1400, 1411 (1959).

However, the court in **Vander Zee** also held that: *" mere injury to reputation or the impairment of future employment prospects fails to independently state constitutionally cognizable claims."* **Tillman**, 953 F.Supp. 147, 148, citing **Siegert v. Gilley**, 500 U.S. 226, 233-34 , 11 S.Ct.1789, 1793-194 (1991); **State of Texas v. Thompson**, 70 F.3d 390, 392 (5th Cir. 1995).

**Defendant Brownsville I.S.D.'s Response to**  **PAGE 3**
**Plaintiff's Motion for Reconsideration of Dismissal of Plaintiff's Due Process Claim**
23028 - Mtn Rspns Reconsideration.wpd

7.  Plaintiff misleads the court by claiming that a deprivation of the Brownsville I.S.D. account allowed Plaintiff the right to bring suit under 42 U.S.C. §1983 and claim loss of due process. One of the chief cases relied on by Plaintiff is **Vander Zee v. Reno**. The court in **VanderZee** concluded that dismissal under F.R.C.P. 12(b)(6) was proper. In **VanderZee**, a plaintiff bank executive reported large deposits from persons indicted for drug trafficking. After the federal agency settled the money laundering violations with the employer, plaintiff sued defendant officials for violations of the United State Constitution Amendment V, due process claiming conditions, which prevented defense or reimbursement of attorney's fees, impugned his character, violated his rights. Plaintiff did not allege facts sufficient deprivation of liberty interest under a stigma plus infringement test or defacto licencing analysis. Vander Zee urged that he was deprived of his liberty interest and future employment within the Savings & Loan industry and that his property interest and his employment with his current employer because the defendant had both coerced his termination and prevented his current employer from rehiring him. He also claimed property interest and reimbursement for his attorney's fees in the criminal proceedings to which he was entitled under Texas law. The court concluded that Vander Zee's claim of: *"the loss of 'his freedom of choice in the job market,' we are in the agreement by the district court that this claim is barred by the Supreme Court's decision in **Siegert**. Neither harm to reputation nor the consequent impairment of future employment opportunities are constitutionally cognizable injuries"*. **Vander Zee**, 73 F.3d at 1369 citing **Siegert v. Gilley**, 500 U.S. 226, 233-35 111 S.Ct. 1789, 1794 (1991) and **State of Texas v. Thompson**, 70 F.3d 390, 392 (5th Cir. 1995).

**Defendant Brownsville I.S.D.'s Response to**  **PAGE 4**
**Plaintiff's Motion for Reconsideration of Dismissal of Plaintiff's Due Process Claim**
23028 - Mtn Rspns Reconsideration.wpd

8. The Court correctly dismissed Plaintiff's 14th Amendment claims. Plaintiff's Motion for Re-Consideration of that dismissal has demonstrated no property right, and in fact emphasizes that Plaintiff's claims are unfounded given the facts that he asserts. Further, the case law relied on by Plaintiff in asserting his claims is mis-applied. Plaintiff's attempt to reassert this claim in his Second Amended Original Petition should also be barred and Plaintiff should be required to replead according to the court's prior ruling.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Brownsville Independent School District respectfully prays that this Court deny Plaintiff's Motion for Reconsideration of its Due Process Claims, to deny Plaintiff's to desist from asserting any claims under the 14th Amendment of the United States Constitution, and for such other and further relief as is just and equitable.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, LLP**
855 West Price Road, Suite 9
Brownsville, Texas 78550
Telephone: (956) 542-5666
Facsimile: (956) 542-0016
Counsel for Defendant,

**Attorney for Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT**

By: _____
Elizabeth G. Neally
State Bar No. 14840400
Federal Adm. No. 8044
Ricardo Morado
Federal ID No.1213
State Bar No. 14417250

**Defendant Brownsville I.S.D.'s Response to**  **PAGE 5**
**Plaintiff's Motion for Reconsideration of Dismissal of Plaintiff's Due Process Claim**
23028 - Mtn Rspns Reconsideration.wpd

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing **DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S DUE PROCESS CLAIMS** has been served via United States Postal Service to the Counsel of Record, as follows:

J. Arnold Aguilar
**Law Office of J. Arnold Aguilar**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

Eileen Leeds
**Willette & Guerra**
3505 Boca Chica Boulevard, Suite 460
Brownsville, Texas 78521

C. Brian Cassidy
Buddy Steel
**Lock, Laddell & Sapp, L.L.P.**
100 Congress Avenue, Suite 300
Austin, Texas 78701

on this ___ day of March, 2003.

ELIZABETH G. NEALLY

**Defendant Brownsville I.S.D.'s Response to**
**Plaintiff's Motion for Reconsideration of Dismissal of Plaintiff's Due Process Claim**
23028 - Mtn Rspns Reconsideration.wpd

**PAGE 6**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DINO CHAVEZ § | |
| § | |
| vs. § | |
| § | |
| BROWNSVILLE INDEPENDENT § | |
| SCHOOL DISTRICT et al. § | |
| § | CIVIL ACTION NO. B-02-128 |
| § | |
| BROWNSVILLE INDEPENDENT § | |
| SCHOOL DISTRICT § | |
| § | |
| vs. § | |
| § | |
| AMERICAN FAMILY LIFE ASSURANCE § | |
| COMPANY OF COLUMBUS § | |
| § | |

## **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

BE IT REMEMBERED that on _____, 2003, the Court considered the Plaintiff's Motion for Reconsideration of Plaintiff's Due Process Claim [Dkt No. \_\_\_] and the response thereto, and the court is opinion that Plaintiff's Motion for Reconsideration should be denied.

**IT IS THEREFORE ORDERED**, that Plaintiff's Motion for Reconsideration of Plaintiff's Due Process Claim is hereby **DENIED**.

ENTERED this \_\_\_\_\_ day of _____, 2003.

                                                     Hilda G. Tagle
                                        United States District Judge

cc:    J. Arnold Aguilar
       Eileen Leeds
       Elizabeth G. Neally
       C. Brian Cassidy