United States District Court
Southern District of Texas
FILED

MAR 1 1 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DINO X. CHAVEZ | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, NOE SAUCEDA, | § | B - 02 - 128 |
| and RANDY DUNN, MARILYN DEL | § | |
| BOSQUE-GILBERT and HUGH EMERSON, | § | |
| JR., in their official capacities as Board | § | |
| Members of Brownsville Independent | § | |
| School District | § | |

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S FIRST AMENDED MOTION FOR LEAVE TO FILE PLAINTIFF'S SECOND AMENDED COMPLAINT TO INCLUDE ADDITIONAL DEFENDANTS AND TO PROVIDE RULE 7(a) REPLY**

TO THE HONORABLE U.S. DISTRICT COURT:

COMES NOW **DINO X. CHAVEZ**, Plaintiff herein, and respectfully files this his Reply to Defendant Brownsville Independent School District's Objections to Plaintiff's Motion for Leave to Amend Petition and Defendant Noe Sauceda's Objection to Plaintiff's Amended Motion for Leave to File Plaintiff's Second Amended Original Complaint, and for such reply would respectfully show unto the Court the following:

1.      Pursuant to this Court's order of January 16, 2003, Plaintiff was ordered "to submit to the Court a Rule 7(a) reply tailored to BISD's defense of qualified immunity no later than 3:00 p.m. on Monday, February 10, 2003. Defendants do not appear to dispute that an

Amended Original Complaint is the appropriate avenue through which a Rule 7(a) reply is to be provided. Instead, they challenge Plaintiff's addition of a cause of action under the Fifth Amendment, inclusion of a due process claim previously ordered dismissed, and the request to add Del Bosque-Gilbert and Dunn as party defendants. Each of these actions were appropriate, however.

2.  Initially, Defendants complain that Plaintiff has added a new cause of action for violation of the Fifth Amendment. Defendant Sauceda also points out that a Fifth Amendment claim would apply only against federal actors. Plaintiff does not dispute that the Fifth Amendment applies only to federal actors, and would further assert that he is not seeking an independent Fifth Amendment claim. In providing a more detailed response pursuant to Rule 7(a), as ordered by the Court, Plaintiff felt it was incumbent on him to further expound on the basis for his Fourteenth Amendment due process claim. As the Court is aware, prior to the Civil War, parties had due process rights only through the Fifth Amendment, and only as against federal actors. *Barron v. Baltimore*, 32 U.S. 243, 8 L.Ed. 672 (1833). The due process restrictions and parameters were set out through applicable case law interpreting the Fifth Amendment. It was only with the ratification of the Fourteenth Amendment on July 9, 1868, that those same due process rights were extended to the states, prohibiting any state from depriving "any person of life, liberty, or property, without due process of law...." The genesis of the due process rights set out in the Fourteenth Amendment, however, was established through the Fifth Amendment. *See e.g., Dolan v. Tigard*, 512 U.S. 374, 383-84, 114 S.Ct. 2309, 2316, 129 L.Ed.2d 304 (1994); *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 481 n.10, 1075 S.Ct. 1232, 1240 n.10, 94 L.Ed.2d 472 (1987); *Chicago, B & Q.R.*

*Co. v. Chicago*, 166 U.S. 226, 234-35, 17 S.Ct. 581, 584, 41 L.Ed. 979 (1897). Plaintiff is therefore not seeking to establish a new and independent claim for violation of the Fifth Amendment, but rather is only setting out the basis for the establishment and parameters of his rights under the Fourteenth Amendment.

3. Defendant BISD also complains that Plaintiff has re-urged his previously filed Motion for Leave to add Del Bosque-Gilbert and Dunn as party defendants. That motion had originally been filed on December 5, 2002, but as of the deadline for Plaintiff's filing his Rule 7(a) reply, February 10, 2003, the Court had not yet ruled on that motion. In order to avoid waiver or confusion in filing multiple motions for leave, Plaintiff chose to combine those requests in the same document.

4. Plaintiff has set out that there is a need to add Del Bosque-Gilbert and Dunn as Defendants in order to accord complete relief to Plaintiff, based on the facts herein, and to avoid a duplication of discovery, time and effort of all parties, as well as to avoid possibly inconsistent judgments in separate lawsuits. Plaintiff would therefore be entitled to joinder of these parties defendant either as necessary parties because in their absence complete relief cannot be accorded to Plaintiff, pursuant to Rule 19, or as permissible parties pursuant to Rule 20, because Plaintiff's right to relief against him arose out of the same transactions, occurrences, or series of transactions or occurrences, and questions of law and fact will be common to all Defendants arising out of this action. Under either rule, however, these parties should be joined as defendants.

5. Similarly, Plaintiff included his due process claims because of his pending Motion for Reconsideration of Dismissal of Plaintiff's Due Process Claims. Even if this motion should

be denied, however, there is no need or reason to remove those claims from Plaintiff's Complaint, since that document is not presented to the jury anyway. It is only the Joint Pretrial Order that controls the issues that ultimately go to the jury. Leaving Plaintiff's claims in his Complaint thereby reserves Plaintiff's assertion of those claims without waiver. Plaintiff did not want to risk waiver of any claims by removing those claims from his Complaint without an order from the Court to actually remove those claims. As set out in Plaintiff's Motion for Reconsideration of Dismissal of Plaintiff's Due Process Claims, Plaintiff believes that his due process claim should actually be reinstated. The explanation of Plaintiff's employment status should establish that he indeed did have rights to due process that were violated by Defendants.

6. Finally, Defendant BISD complains that because these Defendants had been previously dismissed in their official capacities, Plaintiff should not now be allowed to add them in their individual capacities. As set out in Plaintiff's Motion for Leave to File Plaintiff's First Amended Original Complaint, Plaintiff sought only to dismiss these Defendants in their official capacities. As their prior counsel explained in their Motion to Dismiss,

> Chavez's complaint states that he sues Dunn, Del Bosque-Gilbert and Emerson, Jr. "in their official capacities." No mention is made of any claims asserted against them in their individual capacities. Movants assert, therefore, that this suit be construed as not stating any claims against them in their individual capacities.
>
> However, if movants are indeed sued only in their official capacities, then their inclusion in a lawsuit that also names BISD as a defendant is superfluous and unjustifiably harassing. *See Turner v. Houma Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000)(suit against government official in official capacity pleads an action only against the government entity of which the official is an agent, and plaintiff who is awarded damages in an official capacity suit must look only to government entity itself for recovery).

**Motion to Dismiss Under Rule 12(B)(6) for Failure to State a Claim Upon Which Relief Can Be Granted on Behalf of Defendants Randall Dunn, Marilyn Del Bosque-Gilbert, and Hugh Emerson, Jr.**, pp.5-6. There should be no question, therefore, that the only claims dismissed were against these parties in their official capacities.

5.   As set out in Plaintiff's proposed Second Amended Original Complaint, Plaintiff now seeks to add claims against these Defendants in their *individual* capacities. As set out therein, Plaintiff alleges these Defendants used their official positions for personal gain, and in the process violated Plaintiff's constitutional rights. In acting for their own personal gain, their actions were not in their official capacities and for the benefit of the District, and therefore they are individually liable for those actions.

6.   Defendant BISD references a separate lawsuit filed by these proposed Defendants against Plaintiff herein, suggesting that Plaintiff's claims should be brought in that separate state court proceeding. Plaintiff is bringing federal claims, however, for which he has a right to file suit in federal court, much like Defendant BISD chose to do when it removed this action from state court. Defendant BISD should not now be heard to complain that Plaintiff is relying on the same authority to file an action in federal court as it relied on to remove this action from state court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff **DINO X. CHAVEZ** respectfully requests that the Court enter an Order granting leave to file Plaintiff's Second Amended Original Complaint, and that Plaintiff be granted such other and further relief to which he may be entitled, whether general or special, at law and in equity.

Signed on this the 11th day of March, 2003.

                Respectfully submitted,

                **LAW OFFICE**
                **J. ARNOLD AGUILAR**
                Artemis Square, Suite H-2
                1200 Central Boulevard
                Brownsville, Texas  78520
                Telephone   :  (956) 504-1100
                Facsimile    :  (956) 504-1408

By: _____
                J. Arnold Aguilar
                State Bar No. 00936270
                Federal Adm. No. 6822

                Attorney for Plaintiff,
                DINO X. CHAVEZ

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S FIRST AMENDED MOTION FOR LEAVE TO FILE PLAINTIFF'S SECOND AMENDED COMPLAINT TO INCLUDE ADDITIONAL DEFENDANTS AND TO PROVIDE RULE 7(a) REPLY** has on this the 11th day of March, 2003, been forwarded via certified mail, return receipt requested to:

Ms. Elizabeth G. Neally
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Rd., Suite 9
Brownsville, TX 78520

Ms. Eileen M. Leeds
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, TX 78521

Mr. William B. Steele, III
LOCKE, LIDDELL & SAPP, L.L.P.
100 Congress Avenue, Suite 300
Austin, TX 78701

J. Arnold Aguilar