IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 9 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DINO CHAVEZ, § § Plaintiff, § § vs. § § BROWNSVILLE INDEPENDENT § SCHOOL DISTRICT and NOE SAUCEDA, § § Defendants. § § ------------------------------------------------ § BROWNSVILLE INDEPENDENT § SCHOOL DISTRICT, § § Third-Party Plaintiff, § § vs. § § AMERICAN FAMILY LIFE ASSURANCE § COMPANY OF COLUMBUS (AFLAC), § § Third-Party Defendant. § | CIVIL ACTION NO. B-02-128 |

**THIRD-PARTY DEFENDANT AMERICAN FAMILY LIFE
ASSURANCE COMPANY OF COLUMBUS'S MOTION
TO DISMISS AND BRIEF IN SUPPORT**

Third-Party Defendant American Family Life Assurance Company of Columbus ("AFLAC") moves to dismiss Third-Party Plaintiff Brownsville Independent School District's ("BISD") claims for contribution and indemnity, because BISD's Third-Party Petition fails to state a claim for relief.

**SUMMARY OF THE ARGUMENT**

1. This case concerns Plaintiff Dino Chavez's ("Chavez") allegations that Defendant BISD deprived his constitutional rights to free speech and due process of law and the proper

assignment of any liability for such alleged deprivations. Defendant BISD denies Chavez's allegations. However, BISD incorrectly avers that if it is liable for depriving Chavez of his constitutional rights, it is entitled to contribution or indemnity from Third-Party Defendant AFLAC.

2. BISD's claims for contribution and indemnification suffer from one fatal pleading defect: even if BISD's factual allegations are true, BISD cannot recover its damages from AFLAC as a matter of law. AFLAC's argument is summarized as follows:

    a. This Court should dismiss BISD's claims against AFLAC because no right to indemnification or contribution exists for claims arising under Section 1983.

    b. Even if a right to contribution were somehow found to exist for claims arising under Section 1983, BISD's conclusory pleading in its Third-Party Petition fails to state a claim for contribution.

    c. This Court should not recognize a right to indemnification for claims arising under Section 1983, but even if such a right were recognized, BISD's conclusory pleading in its Third-Party Petition fails to state a claim for indemnification.

Because the Third-Party Petition fails to state a claim upon which relief may be granted, Third-Party Plaintiff's claims should be dismissed under Rule 12(b)(6).

## STATEMENT OF THE ISSUES

3. This Court is asked herein to resolve the following three issues:

    a. whether there is a right to contribution or indemnification for claims arising under 42 U.S.C. § 1983;

    b. whether the Third-Party Petition states a claim for contribution upon which relief may be granted; and

    c. whether the Third-Party Petition states a claim for indemnification upon which relief may be granted.

In each case, the Court should answer "no."

4. A party is entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the plaintiff's pleading and may be granted where no set of facts can be established in support of the plaintiff's claim. *Amoco Chem. Co. v. Tex Tin Corp.*, 925 F. Supp. 1192, 1206 (S.D. Tex. 1996). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But a plaintiff "must plead specific facts, not mere conclusory allegations," to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

## FACTUAL BACKGROUND

5. In 1994, Plaintiff Chavez was appointed as an independent contractor authorized to solicit applications for insurance policies offered for sale by AFLAC. In 1998, AFLAC and Chavez entered into an additional contract making Chavez a Regional Sales Coordinator for AFLAC, while retaining Chavez's status as an independent contractor.[1]

6. Also in 1998, Chavez submitted a proposal on behalf of AFLAC for coordination of BISD's Section 125 Cafeteria Plan. In November of 1998, BISD approved the proposal and AFLAC was awarded the Section 125 Cafeteria Plan Services Contract. Chavez coordinated BISD's employees' cafeteria plan enrollment from 1998 through late 2000.

---

[1] In the Affidavit of Dino X. Chavez attached as Exhibit A to the Motion for Reconsideration of Dismissal of Plaintiff's Due Process Claims, filed with this Court on February 20, 2003 (hereinafter the "Chavez Affidavit"), Plaintiff admits that, as a Regional Sales Coordinator, he retained his status as an independent insurance agent, and was not an AFLAC employee. (Chavez Affidavit ¶ 2.)

7. In the fall of 2001, BISD again solicited requests for qualifications for third party administrators to administer its Section 125 Cafeteria Plan. Chavez again submitted a proposal to BISD on behalf of AFLAC.

8. During the course of the bidding process, Chavez began to question BISD's actions, particularly those of some of the members of the school board, in relation to the bidding process. Chavez began a letter-writing campaign and spoke at school board meetings to voice his concerns.

9. In or about November of 2001, AFLAC received a copy of a letter sent to Chavez by Noe Sauceda, BISD's Superintendent of Schools ("Sauceda"), referring to Plaintiff's allegedly unprofessional and unethical conduct and stating that AFLAC's proposal to act as third party administrator to administer BISD's Section 125 Cafeteria Plan n had been rejected.[2]

10. Ultimately, BISD agreed to reconsider AFLAC's proposal, provided that AFLAC appointed another agent to service the BISD account.[3] AFLAC sent another representative to present its proposal for services and was granted the Section 125 Cafeteria Plan Services Contract.

11. In December 2001, AFLAC informed Chavez that it was exercising its contractual rights to terminate the Chavez's Regional Sales Coordinator's Agreement at will and without cause, and would do so in thirty (30) days.

---

[2] The November 29, 2001, letter from Sauceda to Chavez is attached as Exhibit B to Plaintiff Dino X. Chavez's Response to Defendant BISD's and Defendant Noe Sauceda's Motions to Dismiss, filed on October 18, 2002 in this case.

[3] On page 4 of his Response to Defendant BISD's and Defendant Noe Sauceda's Motions to Dismiss, filed on October 18, 2002 in this case, Plaintiff affirms that "AFLAC was thereafter allowed to continue servicing BISD only after Plaintiff Chavez was removed."

12. Although AFLAC terminated Chavez's Regional Sales Coordinator's Agreement, Chavez admits that he is still an independent insurance agent authorized to sell AFLAC products. *(See* Chavez Affidavit ¶ 2.)

13. On or about August 2, 2002, Chavez filed his First Amended Original Complaint asserting claims against BISD and Sauceda under 42 U.S.C. § 1983 for deprivation of his constitutional rights to free speech and due process of law.

14. On January 14, 2003, this Court granted BISD's motion to dismiss Chavez's claims for deprivation of his constitutional right to due process. Plaintiff Chavez has filed a motion for reconsideration of that decision. Accordingly, the only claim currently remaining against BISD is Chavez's claim for deprivation of his First Amendment right to freedom of speech.

15. Also on January 14, 2003, Brownsville Independent School District's Third-Party Petition Against American Family Life Assurance Company, of Columbus (AFLAC (the "Third-Party Petition") was filed, asserting claims against AFLAC for contribution and/or indemnification.

## ARGUMENT

### I. NO RIGHT TO CONTRIBUTION OR INDEMNIFICATION EXISTS FOR CLAIMS ARISING UNDER SECTION 1983

16. This Court should dismiss BISD's claims against AFLAC because BISD cannot recover on its claims as a matter of law. BISD's claims rest on the premise that it has a right to recover contribution and indemnification from AFLAC for Plaintiff's Section 1983 claim against BISD for infringement of Plaintiff's constitutional rights. This Court should find that no right for contribution or indemnification exists for federal civil rights claims arising under Section 1983 and, therefore, that BISD's initial premise is incorrect.

17. Section 1983 establishes liability for

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

5

be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...

42 U.S.C. § 1983.[4] The remedies for violations of Section 1983 are found in Section 1988. 42 U.S.C. § 1988, which provides:

> [t]he jurisdiction in civil matters and criminal matters conferred on the district courts ... for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against the law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause ....

42 U.S.C. § 1988.

18. Section 1988 does not provide either an express or an implied right to contribution or indemnification. *Id. See also Wright v. B.J. Reynolds*, 703 F. Supp. 583, 591 (N.D. Tex. 1988). The issue thus becomes whether recognition of a right to contribution or indemnification falls within the remedial powers granted by Congress in Section 1988. *See* 42 U.S.C. § 1988; *Wright*, 703 F. Supp. at 591. The statutory scheme established by Section 1988 establishes a three-part test for finding the appropriate law to apply. *Dobson v. D.R. Camden*, 705 F.2d 759, 762 (5th Cir. 1983). First, federal law applies if it is neither deficient nor inapplicable. *Id.* Second, state law applies if federal law does not apply; unless, third, application of state law would be inconsistent with the Constitution and laws of the United States. *Id.* The United States Court of

---

[4] Even if a right to contribution existed under Section 1983, AFLAC could not be held liable for damages resulting from a violation of the statute because it is not a state actor. It is undisputed that AFLAC did not act under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia in its activities and dealings with either Plaintiff or BISD. Accordingly, AFLAC could not be a responsible party under Section 1983.

AUSTIN:04055/00005:271411v1

Appeals for the Fifth Circuit has not squarely addressed this issue of whether to recognize a right to contribution or indemnification in civil rights cases arising under Section 1983, but has recognized that most courts analyzing the issue have refused to do so. *See Harris v. Angelina County*, 31 F.3d 331, 338 n. 9 (5th Cir. 1994) (noting that most courts have refused to find a right to contribution under Section 1983, but denying contribution on other grounds).

19. The United States District Court for the Northern District of Texas refused to recognize rights to either contribution or indemnification in a Section 1983 case. *Wright*, 703 F. Supp. at 592. In so doing, the *Wright* court noted that, because the rights of contribution and indemnification are not uniquely federal interests, the courts can fashion remedies under Section 1988 only to the extent allowed by Congress. *Id* at 591-92. Section 1988 grants the courts the power to fashion remedies only "for the protection of all persons in the United States in their Civil rights, and for their vindication." 42 U.S.C. § 1988. The *Wright* court found this of *paramount importance*, recognizing that Section 1988 "does not speak to the rights of those who violated the civil rights of another." *Wright*, 703 F. Supp. at 592. Congress has not authorized the courts to create remedies to protect the rights of individuals who violate the civil rights of others. *Id.* Therefore, this Court should not recognize a right to contribution or indemnification for BISD – an alleged civil rights violator – because to do so would exceed the Court's remedial powers under Section 1988 as granted by Congress. *See id.*

20. The United States District Court for the Southern District of New York refused to recognize a right to contribution or indemnification in cases arising under Section 1983, but analyzed the problem somewhat differently than did the *Wright* court. *Mason v. City of New York*, 949 F. Supp. 1068, 1079 (S.D.N.Y. 1996). In *Mason*, the court applied the three-part test of Section 1988. *Id.* Because federal law does not establish a right to contribution under Section

7

1983, the Court considered the propriety of recognizing a state law right to contribution and found that it would conflict impermissibly with the deterrence policy of Section 1983. *Id.* Permitting a right to contribution would undermine deterrence — one of the primary ends of Section 1983 — because the civil rights violator would not pay for his wrongful acts. *Id.* Therefore, the court found that recognition of a right to contribution is not permissible under the third prong of the Section 1988 test. *Id.* In like fashion, this Court should not allow BISD to recover contribution or indemnity from AFLAC because, to do so, would be to allow a civil rights violator to avoid payment for its wrongs, impermissibly undermining the policy of Section 1983.

## II. BISD'S THIRD-PARTY PETITION FAILS TO STATE A CLAIM FOR CONTRIBUTION

21. Even if a right to contribution were somehow found to exist for claims arising under Section 1983, BISD's conclusory pleading in its Third-Party Petition fails to state a claim for contribution.

22. BISD states in conclusory fashion that Plaintiff's damages were caused by AFLAC's negligence, want of care, and intentional conduct. However, the Third-Party Petition fails to set out a single fact to support this assertion. BISD does not even attempt to explain how AFLAC could be potentially *negligent* for terminating a contractual relationship with an independent insurance agent. BISD's pleading establishes *no* basis for this Court to conclude that AFLAC committed *any* tort in exercising its contractual rights to terminate the Regional Sales Coordinator Agreement with Plaintiff Chavez.

23. BISD completely ignores the tort-based nature of contribution. Contribution in Texas allows a defendant who pays a percentage of the damage greater than his percentage of responsibility to recover that overpayment from other liable defendants. *Pacesetter Pools, Inc. v.*

*Pierce Homes, Inc.*, 86 S.W.3d 827 (Tex. App.—Austin 2002, no pet. h.); TEX. CIV. PRAC. & REM. CODE § 33.015(a). Contribution in Texas is allowed only among *joint tortfeasors*. *Id.* Chapter 33 of the Texas Civil Practices and Remedies Code applies to allow contribution only for "any cause of action based on tort." TEX. CIV. PRAC. & REM. CODE § 33.002(a).

24. Any potential cause of action arising out of AFLAC's termination of the RSC Agreement must necessarily be one for breach of contract, not negligence. Thus, BISD has not and can not show that Plaintiff has a cause of action sounding in tort against AFLAC. BISD cannot, therefore, claim contribution for AFLAC's purported negligence (which negligence AFLAC denies, in any case). An action for contribution is derivative in nature — a right to contribution only arises where the Plaintiff would have a cause of action sounding in tort against the contribution defendant. *Eslon Termoplastics v. Dynamic Sys.*, 891, 902 (Tex. App.—Austin 2001, no pet.). Where, as here, Plaintiff has no such cause of action against a third-party defendant, a third-party plaintiff has no right to contribution from the third-party defendant. Therefore, this Court should dismiss BISD's contribution claim under Federal Rule of Civil Procedure 12(b)(6).

### III. BISD'S THIRD-PARTY PETITION FAILS TO STATE A CLAIM FOR INDEMNIFICATION

25. For the same reasons stated above for not allowing contribution, this Court should not recognize a right to indemnification for claims arising under Section 1983. Congress did not intend to allow a civil rights violator to avoid payment for its wrongs. But even if such a right were recognized, BISD's conclusory pleading in its Third-Party Petition fails to state a claim for indemnification.

26. Indemnification differs distinctly from contribution. *See St. Anthony's Hosp. v. Whitfield*, 946 S.W.2d 174, 177 (Tex. App.—Amarillo 1997, writ denied). Contribution is recoverable

amongst joint tortfeasors when both tortfeasors are at fault because of their own independent acts. *Id.* However, indemnity is recoverable only "in situations where one tortfeasor is liable for the acts of another based purely on the relationship between the two" and is recoverable in Texas in a few limited circumstances. *Id.* First, common law indemnity has been abolished in Texas except in cases where the defendant's liability is purely vicarious. *Id.* BISD and AFLAC are entities doing business together only in purely arms-length transactions, therefore BISD has not asserted and cannot assert any theory under which AFLAC could be vicariously liable for BISD's infringement of Plaintiff's constitutional rights, either to free speech or to due process. Second, indemnification is proper where there is an express or implied agreement between the parties. *Medical Protective Co. v. Groce, Locke & Hebdon*, 814 S.W.2d 124, 130 (Tex. App.—Corpus Christi 1991, writ denied). BISD has not pled any basis for contractual indemnity, nor is AFLAC aware of any contractual indemnity, that would apply to the claims asserted by Plaintiff Chavez. Third, indemnification is proper where provided by statute. *See, e.g., Crane Carrier Co. v. Bostrom Seating, Inc.*, 89 S.W.3d 153, 157-58 (Tex. App.—Corpus Christi 2002, no pet. h.). BISD has not pled, nor is AFLAC aware of, any statutory duty of indemnification that would apply to the claims asserted by Plaintiff Chavez.

27. BISD has not and cannot establish any legal basis supporting its claim for indemnification, even if such a right existed for claims arising under Section 1983. This Court should, therefore, dismiss BISD's cause of action for indemnity from AFLAC for failure to state a claim upon which relief might be granted.

## CONCLUSION

For the foregoing reasons, Third-Party Defendant American Family Life Assurance Company of Columbus respectfully requests that Third-Party Plaintiff Brownsville Independent School District's claims for contribution and indemnity be dismissed.

AUSTIN:04055/00005:271411v1

Respectfully submitted,

*[signature]*

William B. Steele III
Attorney In Charge
So. Dist. No. 8019
State Bar No. 19107400
Jennifer L. Mathis
So. Dist. No. 33961
State Bar No. 24007618
Of Counsel:
LOCKE LIDDELL & SAPP LLP
100 Congress Ave., Suite 300
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Fax)

Valorie C. Glass
So. Dist. No. 15303
State Bar No. 00784135
Of Counsel:
ATLAS & HALL, L.L.P.
818 Pecan
P.O. Box 3725
McAllen, Texas 78502
(956) 682-5501
(956) 686-6109 (Fax)

**ATTORNEYS FOR THIRD-PARTY DEFENDANT AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS**

## CERTIFICATE OF SERVICE

    I hereby certify by my signature below that a true and correct copy of the above has been forwarded by certified mail, return receipt requested, to the counsel of record listed below this 7th day of April, 2003.

Elizabeth G. Neally
Ricardo Morado
Roerig, Oliveira & Fisher, LLP
855 West Price Road, Suite 9
Brownsville, Texas 78550

J. Arnold Aguilar
Law Office of J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

Eileen Leeds
Willette & Guerra
3505 Boca Chica Boulevard., Suite 460
Brownsville, Texas 78521

Jennifer L. Mathis