IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DINO CHAVEZ, <br> Plaintiff, <br><br> vs. <br><br> BROWNSVILLE INDEPENDENT <br> SCHOOL DISTRICT and NOE SAUCEDA, <br> Defendants, <br> ------------------------------------------------- <br> BROWNSVILLE INDEPENDENT SCHOOL <br> DISTRICT, <br> Third-Party Plaintiff, <br><br> vs. <br><br> AMERICAN FAMILY LIFE ASSURANCE <br> COMPANY OF COLUMBUS (AFLAC), <br> Third-Party Defendant. | § § § § § § § § § § § § § § § § § § § | **United States District Court** <br> **Southern District of Texas** <br> **FILED** <br><br> MAY 0 8 2003 <br><br> **Michael N. Milby** <br> **Clerk of Court** <br><br> CIVIL ACTION NO. B-02-128 |

**AFLAC'S RESPONSE IN OPPOSITION TO DEFENDANT NOE SAUCEDA'S
MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST AFLAC**

TO THE HONORABLE JUDGE OF SAID COURT:

Third-Party Defendant American Family Life Assurance Company of Columbus ("AFLAC") files this opposition to Defendant Noe Sauceda's ("Sauceda") Motion for Leave to File Third-Party Complaint against AFLAC, and in opposition to said Motion would show the Court as follows:

I.

Defendant Sauceda asks the Court for leave to file a Third-Party Complaint against AFLAC for "contribution and/or indemnity". The Third-Party Complaint that Sauceda seeks to file is nearly identical to Third-Party Petition filed by defendant Brownsville Independent School District ("BISD") against AFLAC. AFLAC, however, has moved to dismiss BISD's Third-Party Petition due to several legal infirmities which BISD cannot cure. Sauceda's proposed Third-

**Response in Opposition to Sauceda's Motion for Leave to File Third-Party Complaint - Page 1**

Party Complaint suffers from these same legal infirmities. Therefore, this Court should deny Sauceda leave to file a legally invalid Third-Party Complaint against AFLAC.

## II.

In plaintiff Chavez's live pleading, his First Amended Original Complaint, he sues Sauceda for:

- deprivation of Chavez's constitutional right to free speech,[1] a claim arising under 42 U.S.C. §1983,
- tortious interference with contract,
- fraud,
- intentional infliction of emotional stress, and
- libel and slander.

Chavez asserts the same Section 1983 claim against BISD that he asserts against Sauceda. Chavez asserts the state law tort claims only against Sauceda. In seeking contribution and indemnity from AFLAC for Chavez's claims, however, Sauceda's proposed Third-Party Complaint is remarkably similar to the Third-Party Petition filed by BISD on January 14, 2003. In fact, it is nearly the same, word-for-word, but for the change of the name of the third-party plaintiff and the renumbering of paragraphs. In his proposed Third-Party Complaint, Sauceda makes no distinction among the claims for which he seeks contribution and indemnity from AFLAC. Therefore, AFLAC will address them all.[2]

## III.

As stated in AFLAC's Motion to Dismiss, under federal law, Section 1983 claims are not subject to contribution or indemnification. *See* AFLAC's Motion to Dismiss, pp. 5-8. In his

---

[1] Chavez's due process claim was dismissed by the Court on January 16, 2003.

[2] AFLAC refers the Court to its Motion and Brief to dismiss BISD's Third-Party Petition, filed April 9, 2003, and to its Reply to BISD's Response to AFLAC's Motion to Dismiss, which Reply is being filed contemporaneously herewith. For the sake of efficiency, rather than restate those same arguments *verbatim* here, AFLAC will refer the Court to the relevant portions of these two pleadings.

Motion for Leave, Sauceda fails to cite any authority which would hold otherwise. Therefore, just as BISD's claim for contribution or indemnification for Chavez's Section 1983 claim should be dismissed, Sauceda should be denied leave to file the same third-party claims for contribution or indemnification under Section 1983.

## IV.

Sauceda likewise cannot recover contribution for Chavez's state law tort claims against him. Sauceda's Third-Party Complaint, like BISD's, hinges on the allegation that plaintiff's damages were caused by AFLAC's termination of its contract with plaintiff. *Compare* ¶ 8, Sauceda's proposed Third-Party Complaint, to ¶ 9, BISD's Third-Party Petition. Sauceda's proposed third-party action suffers from the same legal infirmity as BISD's. Particularly, Sauceda bases his claim for contribution against AFLAC upon the plaintiff's potential claim for breach of contract against AFLAC.[3] Texas law, however, does not permit contribution for contract claims. *See* AFLAC's Motion to Dismiss, pp. 8-9; AFLAC's Reply to BISD's Response, pp. 2-4. A contract claim cannot be interjected into the tort-based notion of contribution. Sauceda, therefore, has failed to state a cognizable claim for contribution for the tort claims asserted against him by Chavez. Thus, this Court should not grant Sauceda leave to file a legally invalid cause of action.

## V.

Sauceda fails to allege any facts in his proposed Third-Party Complaint that support a third-party claim for indemnity against AFLAC for Chavez's tort claims against Sauceda. Again, as noted in AFLAC's Motion to Dismiss, indemnity is available only in very limited

---

[3] AFLAC denies that plaintiff has any actionable claim against it for termination of plaintiff's Regional Sales Coordinator's agreement. However, because Sauceda's allegations hinge on the presumption that termination of plaintiff's contract is the sole basis of plaintiff's damages, AFLAC argues herein the effect on Sauceda's claims for contribution even if plaintiff did have a viable claim for breach of contract against AFLAC.

circumstances. *See*, Motion to Dismiss, p. 9-10. Sauceda has pled none of these in his proposed Third-Party Complaint. Like BISD, Sauceda has failed to assert any sort of special relationship that might give rise to an action for indemnity, nor has he pled any contractual or statutory right to indemnity. Nor is AFLAC aware of any. In short, Sauceda has also failed to state a claim for indemnity in his proposed Third-Party Complaint. Hence, leave to file a legally invalid pleading should be denied.

## VI.

For the reasons stated above, it would be a futile gesture for the Court to grant Sauceda leave to file a Third-Party Complaint that fails to state a single claim upon which relief can be granted. Therefore, the Court should deny Sauceda leave to file. *See, Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)(leave to amend properly denied because it would have been futile to grant leave to file a pleading that failed to state a legally cognizable claim).

WHEREFORE, PREMISES CONSIDERED, Third-Party Defendant AFLAC respectfully prays that the Court deny defendant and third-party plaintiff Noe Sauceda leave to file his proposed Third-Party Complaint against AFLAC, and for such other and further relief, both special and general, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

/s/ William B. Steele III

William B. Steele III
Attorney In Charge
So. Dist. No. 8019
State Bar No. 19107400
Jennifer L. Mathis
So. Dist. No. 33961
State Bar No. 24007618
Of Counsel:
LOCKE LIDDELL & SAPP LLP
100 Congress Ave., Suite 300
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Fax)

Valorie C. Glass
So. Dist. No. 15303
State Bar No. 00784135
Of Counsel:
ATLAS & HALL, L.L.P.
P.O. Box 3725
McAllen, Texas 78502
(956) 682-5501
(956) 686-6109 (Fax)

**ATTORNEYS FOR THIRD-PARTY DEFENDANT AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS**

## CERTIFICATE OF SERVICE

    I hereby certify by my signature below that a true and correct copy of the above and foregoing has been served via first class U.S. mail, on this 7th day of May, 2003, to all counsel of record listed below:

J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

Elizabeth G. Neally
Roerig, Oliveira & Fisher, LLP
855 West Price Road, Suite 9
Brownsville, Texas 78550

Eileen Leeds
Willette & Guerra
3505 Boca Chica Boulevard.
Suite 460
Brownsville, Texas 78521

                                               _/s/ William B. Steele III_
                                               William B. Steele III