IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 8 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DINO CHAVEZ, § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | |
| BROWNSVILLE INDEPENDENT § | |
| SCHOOL DISTRICT and NOE SAUCEDA, § | |
| Defendants, § | |
| ----------------------------------------------- § | CIVIL ACTION NO. B-02-128 |
| BROWNSVILLE INDEPENDENT SCHOOL § | |
| DISTRICT, § | |
| Third-Party Plaintiff, § | |
| § | |
| vs. § | |
| § | |
| AMERICAN FAMILY LIFE ASSURANCE § | |
| COMPANY OF COLUMBUS (AFLAC), § | |
| Third-Party Defendant. § | |

**AFLAC'S REPLY TO BISD'S RESPONSE TO
AFLAC'S MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

Third-Party Defendant American Family Life Assurance Company of Columbus ("AFLAC") files this Reply to the Response of Defendant and Third-Party Plaintiff Brownsville Independent School District ("BISD") to the Motion to Dismiss filed by AFLAC, and in reply to the Response would show the Court as follows:

I.

In its Response, BISD fails to address, much less refute, a single argument raised in AFLAC's Motion to Dismiss BISD's Third-Party Petition. The Response neither addresses a single case cited by AFLAC nor cites a single case in support of its Response.

Instead, BISD proposes an argument contrary to years of Texas law—an argument that would create an entirely new and unique legal concept in Texas jurisprudence—namely, that the

Reply to BISD's Response to AFLAC's Motion to Dismiss – Page 1

Texas proportionate responsibility statute, Chapter 33 of the Texas Civil Practice & Remedies Code, and the right to contribution effected through the statute should apply not just in tort cases, but also in contract. No court has ever so held. The statute itself states otherwise. Accordingly, BISD's argument against dismissal of BISD's third-party claim are baseless, and its third-party petition should be dismissed.

## II.

BISD argues as follows: but for AFLAC's termination of plaintiff Dino Chavez's Regional Sales Coordinator Agreement, Chavez would have suffered no damage; because plaintiff suffered damage from termination of this contract, AFLAC must therefore be a "responsible third-party" under Chapter 33 of the Texas Civil Practices & Remedies Code, the basis for BISD's contribution claim. BISD leaps to this legal conclusion without a single case in support of its argument and in direct contradiction to Chapter 33. By doing so, BISD seeks to inject a breach of contract claim into the tort-based notion of contribution. But the law dictates that this cannot be done.

First, Chapter 33, upon which BISD relies, limits its application to tort cases. "[T]his chapter applies to any cause of action based on *tort*. . . ." V.T.C.S., Tex. Civ. Prac. & Rem. Code, § 33.002(a)(emphasis added). Nowhere in Chapter 33 does it state that Chapter 33 also applies to an action based on contract.

Second, the Texas Supreme Court has stated that contribution is allowed in Texas only among *joint tortfeasors*. *Bonniwell v. Beach Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984). BISD has cited to no case that holds otherwise.

Finally, the court in *CBI NA-CON, Inc. v. UOP Inc.*, 961 S.W.2d 336 (Tex. App.—Houston [1st Dist.] 1997, pet. denied), addressing a similar situation, succinctly stated, "A breach

of contract claim is not a basis for contribution under Chapter 33 of the Texas Civil Practices & Remedies Code... Therefore, Chapter 33 of the Texas Civil Practices & Remedies Code does not apply." *Id.* at 341 (citations omitted). The reasoning of *CBI* is instructive here. In *CBI* the court upheld the summary dismissal of a defendant/third-party plaintiff's claims for contribution under Chapter 33 against a third-party defendant because the plaintiff's only claim against the third-party defendant would have been for breach of contract, as opposed to negligence. The court rejected the defendant/third-party plaintiff's attempt to construe plaintiff's possible contract claim against the third-party defendant as a negligence claim. *Id.* at 340-41. Because the plaintiff could only recover in contract against the third-party defendant, the defendant/third-party plaintiff could not seek contribution from the third-party defendant. *Id.*

The same reasoning applies here. Chavez's only possible claim against AFLAC is for breach of contract based upon the termination of his Regional Sales Coordinator Agreement—the very agreement that BISD asserts is the *sole* basis of his damages.[1] Chavez does not have a claim against AFLAC for negligence or any of the intentional torts set out in Section 33.002 of Texas Civil Practices & Remedies Code. As the Fifth Circuit explained in *King v. Ames,* 197 F.3d 370, 375 (5th Cir. 1999), when the only liability arises from the contract itself, there can be no tort liability.

Even though BISD alleges in its Third-Party Petition that AFLAC was "negligent" in "wrongfully terminating AFLAC's contract with Dino Chavez" (*see* ¶9, BISD's Third-Party Petition), BISD cannot transform Chavez's potential action on the contract to one for negligence by simply calling it "negligence". In determining whether a claim sounds in contract or tort, a

---

[1] AFLAC denies that plaintiff has any actionable claim against it for termination of the Regional Sales Coordinator's agreement. However, because BISD's allegations hinge on the presumption that termination of plaintiff's contract is the sole basis of plaintiff's damages, AFLAC argues herein the effect on BISD's claims for contribution even if plaintiff did have a viable claim for breach of contract against AFLAC.

Reply to BISD's Response to AFLAC's Motion to Dismiss – Page 3

court must analyze both the source of the alleged duty and the nature of the loss. *Bass v. City of Dallas,* 34 S.W.3d 1, 9 (Tex. App.—Amarillo 2000, no pet.). When a party must prove the contents of its contract and must rely on the duties therein, the action is an action on the contract, even though it may be denominated an action for negligent performance. *Id.*

Here, the only duty between AFLAC and Chavez arose as a result of Chavez's agreement with AFLAC. There was no independent duty for AFLAC to retain Chavez as a Regional Sales Coordinator. Further, as to Chavez's alleged loss, even BISD asserts that it arose from the termination of his agreement with AFLAC. BISD's Third-Party Petition, ¶ 9; BISD's Response to Motion to Dismiss, p. 1. Thus, plaintiff Chavez's only potential claim against AFLAC sounds in contract, not tort. Hence, AFLAC is not and, as a matter of law, cannot be a joint tortfeasor with BISD for the claims asserted by Chavez against BISD. Thus, BISD does not have and cannot have a claim for contribution against AFLAC.

## III.

Certain of BISD's other statements in its Response, which are devoid of any legal citations, are red herrings intended to confuse the issues. For example, in tacit acknowledgement that BISD has no right of contribution for Chavez's Section 1983 claims against BISD, the only claims Chavez asserts against BISD, BISD states that plaintiff has asserted numerous additional causes of action, including fraud, tortious interference, slander, and libel. These claims, however, are against co-defendant Sauceda, not BISD, a critical fact that BISD fails to mention to this Court. Setting aside for the moment the fact that Chavez has no tort claim against AFLAC (which is dispositive as to AFLAC's right to dismissal of BISD's claims, as explained above), BISD implies that it is entitled to contribution from AFLAC on Chavez's claims against Sauceda, claims for which Chavez seeks no damages against BISD!

Perhaps recognizing the absurdity of suggesting that BISD is entitled to contribution for damages it is not even asked to pay, BISD asserts that its co-defendant Sauceda is filing his own claim for contribution against AFLAC and, therefore, dismissal of BISD's third-party claim would not result in AFLAC's dismissal from this suit. That argument is also fallacious. Contemporaneously with the filing of this Reply, AFLAC is filing its Opposition to Sauceda's Motion for Leave to File a Third-Party Complaint against AFLAC. AFLAC's opposition to Saucedo's Motion for Leave is based upon the same reasoning for dismissing BISD's third-party petition. Namely, because Chavez's only possible claim against AFLAC sounds in contract, AFLAC is not and cannot be a joint tortfeasor with Sauceda. Therefore, Sauceda, like BISD, has no right to contribution from AFLAC. Accordingly, the Court should deny Sauceda leave to file a legally baseless third-party claim against AFLAC, for the same reasons that this Court should dismiss BISD's third-party petition against AFLAC.

## IV.

When BISD first sought leave to bring its third-party complaint against AFLAC, AFLAC had no chance to brief the issues because it was not yet a party. Nor did BISD fully explain to the Court the basis for its third-party complaint. Now it is clear that BISD's claim for contribution derives solely from plaintiff Chavez's only possible claim against AFLAC, one for breach of contract. But a breach of contract claim cannot be a basis for contribution under Chapter 33 of the Texas Civil Practices & Remedies Code, so BISD, as a matter of law, cannot have a third-party claim for contribution against AFLAC. *CBI NA-CON v. UOP Inc., supra*. Furthermore, as stated in AFLAC's Motion to Dismiss, BISD has no claim for contribution under 42 U.S.C. § 1983, nor does it have a claim for indemnity against AFLAC. BISD disputes neither of these

positions in its Response. Accordingly, BISD's third-party action against AFLAC must be dismissed in its entirety.

WHEREFORE, PREMISES CONSIDERED, Third-Party Defendant AFLAC respectfully prays that the Court grant its Motion to Dismiss the third-party petition of BISD, and for such other and further relief, both at law and in equity, to which it may be justly entitled.

Respectfully submitted,

William B. Steele III
Attorney In Charge
So. Dist. No. 8019
State Bar No. 19107400
Jennifer L. Mathis
So. Dist. No. 33961
State Bar No. 24007618
Of Counsel:
LOCKE LIDDELL & SAPP LLP
100 Congress Ave., Suite 300
Austin, Texas  78701
(512) 305-4700
(512) 305-4800 (Fax)

Valorie C. Glass
So. Dist. No. 15303
State Bar No. 00784135
Of Counsel:
ATLAS & HALL, L.L.P.
P.O. Box 3725
McAllen, Texas  78502
(956) 682-5501
(956) 686-6109 (Fax)

**ATTORNEYS FOR THIRD-PARTY DEFENDANT AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS**

## CERTIFICATE OF SERVICE

I hereby certify by my signature below that a true and correct copy of the above and foregoing has been served via first class U.S. mail, on this ___7th___ day of May, 2003, to all counsel of record listed below:

J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

Elizabeth G. Neally
Roerig, Oliveira & Fisher, LLP
855 West Price Road, Suite 9
Brownsville, Texas 78550

Eileen Leeds
Willette & Guerra
3505 Boca Chica Boulevard.
Suite 460
Brownsville, Texas 78521

_____
William B. Steele III

**Reply to BISD's Response to AFLAC's Motion to Dismiss – Page 7**
AUSTIN:04055/00005:274222v2