58

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DINO X. CHAVEZ | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, NOE SAUCEDA, | § | B - 02 - 128 |
| and RANDY DUNN, MARILYN DEL | § | |
| BOSQUE-GILBERT and HUGH EMERSON, | § | |
| JR., in their official capacities as Board | § | |
| Members of Brownsville Independent | § | |
| School District | § | |

## PLAINTIFF'S MOTION TO COMPEL ANSWERS TO DISCOVERY REQUESTS PROPOUNDED TO DEFENDANT BROWNSVILLE I.S.D.

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW **DINO X. CHAVEZ**, Plaintiff in the above styled and numbered cause and respectfully presents this his Motion to Compel Answers to Interrogatories and Requests for Production propounded to Defendant Brownsville Independent School District, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, and as grounds therefore would respectfully show the Court the following:

I.

Plaintiff would show that Interrogatories and Requests for Production were served on Defendant Brownsville I.S.D. on or about January 7, 2003, through service on its attorney of record, Ms. Elizabeth Neally, by certified mail, requesting answers within a period of thirty (30)

days. That discovery was received by counsel for Defendant Brownsville I.S.D. on January 8, 2003. *See* **Exhibit "A."**

On February 4, 2003, counsel for Defendant requested a week extension in which Plaintiff's counsel agreed to and entered into an agreement. *See* **Exhibit "B."**

On February 18, 2003, Defendant Brownsville I.S.D. served its objections and responses to Plaintiff's discovery requests. The Defendant, however, did not provide adequate answers to **Interrogatory No.** 3, **Requests for Production Nos.** 19, 20, 21, 22, 23, 49, 50, 51, 52 and 53. A true and correct copy of Defendant Brownsville I.S.D.'s Objections and Responses to Plaintiff's Interrogatories and Requests for Production are attached hereto as Exhibits "C" and "D," and are incorporated herein for all purposes. Plaintiff would show that the information requested in these discovery requests inquired into the bid proposals submitted by potential third party administrators and Defendant BISD's responses and dealings with its TPA for various years. Although Plaintiff provided information it received during 1995, 1996 and 1997, it failed to provide any such information for the years 1998 - 2000 or to specify that there was no such information. Defendant BISD also failed to provide such information for the years 2001 and 2002, which Plaintiff is aware did exist.

II.

Defendant Brownsville I.S.D.'s failure to properly submit proper and complete responses to said discovery requests makes it necessary for Plaintiff to move the Court to compel Defendant Brownsville I.S.D. to properly respond to said Interrogatories and Requests for Production, without objections, within ten (10) days of a hearing on this matter.

III.

Plaintiff is entitled to conduct discovery in this case pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure. Without such discovery, Plaintiff is unable to adequately prepare his case for trial.

IV.

Defendant Brownsville I.S.D.'s failure to submit proper and complete responses to Plaintiff's discovery has made it necessary for Plaintiff to present and prepare this motion, causing undue expense and Plaintiff's attorney should receive and is entitled to receive a reasonable attorney's fees in the sum of $850.00 for his services in connection with the preparation, filing and prosecution of this motion for which Plaintiff now prays.

WHEREFORE, PREMISES CONSIDERED, Plaintiff **DINO X. CHAVEZ**, prays that the Court order Defendant Brownsville I.S.D. to submit complete responses to Plaintiff's Interrogatories and Requests for Production, and that Plaintiff be granted the sum of $850.00 for the preparation and filing of this Motion to Compel Discovery and for such other and further relief, at law or in equity to which Plaintiff DINO X. CHAVEZ may be entitled.

Signed on this the 25 th day of June, 2003.

Respectfully submitted,

**LAW OFFICE**
**J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
Telephone    :  (956) 504-1100
Facsimile     :  (956) 504-1408

By: _____
J. Arnold Aguilar
Federal Adm. No. 6822
State Bar No. 00936270

Attorney for Plaintiff,
DINO X. CHAVEZ

## CERTIFICATE OF CONFERENCE

Plaintiff's counsel herein has in good faith conferred with Defendant Brownsville I.S.D.'s counsel in this matter in an effort to secure the disclosures without Court action, but such efforts have failed. Accordingly, Defendant's counsel, Elizabeth Neally, is opposed to the filing of this motion. Further, counsel for Defendant Sauceda, Eileen Leeds, is also opposed.

_____
J. Arnold Aguilar

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **PLAINTIFF'S MOTION TO COMPEL ANSWERS TO DISCOVERY REQUESTS PROPOUNDED TO DEFENDANT BROWNSVILLE I.S.D.** has on this the _25th_ day of June, 2003, been forwarded via certified mail, return receipt requested to:

Ms. Elizabeth G. Neally
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Rd., Suite 9
Brownsville, TX 78520


Ms. Eileen M. Leeds
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, TX 78521


Mr. William B. Steele, III
LOCKE, LIDDELL & SAPP, L.L.P.
100 Congress Avenue, Suite 300
Austin, TX  78701

J. Arnold Aguilar

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DINO X. CHAVEZ | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, NOE SAUCEDA, | § | B - 02 - 128 |
| and RANDY DUNN, MARILYN DEL | § | |
| BOSQUE-GILBERT and HUGH EMERSON, | § | |
| JR., in their official capacities as Board | § | |
| Members of Brownsville Independent | § | |
| School District | § | |

## ORDER SETTING HEARING

On this _____ day of _____, 2003, came on to be considered **Plaintiff's Motion to Compel Answers to Discovery Requests Propounded to Defendant Brownsville I.S.D.** on the above styled and numbered cause.

IT IS THEREFORE ORDERED that said Plaintiff's Motion to Compel Answers to Discovery Requests Propounded to Defendant Brownsville I.S.D. be and the same is hereby set for hearing on the _____ day of _____, 2003, at _____ o'clock _____.m.

SIGNED FOR ENTRY this _____ day of _____, 2003.

_____
U.S. DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DINO X. CHAVEZ | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, NOE SAUCEDA, | § | B - 02 - 128 |
| and RANDY DUNN, MARILYN DEL | § | |
| BOSQUE-GILBERT and HUGH EMERSON, | § | |
| JR., in their official capacities as Board | § | |
| Members of Brownsville Independent | § | |
| School District | § | |

## ORDER GRANTING PLAINTIFF'S
## MOTION TO COMPEL ANSWERS TO DISCOVERY REQUESTS

On this date came on to be heard **Plaintiff's Motion to Compel Answers to Discovery Requests Propounded to Defendant Brownsville I.S.D.** filed in the above styled and numbered cause. The Court, having reviewed the file and record in this case, as well as having heard the argument of counsel herein, is of the opinion that Plaintiff's Motion to Compel should be GRANTED;

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel is GRANTED and Defendant BROWNSVILLE I.S.D. is ORDERED to provide Plaintiff DINO X. CHAVEZ complete answers to his Interrogatory No. 3 and Requests for Production Nos. 19, 20, 21, 22, 23, 49, 50, 51, 52 and 53, within ten (10) days of entry of this Order.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendant

BROWNSVILLE I.S.D pay Plaintiff DINO X. CHAVEZ the sum of $_____ in

attorney's fees incurred in connection with the preparation and filing of the Motion to Compel.


SIGNED on this the _____ day of _____, 2003.


_____

**U.S. DISTRICT JUDGE**

# EXHIBIT "A"



SENDER: COMPLETE THIS SECTION    COMPLETE THIS SECTION ON DELIVERY

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _____  ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

1. Article Addressed to:

Ms. Elizabeth G. Neally
Mr. Ricardo Morado
ROERG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Rd., Suite 9
Brownsville, TX 78520
258-02 P's Atty/Int/R4/Prod
to Def. BISD

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)
   7002 1000 0004 8982 9271

PS Form 3811, August 2001      Domestic Return Receipt      102595-02-M-1540

# EXHIBIT "B"

# ROERIG, OLIVEIRA & FISHER, L.L.P.
## ATTORNEYS AT LAW

Jeffrey D. Roerig*+
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaiz*+
David G. Oliveira

Cameron County Office
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786
Tel. 956 542-5666    Fax 956 542-0016

*Hidalgo County Office
506 East Dove
McAllen, Texas 78504
Tel. 956 631-8049    Fax 956 631-8141

Adolph Guerra, Jr.+
D. Alan Erwin, Jr.
Michael A. Zanca*
D. Wilkes Alexander, A.J.A.
Rosemary Conrad-Sandoval*
Lucila Alvarado*
Jesus Quezada, Jr.
Adrian R. Martinez*
Liza M. Vasquez*

*Board Certified -
  Personal Injury Trial Law
  Texas Board of Legal Specialization
*Board Certified -
  Civil Trial Law
  Texas Board of Legal Specialization

February 4, 2003

File No. 23,208

Mr. J. Arnold Aguilar
**Law Offices of J. Arnold Aguilar**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

Re:    **Dino Chavez v. Brownsville I.S.D. and Noe Sauceda,**
       United States District Court for the Southern District of Texas at Brownsville
       Cause No. B-02-128

Dear Arnold:

I am hereby requesting an one additional week or until February 17, 2003, to answer, respond, and/or object to Plaintiff's First Set of Interrogatories, First Request for Production, and First Request for Admissions served upon the Brownsville Independent School District.

If you are in agreement to the above-stated extension, please sign below and return it to me by facsimile. By signing below signifies as a Rule 11 Agreement and is enforceable in a court of law.

Should you have any questions, please do not hesitate to contact the undersigned. Thank you for your considerations.

Sincerely,

ROERIG, OLIVEIRA & FISHER, LLP

Elizabeth G. Neally

APPROVED AS TO FORM AND SUBSTANCE:

J. Arnold Aguilar

# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DINO CHAVEZ | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-02-128 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, and NOE SAUCEDA, | § | |
| | § | |

**DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S OBJECTIONS
AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

TO:   DINO CHAVEZ, Plaintiff
By and Through His Attorney

J. Arnold Aguilar
Artemis Square, Suite H-2,
1200 Central Boulevard
Brownsville, Texas 78520

**COMES NOW** Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, one
of the Defendants in the above-styled and numbered cause and respectfully serves its Objections
and Responses, pursuant to the Federal Rules of Civil Procedure  to Plaintiff's First Set of
Interrogatories as attached hereto.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, LLP**
855 West Price Road, Suite 9
Brownsville, Texas 78550
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

By:_____
Elizabeth G. Neally
State Bar No. 14840400
Federal Bar No. 8044

DEFENDANT BISD'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES      **Page 1**
23028 - Disc (BISD) ROGS.wpd

DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S
OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

## INTERROGATORY NO. 1:

Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.

**ANSWER**:    Elizabeth G. Neally, Eddie Errisuriz, Mary Garza, and Leo Lopez.


## INTERROGATORY NO. 2:

Please identify, by full name, telephone number, and address each and every witness you intend to call to testify at trial, including any and all witnesses who may provide impeachment or rebuttal testimony, and briefly identify the information of which they have knowledge.

**Objection**:    Defendant objects to this Interrogatory as it is duplicitous of information already provided in Defendant's Rule 26 Initial Disclosures

**ANSWER**:    Subject to the foregoing objection and without waiving same, See Defendant Brownsville I.S.D.'s Responses to FRCP Rule 26 Initial Disclosures and Defendant's Joint Pre-Trial Witness List.


## INTERROGATORY NO. 3:

Identify all insurance agents you considered to provide all ancillary insurance services, products and/or policies to BISD and its employees during the 2001-2002 school year, and explain what actions you took to provide an opportunity for each such agent. If actions were taken or allowed for one agent, but not for another, please describe such difference and identify each such agent.

**ANSWER**:    Information will be supplemented when available.

# EXHIBIT "D"

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DINO CHAVEZ | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-02-128 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, and NOE SAUCEDA, | § | |
| | § | |

**DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S OBJECTIONS
AND RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION**

TO:    DINO CHAVEZ, Plaintiff
       By and Through His Attorney

       J. Arnold Aguilar
       Artemis Square, Suite H-2,
       1200 Central Boulevard
       Brownsville, Texas 78520

**COMES NOW** Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, one

of the Defendants in the above-styled and numbered cause and respectfully serves its Objections

and Responses, pursuant to the Federal Rules of Civil Procedure to Plaintiff's First Request for

Production as attached hereto.

                              Respectfully submitted,

                              **ROERIG, OLIVEIRA & FISHER, LLP**
                              855 West Price Road, Suite 9
                              Brownsville, Texas 78550
                              Telephone: (956) 542-5666
                              Facsimile: (956) 542-0016

                              By:_____
                                 Elizabeth G. Neally
                                 State Bar No. 14840400
                                 Federal Bar No. 8044

DEFENDANT BISD'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION        **PAGE 1**
23028 - Disc (BISD)RFP.wpd

**REQUEST FOR PRODUCTION NO. 18:**
Produce a copy of the December 4, 2001 BISD Board of Trustees Meeting videotape.

**Response**:    Two videotapes are available for review at the law offices of Roerig, Oliveira &
Fisher, L.L.P., at a mutually convenient date and time.  Defendant will make
available for copying at the expense of the requesting party.

**REQUEST FOR PRODUCTION NO. 19:**
Please provide copies of all documents constituting handbooks, benefit descriptions, policy
statements, agreements, contracts, letters, memorandums, notes or documents relating to the
retention of Third Party Administrator for BISD's Cafeteria Plan for the 2002 school year.

**Objection**    Defendant objects to this Request on the grounds that it is (a) overly broad, (b)
unduly burdensome; (c) involves unnecessary and/or unreasonable expense and/or
hardship; and (d) was made for the purpose of harassment or annoyance.  See
Tex.R.Civ.P. 166b(4); Hoffman v. Fifth Court of Appeals, 756 S.W.2d 723 (Tex.
1988); Ex parte Butler, 552 S.W.2d 196 (Tex. 1975); Meyer v. Tunks, 360 S.W.
2d 578 (Tex. 1962).

**Response**:    Subject to the foregoing objection and without waiving the same, see Request for
Bids attached hereto.

**REQUEST FOR PRODUCTION NO. 20:**
Please provide copies of all documents constituting handbooks, benefit descriptions, policy
statements, agreements, contracts, letters, memorandums, notes or documents relating to the
retention of Third Party Administrator for BISD's Cafeteria Plan for the 2003 school year.

**Objection**    Defendant objects to this Request on the grounds that it is (a) overly broad, (b)
unduly burdensome; (c) involves unnecessary and/or unreasonable expense and/or
hardship; and (d) was made for the purpose of harassment or annoyance.  See
Tex.R.Civ.P. 166b(4); Hoffman v. Fifth Court of Appeals, 756 S.W.2d 723 (Tex.
1988); Ex parte Butler, 552 S.W.2d 196 (Tex. 1975); Meyer v. Tunks, 360 S.W.
2d 578 (Tex. 1962).

**Response**:    Subject to the foregoing objection and without waiving the same, see Request for
Bids attached hereto.

**REQUEST FOR PRODUCTION NO. 21:**

Please provide copies of all documents constituting handbooks, benefit descriptions, policy statements, agreements, contracts, letters, memorandums, notes or documents relating to the retention of Third Party Administrator for BISD's Cafeteria Plan for the 2001 school year.

**Objection**    Defendant objects to this Request on the grounds that it is (a) overly broad, (b) unduly burdensome; (c) involves unnecessary and/or unreasonable expense and/or hardship; and (d) was made for the purpose of harassment or annoyance. See Tex.R.Civ.P. 166b(4); Hoffman v. Fifth Court of Appeals, 756 S.W.2d 723 (Tex. 1988); Ex parte Butler, 552 S.W.2d 196 (Tex. 1975); Meyer v. Tunks, 360 S.W. 2d 578 (Tex. 1962).

**Response**:    Subject to the foregoing objection and without waiving the same, see Request for Bids attached hereto.

**REQUEST FOR PRODUCTION NO. 22:**

Please provide copies of all documents constituting handbooks, benefit descriptions, policy statements, agreements, contracts, letters, memorandums, notes or documents relating to the retention of Third Party Administrator for BISD's Cafeteria Plan for the 2000 school year.

**Objection**    Defendant objects to this Request on the grounds that it is (a) overly broad, (b) unduly burdensome; (c) involves unnecessary and/or unreasonable expense and/or hardship; and (d) was made for the purpose of harassment or annoyance. See Tex.R.Civ.P. 166b(4); Hoffman v. Fifth Court of Appeals, 756 S.W.2d 723 (Tex. 1988); Ex parte Butler, 552 S.W.2d 196 (Tex. 1975); Meyer v. Tunks, 360 S.W. 2d 578 (Tex. 1962).

**Response**:    Subject to the foregoing objection and without waiving the same, see Request for Bids attached hereto.

**REQUEST FOR PRODUCTION NO. 23:**

Please provide copies of all documents constituting handbooks, benefit descriptions, policy statements, agreements, contracts, letters, memorandums, notes or documents relating to the retention of Third Party Administrator for BISD's Cafeteria Plan for the 1999 school year.

**Objection**    Defendant objects to this Request on the grounds that it is (a) overly broad, (b) unduly burdensome; (c) involves unnecessary and/or unreasonable expense and/or hardship; and (d) was made for the purpose of harassment or annoyance. See Tex.R.Civ.P. 166b(4); Hoffman v. Fifth Court of Appeals, 756 S.W.2d 723 (Tex. 1988); Ex parte Butler, 552 S.W.2d 196 (Tex. 1975); Meyer v. Tunks, 360 S.W.

action, nor is the discovery sought reasonably calculated to lead to the discovery of admissible evidence in accordance with the specific allegations and defenses of this case.

Defendant objects to this Request on the basis that the information sought involves investigation by Defendant or its agents or employees performed after the transaction or occurrence in question and in anticipation of claims made a part of the pending lawsuit and is privileged.

Defendant objects to this Request on the grounds that it is (a) unduly burdensome; (b) involves unnecessary and/or unreasonable expense and/or hardship; and (c) was made for the purpose of harassment or annoyance.  See Tex.R.Civ.P. 166b(4); Hoffman v. Fifth Court of Appeals, 756 S.W.2d 723 (Tex. 1988); Ex parte Butler, 552 S.W.2d 196 (Tex. 1975); Meyer v. Tunks, 360 S.W. 2d 578 (Tex. 1962).

## REQUEST FOR PRODUCTION NO. 49:

Produce copies of all documents, visual aids, videotapes, audiotapes, and any other items used or provided by Defendant BISD to its Third Party Administrator for the year 2002.  Please specifically identify which documents or other items are being provided in response to this request.

**Objection**:    Defendant objects to this request as calling for a fishing expedition by Plaintiff without sufficient notice or distinguishing the relevant documents requested and, therefore, beyond the scope of discovery.

Defendant further objects to this discovery request on the grounds that it seeks discovery of information which is not relevant to the subject matter of Plaintiff's currently existing cause of action, nor is the discovery sought reasonably calculated to lead to the discovery of admissible evidence in accordance with the existing allegations and defenses of the subject suit.

Defendant objects to this Request on the grounds that the inquiry is overly broad, burdensome, and encompasses information wholly irrelevant to the subject matter of this lawsuit.

**Response**:    Subject to the foregoing objection and without waiving the same, Defendant will supplement should the information become available.  See also, requests for proposals when available.

## REQUEST FOR PRODUCTION NO. 50:

Produce copies of all documents, visual aids, videotapes, audiotapes, and any other items used or provided by Defendant BISD to its Third Party Administrator for the year 2001.  Please

specifically identify which documents or other items are being provided in response to this request.

Objection:    Defendant objects to this request as calling for a fishing expedition by Plaintiff without sufficient notice or distinguishing the relevant documents requested and, therefore, beyond the scope of discovery.

Defendant further objects to this discovery request on the grounds that it seeks discovery of information which is not relevant to the subject matter of Plaintiff's currently existing cause of action, nor is the discovery sought reasonably calculated to lead to the discovery of admissible evidence in accordance with the existing allegations and defenses of the subject suit.

Defendant objects to this Request on the grounds that the inquiry is overly broad, burdensome, and encompasses information wholly irrelevant to the subject matter of this lawsuit.

Response:    Subject to the foregoing objection and without waiving the same, Defendant will supplement should the information become available.  See also, requests for proposals when available.


**REQUEST FOR PRODUCTION NO. 51:**
Produce copies of all documents, visual aids, videotapes, audiotapes, and any other items used or provided by Defendant BISD to its Third Party Administrator for the year 2000.  Please specifically identify which documents or other items are being provided in response to this request.

Objection:    Defendant objects to this request as calling for a fishing expedition by Plaintiff without sufficient notice or distinguishing the relevant documents requested and, therefore, beyond the scope of discovery.

Defendant further objects to this discovery request on the grounds that it seeks discovery of information which is not relevant to the subject matter of Plaintiff's currently existing cause of action, nor is the discovery sought reasonably calculated to lead to the discovery of admissible evidence in accordance with the existing allegations and defenses of the subject suit.

Defendant objects to this Request on the grounds that the inquiry is overly broad, burdensome, and encompasses information wholly irrelevant to the subject matter of this lawsuit.

Response:    Subject to the foregoing objection and without waiving the same, Defendant will supplement should the information become available.  See also, requests for proposals when available.

**REQUEST FOR PRODUCTION NO. 52:**

Produce copies of all documents, visual aids, videotapes, audiotapes, and any other items used or provided by Defendant BISD to its Third Party Administrator for the year 1999. Please specifically identify which documents or other items are being provided in response to this request.

Objection:    Defendant objects to this request as calling for a fishing expedition by Plaintiff without sufficient notice or distinguishing the relevant documents requested and, therefore, beyond the scope of discovery.

Defendant further objects to this discovery request on the grounds that it seeks discovery of information which is not relevant to the subject matter of Plaintiff's currently existing cause of action, nor is the discovery sought reasonably calculated to lead to the discovery of admissible evidence in accordance with the existing allegations and defenses of the subject suit.

Defendant objects to this Request on the grounds that the inquiry is overly broad, burdensome, and encompasses information wholly irrelevant to the subject matter of this lawsuit.

Response:    Subject to the foregoing objection and without waiving the same, Defendant will supplement should the information become available. See also, requests for proposals when available.

**REQUEST FOR PRODUCTION NO. 53:**

Produce copies of all documents, visual aids, videotapes, audiotapes, and any other items used or provided by Defendant BISD to its Third Party Administrator for the year 1998. Please specifically identify which documents or other items are being provided in response to this request.

Objection:    Defendant objects to this request as calling for a fishing expedition by Plaintiff without sufficient notice or distinguishing the relevant documents requested and, therefore, beyond the scope of discovery.

Defendant further objects to this discovery request on the grounds that it seeks discovery of information which is not relevant to the subject matter of Plaintiff's currently existing cause of action, nor is the discovery sought reasonably calculated to lead to the discovery of admissible evidence in accordance with the existing allegations and defenses of the subject suit.

Defendant objects to this Request on the grounds that the inquiry is overly broad, burdensome, and encompasses information wholly irrelevant to the subject matter of this lawsuit.

Response:    Subject to the foregoing objection and without waiving the same, Defendant will supplement should the information become available. See also, requests for