United States District **Court**
Southern District of **Texas**
FILED

JUL 0 2 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DINO CHAVEZ, <br>    Plaintiff, | § § § | |
| vs. | § § | |
| BROWNSVILLE INDEPENDENT <br> SCHOOL DISTRICT and NOE SAUCEDA, <br>    Defendants, | § § § § | |
| ----------------------------- | § | CIVIL ACTION NO. B-02-128 |
| BROWNSVILLE INDEPENDENT SCHOOL <br> DISTRICT, <br>    Third-Party Plaintiff, | § § § § | |
| vs. | § § | |
| AMERICAN FAMILY LIFE ASSURANCE <br> COMPANY OF COLUMBUS (AFLAC), <br>    Third-Party Defendant. | § § § | |

**SURREPLY OF THIRD-PARTY DEFENDANT AMERICAN FAMILY LIFE
ASSURANCE COMPANY OF COLUMBUS TO DEFENDANT NOE SAUCEDA'S
REPLY TO AFLAC'S RESPONSE IN OPPOSITION TO SAUCEDA'S MOTION FOR
LEAVE TO FILE THIRD-PARTY COMPLAINT AND, FURTHER, IN SUPPORT OF
THIRD-PARTY DEFENDANT'S MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

Third-Party Defendant American Family Life Assurance Company of Columbus ("AFLAC") submits this, its Surreply to Defendant Noe Sauceda's ("Sauceda") Reply to AFLAC's Response in Opposition to Sauceda's Motion for Leave to File Third-Party Complaint and, Further, in Support of AFLAC's Motion to Dismiss the Third-Party Complaint of Defendant Brownsville Independent School District ("BISD").

1. **As Sauceda admits, no contribution is allowed for Chavez's Section 1983 claim.**

  Sauceda begins his Reply by admitting that he has no right to contribution for the Section 1983 claim asserted by Chavez against Sauceda. By Sauceda's own admission, to the extent that

his Motion for Leave is based upon an argument for contribution under 42 U.S.C. § 1983, it must be denied.

2. **Sauceda is not entitled to contribution for Chavez's tortious interference claim against Sauceda because AFLAC is not a joint tortfeasor with Sauceda.**

Sauceda is also not entitled to contribution from AFLAC for the state-law tort claim of tortious interference with contract that Chavez asserts against Sauceda. Sauceda wrongly asserts that AFLAC has admitted that "contribution is permitted under those circumstances." Sauceda's Reply to AFLAC's Response in Opposition to Motion for Leave, p. 2. That assertion is flat wrong. AFLAC stated simply that contribution is only available against *joint tortfeasors*. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984); AFLAC's Motion to Dismiss, p. 9.

Because AFLAC is not a joint tortfeasor with Sauceda, contribution is *not* permitted under these circumstances. While Sauceda, as a stranger to Chavez's contract with AFLAC, may tortiously interfere with that contract, AFLAC, as a party to that contract, cannot tortiously interfere with that contract. *See Holloway v. Skinner*, 898 S.W.2d 793, 795 (Tex. 1995) (stating that a party cannot tortiously interfere with its own contract). Therefore, as a matter of law, AFLAC cannot be jointly responsible for the tort of interfering with its contract with Chavez.

Sauceda cannot refute the fact that, if Chavez has a claim against AFLAC, it sounds in *contract*, not *tort*.[1] Where a plaintiff's claim against a proposed third-party defendant sounds in contract, a defendant/third-party plaintiff cannot seek contribution from the proposed third-party defendant. *CBI NA-CON, Inc. v. UOP Inc.*, 961 S.W.2d 336 (Tex. App.—Houston [1st Dist.]

---

[1] As noted in AFLAC's Response in Opposition to Sauceda's Motion for Leave to File Third-Party Complaint, AFLAC denies that Chavez has any actionable claim against it for termination of the Regional Sales Coordinator's Agreement or any other agreement. For the sake of argument, however, AFLAC addresses the affect on Sauceda's claim for contribution as if Chavez did have a viable claim for breach of contract against AFLAC.

**AFLAC'S Surreply to Sauceda's Reply to AFLAC's Opposition to Motion for Leave to File – Page 2**

1997, pet. denied). Sauceda has not attempted to distinguish *CBI*, nor has Sauceda cited any authority that holds otherwise.

Instead, Sauceda futilely attempts to base his claim for contribution against AFLAC upon the damages Chavez supposedly suffered when he was denied his alleged right to attend the enrollment for the Cafeteria Plan of BISD in the year 2001. Sauceda's Reply to AFLAC's Response, p. 2. This damages-based argument, too, must fail. Those damages are, by Sauceda's own admission, *contract* based. For, in that same paragraph of his Reply, Sauceda states that Chavez "*had entered into an agreement* with AFLAC to allow him to participate in every regard in the sales made during that enrollment." Sauceda's Reply to AFLAC's Response, p. 2 (emphasis added). Thus, to the extent AFLAC owed Chavez a duty to allow him to participate in the enrollment for the BISD Cafeteria Plan in 2001, it was based upon a duty arising in contract.[2] It was not based upon any tort duty. Accordingly, any damages supposedly suffered from the denial of Chavez's alleged enrollment right are contract damages, not tort damages. *See, Bass v. City of Dallas*, 34 S.W.3d 1, 9 (Tex. App.—Amarillo 2000, no pet.). Because contribution does not lie against AFLAC for contractual claims—which Sauceda implicitly recognizes as the source of Chavez's damages—Sauceda cannot seek contribution from AFLAC.

3.  **Sauceda's argument that AFLAC, not Sauceda, caused Chavez's damages constitutes a defense to Chavez's claim against Sauceda, not a basis for contribution against AFLAC.**

Sauceda's argument for contribution against AFLAC boils down to this: AFLAC and its agents, not Sauceda, caused Chavez to suffer damages by removing him from the 2001 enrollment. That argument, however, is a defense to Chavez's claim for tortious interference

---

[2] AFLAC denies that it owed any duty to allow Chavez to participate in the 2001 enrollment. In fact, Paragraph 2(c) of Chavez's agreement with AFLAC expressly reserves in AFLAC the "absolute right to reassign any account for servicing and to designate who may submit applications from persons in the account in its sole discretion." AFLAC assumes the potential existence of a duty to Chavez only for the sake of pointing out the further fallacies with Sauceda's position.

against Sauceda, not a basis for contribution. For, if Chavez is to prevail on his claim of tortious interference, he must prove that Sauceda's conduct caused AFLAC not to perform its contract with Chavez. *See, e.g., Browning-Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 926 (Tex. 1993); *Armendariz v. Mora*, 553 S.W.2d 400, 402-407 (Tex. App.—El Paso 1977, writ ref'd n.r.e.). Thus, Sauceda's assertion that AFLAC, not Sauceda, proximately caused Chavez's damages is a defense to liability. But Sauceda's defensive argument against liability for tortious interference does not and cannot form the basis for a claim of contribution against AFLAC. It is a defense, nothing more. The defense may defeat Chavez's claim for tortious interference, but it does not give rise to a tort assertable by Chavez against AFLAC. Hence, Sauceda cannot seek contribution from AFLAC.

4. **Sauceda's alleged need for discovery from AFLAC cannot justify a third-party complaint against AFLAC.**

Near the end of his Reply, Sauceda admits that "there are no other statutory or legal rights to indemnity *at this point in time*," but asserts his third-party complaint for contribution and indemnity "*in the event that such relationship is discovered through discovery.*" (emphasis added) Sauceda effectively admits the absence of a good-faith belief in facts sufficient to support his claim against AFLAC, but he hopes to "fish" for facts in discovery that may eventually justify his third-party claim.

Setting aside the arguable Rule 11 problem for attempting to assert a third-party claim lacking a factual basis, Sauceda's discovery of facts will never change the legal landscape of this suit: AFLAC, as a matter of law, cannot be jointly liable with Sacueda for tortiously interfering with AFLAC's agreement with Chavez. No amount of discovery will alter the legal truism that a party cannot tortiously interfere with its own contract. *See Holloway v. Skinner*, 898. S.W.2d at 795.

Sacueda does not need to and has no right to file a third-party claim against AFLAC to obtain discovery from AFLAC. Like every other litigant requiring discovery from non-parties, Sauceda may issue non-party subpoenas to AFLAC if more discovery from AFLAC is required for Sauceda to mount his defense against Chavez's claims. The enhanced ability to obtain discovery from a party, as opposed to a non-party, has never formed the legal basis of a claim for contribution and indemnity. This Court should not now allow Sauceda to file a third-party complaint to ease his burden in obtaining discovery.

5. **BISD's Third-Party Complaint against AFLAC should be dismissed, and Sauceda should be denied leave to file his Third-Party Complaint against AFLAC.**

Plaintiff Chavez has not sued AFLAC. Defendant BISD brought AFLAC into this lawsuit as a third-party defendant for contribution and indemnity. The only claim Chavez asserts against BISD, however, is a claim for violation of his constitutional rights arising under 42 U.S.C. § 1983.

There is no right to contribution or indemnity for a claim arising under 42 U.S.C. § 1983, however. *Wright v. B. J. Reynolds*, 703 F. Supp. 583, 591 (N.D. Tex. 1988); *Mason v. City of New York*, 949 F. Supp. 1068, 1079 (S.D.N.Y. 1996). BISD cites no authority to the contrary. Even Sauceda admits that this is so. Because there is no right to contribution or indemnity for a Section 1983 claim, BISD's Third-Party Complaint against AFLAC must be dismissed.

Acknowledging no contribution right under Section 1983, Sauceda asserts that his right to contribution from AFLAC arises if Sauceda is found to have tortiously interfered with Chavez's agreement with AFLAC. As pointed out above, however, contribution is permitted only between joint tortfeasors. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d at 818. AFLAC cannot tortiously interfere with its own contract with Chavez. *Holloway v. Skinner*, 898. S.W.2d at 795. Thus, AFLAC cannot be a joint tortfeasor with Sauceda for the harm Chavez claims to

have suffered at Sauceda's hand. Without a legally cognizable contribution claim against AFLAC, Sauceda should be denied leave to file a third-party complaint against AFLAC, for to grant leave would be futile. *See Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994).

WHEREFORE, PREMISES CONSIDERED, Third-Party Defendant AFLAC respectfully prays that the Court deny Sauceda's Motion for Leave to File his Third-Party Complaint, that the Court grant AFLAC's Motion to Dismiss the Third-Party Complaint filed by BISD, and for such other and further relief to which AFLAC may show itself to be justly entitled.

Respectfully submitted,

/s/ William B. Steele III

William B. Steele III
Attorney In Charge
So. Dist. No. 8019
State Bar No. 19107400
Jennifer L. Mathis
So. Dist. No. 33961
State Bar No. 24007618
Of Counsel:
LOCKE LIDDELL & SAPP LLP
100 Congress Ave., Suite 300
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Fax)

Valorie C. Glass
So. Dist. No. 15303
State Bar No. 00784135
Of Counsel:
ATLAS & HALL, L.L.P.
P.O. Box 3725
McAllen, Texas 78502
(956) 682-5501
(956) 686-6109 (Fax)

**ATTORNEYS FOR THIRD-PARTY DEFENDANT AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS**

## CERTIFICATE OF SERVICE

I hereby certify by my signature below that a true and correct copy of the above and foregoing has been served via first class U.S. mail, on this 1st day of July, 2003, to all counsel of record listed below:

J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

Elizabeth G. Neally
Roerig, Oliveira & Fisher, LLP
855 West Price Road, Suite 9
Brownsville, Texas 78550

Eileen Leeds
Willette & Guerra
3505 Boca Chica Boulevard.
Suite 460
Brownsville, Texas 78521

_____
William B. Steele III