IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 0 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DINO CHAVEZ,<br>    Plaintiff,<br><br>vs.<br><br>BROWNSVILLE INDEPENDENT<br>SCHOOL DISTRICT and NOE SAUCEDA,<br>    Defendants,<br>-------------------------------------------------<br>BROWNSVILLE INDEPENDENT SCHOOL<br>DISTRICT,<br>    Third-Party Plaintiff,<br><br>vs.<br><br>AMERICAN FAMILY LIFE ASSURANCE<br>COMPANY OF COLUMBUS (AFLAC),<br>    Third-Party Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    CIVIL ACTION NO. B-02-128 |

**THIRD-PARTY DEFENDANT AFLAC'S MOTION TO STRIKE AND, SUBJECT
THERETO, REPLY TO THE RESPONSE OF DEFENDANTS BROWNSVILLE
INDEPENDENT SCHOOL DISTRICT & NOE SAUCEDA TO
AFLAC'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Third-Party Defendant American Family Life Assurance Company of Columbus ("AFLAC") and files this, its Motion to Strike Defendants Brownsville Independent School District's ("BISD") and Noe Sauceda's ("Sauceda") Response to Third-Party Defendant AFLAC's Motion for Summary Judgment (the "Response"), and subject thereto, its Reply to the Response, and in support thereof respectfully states as follows:

**I.
MOTION TO STRIKE**

BISD and Sauceda's Response is untimely and should be stricken. AFLAC filed its Motion for Summary Judgment with the Court on September 25, 2003. (*See* Docket Entry No.

67.) BISD and Sauceda did not file their Response until October 22, 2003. (*See* Docket Entry No. 74.) Although BISD and Sauceda's Response was filed twenty-seven days after AFLAC's motion (seven days past the response date), the Response was not accompanied by any motion for leave to file a response outside of the time limits. (*See* Judge Hilda G. Tagle's Civil Procedures at 5(C) and (F).) Because BISD and Sauceda's Response was not accompanied by a motion for leave to file and because BISD and Sauceda have failed to show any cause — much less good cause — for their failure to timely file their Response, the Response must be stricken. *Id.* at 5(F).

## II.
## REPLY IN SUPPORT OF AFLAC'S MOTION FOR SUMMARY JUDGMENT

Subject to its Motion to Strike, AFLAC makes this reply in support of its Motion for Summary Judgment.

### A.
### SUMMARY OF THE ARGUMENT

AFLAC, as a third-party defendant, is entitled to summary judgment as to Third-Party Plaintiff BISD's claims for contribution and indemnity because BISD has no legally recognizable claims for contribution or indemnity against AFLAC.

BISD and Sauceda's Response, in addition to being untimely filed without good cause, is premised on the assertion of claims that have not been filed against AFLAC in this lawsuit and are, therefore, irrelevant to the determination of AFLAC's Motion for Summary Judgment.

### B.
### ISSUES TO BE RULED UPON BY THE COURT

1) AFLAC is entitled to summary judgment against the contribution claim asserted by BISD;

2) AFLAC is entitled to summary judgment against the indemnity claim asserted by BISD; and

3) Sauceda has no claims on file against AFLAC and, therefore, has no basis for any opposition to AFLAC's Motion for Summary Judgment.

## C.
## PROCEDURAL HISTORY

BISD and Sauceda's Response to AFLAC's Motion for Summary Judgment rests on the presumption that this Court will allow parties in this case to blithely ignore the rules of pleading and procedure — this the Court should not allow. The house of cards built by Plaintiff Chavez and Defendants BISD and Sauceda does not contain a single meritorious claim against AFLAC. Accordingly, this Court should grant AFLAC's Motion for Summary Judgment — freeing AFLAC from this lawsuit and pulling down the house of cards.

BISD brought AFLAC into this lawsuit as a third-party defendant, alleging that AFLAC was liable to BISD in contribution and indemnity. AFLAC moved to dismiss BISD's claims on the bases that: 1) BISD has failed to state a claim for either contribution or indemnification and 2) the only claim pending against BISD is one under 42 U.S.C. § 1983, and no right to contribution or indemnification exists under 42 U.S.C. § 1983. To date, this Court has not ruled on AFLAC's Motion to Dismiss. Thus, these two claims remain on file against AFLAC. Indeed, they are the only claims actually filed against AFLAC. Logically then, AFLAC moved for summary judgment on only these two claims. Importantly, BISD and Sauceda's Response completely ignores AFLAC's arguments for summary judgment on the indemnity claim and concedes that BISD is not entitled to contribution from AFLAC. (*See* Response at p. 2.)

Sauceda has filed a Motion for Leave to File a Third-Party Complaint Against AFLAC and attached a proposed Original Complaint. Sauceda asked this Court for leave to file

contribution and indemnity claims against AFLAC. As pointed out in AFLAC's Response in Opposition to Sauceda's Motion for Leave to File Third-Party Complaint Against AFLAC ("Opposition"), Sauceda's proposed complaint suffers from the same legal infirmities as BISD's claims for contribution and indemnity. (Opposition at pp. 1-3.) Namely, there is no right to contribution or indemnification for claims arising under 42 U.S.C. § 1983 — an infirmity that Sauceda and BISD admitted in their Response to AFLAC's Motion for Summary Judgment. (Response at p. 2.) In addition, AFLAC pointed out that AFLAC and Chavez's relationship was controlled by contract. (Opposition at p. 3.) Thus, the only claim Plaintiff might attempt to assert against AFLAC and, thus, the only claim from which Sauceda's contribution and indemnity claims might derive is properly one for breach of contract. As AFLAC has repeatedly pointed out to this Court, however, Texas law does not permit contribution for contract claims. (Opposition at p. 3 (citing to AFLAC's Motion to Dismiss at pp. 8-9; AFLAC's Reply to BISD's Response to AFLAC's Motion to Dismiss at pp. 2-4).)

To date, this Court has not ruled on Sauceda's request to bring claims against AFLAC. Accordingly, the only claims filed against AFLAC are those of BISD — not Sauceda. Therefore, AFLAC did not move for summary judgment against Sauceda. AFLAC moved for summary judgment only as to the claims actually filed against it — the claims of BISD. Sauceda's Response to AFLAC's Motion for Summary Judgment is made without standing.

After BISD brought its claims against AFLAC and after Sauceda sought leave to file claims against AFLAC, Plaintiff Chavez filed his Notice of Clarification of Claims ("Notice") — a pleading not recognized by the rules of this Court. *See* Fed. R. Civ. P. 7(a). In his Notice, Chavez purports to possess a claim against AFLAC for discrimination, but admits that he has "not yet alleged or asserted a cause of action against AFLAC." (*See* Notice at p. 2.) In response

to the Notice, AFLAC filed its Motion to Strike or, in the Alternative, Motion to Stay Proceedings and Compel Arbitration pointing out: 1) that the Notice is not a proper pleading and should be stricken, and 2) that Chavez is contractually required to arbitrate any claim it might have against AFLAC. This Court has not yet ruled on AFLAC's motion.

BISD and Sauceda's Response to AFLAC's Motion for Summary Judgment improperly attempts to bootstrap their claims (some filed and some unfiled) onto Chavez's Notice without even properly pleading the claims they might wish to assert. They should not be allowed to do this. BISD's third-party complaint alleges that Plaintiff's damages were caused by the "negligence, want of care, and intentional conduct" of AFLAC and "proximately caused by the negligent conduct of" AFLAC. (BISD's Third Party Petition Against AFLAC at p. 3). Nowhere does BISD's complaint provide AFLAC with notice that BISD's claims might be derivative of a claim for discrimination. Similarly, Sauceda's proposed third-party complaint alleges that Chavez's damages were caused by the "acts, either negligent or intentional" of AFLAC and proximately caused by the conduct of AFLAC in "wrongfully terminating AFLAC's contract" with Chavez. (Sauceda's proposed Original Third Party Complaint Against AFLAC at p. 3.) Sauceda's vague pleading goes on to assert that AFLAC may have liability to Chavez under the laws of the State of Texas. *Id.* at p. 4. Nowhere does Sauceda's proposed pleading put AFLAC on notice of either the facts or the legal theory underlying Sauceda's current argument — that Sauceda is entitled to contribution or indemnity from AFLAC because AFLAC might be liable to Chavez for discrimination under 42 U.S.C. § 1981.

AFLAC's Motion for Summary Judgment is based on the only two claims filed against it — the claims of BISD for contribution and indemnity. Being the only two claims against AFLAC properly before this Court at this time, they are the only two claims as to which AFLAC

could move for summary judgment. AFLAC respectfully requests that this Court consider it as such.

## D.
## ARGUMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

A.  **As BISD Concedes, AFLAC Is Entitled to Summary Judgment On the Only Claims BISD has Against AFLAC.**

BISD cannot escape the fact that the only surviving claim Chavez asserts against BISD is his Section 1983 claim, namely, that BISD violated Chavez's first amendment rights. Chavez has no other claim against BISD. Therefore, Section 1983 is the only claim upon which BISD can hang any right to seek contribution or indemnity from AFLAC.

BISD, however, cannot seek contribution from AFLAC for the harm Chavez alleges to have suffered at BISD's hands. As previously argued in AFLAC's Motion to Dismiss and in its Motion for Summary Judgment, a party has no right to seek contribution or indemnification for a claim arising under 42 U.S.C. § 1983. 42 U.S.C. §§ 1983, 1988; *Wright v. B.J. Reynolds*, 703 F. Supp. 583, 591 (N.D. Tex. 1988). BISD and Sauceda agree that "AFLAC is correct that contribution is not recoverable under 42 USC Section 1983...". (Response at p. 2.) BISD and Sauceda do not even address the indemnification claim and do not cite any contrary authority. Therefore, summary judgment in AFLAC's favor on the only claims against it is mandated.

Ignoring the dilemma created by the fact that it has no viable claims against AFLAC and employing tortured logic, BISD seizes on the claims Chavez has asserted against **Sauceda**, who has **not** been granted leave to bring either a contribution or indemnification claim against AFLAC, as the basis for maintenance of **BISD's** contribution claim against AFLAC. In other words, BISD is saying, "Even if we cannot seek contribution against AFLAC, we think Sauceda can, so BISD should get contribution, too." This argument defies logic. The Court should grant AFLAC's Motion for Summary Judgment.

B.   **Sauceda Has No Claims On File Against AFLAC and Should Not be Allowed to Argue Unfiled Claims In Response to AFLAC's Motion for Summary Judgment Against BISD.**

As to Sauceda's joining in BISD's opposition to AFLAC's Motion for Summary Judgment against BISD, Sauceda has no standing. He has not been granted leave to file a contribution claim against AFLAC but assumes that he has a contribution claim pending. Sauceda is putting the cart way before the horse.

Even if Sauceda is granted leave to file his third-party claims against AFLAC, his proposed Complaint does not assert that AFLAC has any liability to Chavez for discrimination. As pointed out above, Sauceda's proposed third-party complaint alleges that Chavez's damages were caused by negligent or intentional conduct of AFLAC and that AFLAC may have liability to Chavez under the laws of the State of Texas. Sauceda's proposed pleading does not meet the standards for notice pleading required by the Rules of Federal Procedure, as it fails to put AFLAC on notice of Sauceda's current argument — that Sauceda is entitled to contribution or indemnity from AFLAC because AFLAC might be liable to Chavez for discrimination under 42 U.S.C. § 1981. *See* Fed. R. Civ. P. 8; *Mallett v. Timco Elec. Power & Controls, Inc.*, 815 F. Supp. 992, 993 (E.D. Tex. 1993) (stating that a pleading must give a defendant adequate notice of Plaintiff's claim to allow a response or a defense).

Sauceda's proposed complaint does not contain a single fact to support a claim that AFLAC discriminated against Chavez and, thus, does not fairly put AFLAC on notice that Sauceda hopes to show that AFLAC is liable to him in contribution because it discriminated against Chavez. *See Askanase v. Fatjo*, 148 F.R.D. 570, 573 (S.D. Tex. 1993) (finding that a pleading that contains merely bare allegations of liability, without pleading facts giving rise to this liability, does not adequately provide the opposing party with notice of the nature of the

claim asserted). "Even the liberal notice pleading allowed by the federal rules requires a pleading to include the operative facts upon which the pleader bases his claim." *Id.* Sauceda's proposed complaint does not meet this standard. In fact, AFLAC was not even aware that Sauceda based a claim for contribution on a claim of discrimination until it received the Response. Thus, even if Sauceda is granted leave to file claims against AFLAC, his pleading will still fail to support a claim for contribution based on AFLAC's alleged discrimination unless he seeks and is granted leave to amend his complaint to assert that claim.

*If* Sauceda is granted leave to file claims against AFLAC and *if* Sauceda seeks leave to amend to assert a claim for contribution and *if* that is motion to amend is granted, then AFLAC will seek and this Court should grant a motion to compel Sauceda's claims to arbitration because, as pointed out in AFLAC's Motion to Strike or, in the Alternative, Motion to Stay Proceedings and Compel Arbitration[1], the arbitration demand in Chavez's contract would incorporate any claims for discrimination. Because Sauceda's claims would be derivative of Chavez's, they, too, would be subject to arbitration. After the resolution of the motion to compel arbitration, *then* the parties would do discovery as to the claim of discrimination. To date, AFLAC has not conducted discovery to assert against a claim of discrimination because none has been filed in this case. *When and if* one is filed, *then* it would be procedurally proper to conduct discovery on those claims and *after* conducting such discovery, it would be proper for the Court or the arbitrator to entertain motions for summary judgment on those claims. Ignoring the rules of pleading and procedure, Sauceda wants to resolve his entire lawsuit before it is even filed. This Court should not allow Sauceda to blithely ignore all of the above-referenced contingencies and then somehow

---

[1] AFLAC filed this motion in response to Chavez's Notice of Clarification of Claims and the Court has not ruled on the motion to date.

presume that a discussion of **Sauceda's** potential claims is somehow relevant to AFLAC's Motion for Summary Judgment against **BISD**.

## III.
## CONCLUSION

Third-Party Defendant AFLAC respectfully prays that the Court find that BISD and Sauceda's Response to AFLAC's Motion for Summary Judgment was untimely filed without good cause and grant its Motion to Strike. AFLAC further prays that the Court grant its Motion for Summary Judgment, dismissing all claims against it with prejudice, and granting it such other and further relief to which it may be justly entitled.

Respectfully submitted,

William B. Steele III, Attorney In Charge
So. Dist. No. 8019
State Bar No. 19107400
Of Counsel:
LOCKE LIDDELL & SAPP LLP
100 Congress Ave., Suite 300
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Fax)

Valorie C. Glass
So. Dist. No. 15303
State Bar No. 00784135
Of Counsel:
ATLAS & HALL, L.L.P.
P.O. Box 3725
McAllen, Texas 78502
(956) 682-5501
(956) 686-6109 (Fax)

**ATTORNEYS FOR THIRD-PARTY DEFENDANT AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS**

## CERTIFICATE OF SERVICE

I hereby certify by my signature below that a true and correct copy of the above and foregoing has been served via certified mail, return receipt requested, on this ___ day of November, 2003, to all counsel of record listed below:

J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

Elizabeth G. Neally
Roerig, Oliveira & Fisher, LLP
855 West Price Road, Suite 9
Brownsville, Texas 78550

Eileen Leeds
Willette & Guerra
3505 Boca Chica Boulevard.
Suite 460
Brownsville, Texas 78521

William B. Steele III