IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 8 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DINO CHAVEZ, § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | |
| BROWNSVILLE INDEPENDENT § | |
| SCHOOL DISTRICT and NOE SAUCEDA, § | |
| Defendants, § | |
| ---------------------------------------------------- § | CIVIL ACTION NO. B-02-128 |
| BROWNSVILLE INDEPENDENT SCHOOL § | |
| DISTRICT, § | |
| Third-Party Plaintiff, § | |
| § | |
| vs. § | |
| § | |
| AMERICAN FAMILY LIFE ASSURANCE § | |
| COMPANY OF COLUMBUS (AFLAC), § | |
| Third-Party Defendant. § | |

## THIRD-PARTY DEFENDANT AFLAC'S MOTION IN LIMINE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the Court's Scheduling Order and Rule, Third-Party Defendant American Family Life Assurance Company of Columbus ("AFLAC") files its motion *in limine*. AFLAC respectfully moves the Court to:

(a) Instruct counsel for Plaintiff Dino Chavez ("Chavez" or "Plaintiff"), Defendant and Third-Party Plaintiff the Brownsville Independent School District ("BISD"), and Defendant Noe Sauceda ("Sauceda") not to mention or bring before the jury, either directly or indirectly, upon *voir dire* examination, opening statement, interrogation of witnesses, argument, objections before the jury, or by any other means, or in any other manner, inform the jury or bring to the jury's attention, any of the matters set forth below, unless and until any such matters have been

first called to the Court's attention out of the presence and/or hearing of the jury, and a favorable ruling received from the Court as to the admissibility and relevance of any such matters;

(b) Instruct counsel for Chavez, BISD, and Sauceda to inform all of their witnesses, their clients, and their client representatives not to volunteer, interject, disclose, state, mention in the presence of the jury, or in any way refer to any of the matters stated below, unless and until specifically questioned thereon after a prior favorable ruling by the Court; and

(c) Instruct counsel for Chavez, BISD, and Sauceda that a violation of any and/or all of the Court's instructions would likely constitute undue harm to AFLAC's case and deprive AFLAC of a fair and impartial jury trial, and that such violation and failure to abide by the Court's Order on AFLAC's motions *in limine* may bring about a mistrial.

1. Chavez, BISD, and Sauceda should be prohibited arguing or inferring that a party should be treated more or less favorably because of such party's race, national origin, nationality, religion, marital status, occupation, or financial status. Any such reference will be wholly irrelevant to the issues in this litigation and would only serve to unfairly prejudice the Plaintiffs or mislead the jury. FED. R. EVID. 402, 403.

2. Chavez, BISD, and Sauceda should be prohibited from introducing evidence regarding alleged discrimination by AFLAC or its agents against Plaintiff or against anyone, including any reference to the racial make-up of AFLAC's management or its field sales force. No party in this case has asserted a claim against AFLAC or its agents for discrimination. Plaintiff has not asserted a claim against any party in this case for discrimination. Accordingly, any reference to or suggestion of alleged discrimination against Plaintiff Chavez, or that AFLAC discriminates against anyone or to AFLAC's racial make-up will be wholly irrelevant to the issues in this

litigation and would only serve to unfairly prejudice the Plaintiff or mislead the jury. FED. R. EVID. 402, 403.

3.     Chavez, BISD, and Sauceda should be prohibited from introducing evidence regarding poor, unfair, or allegedly discriminatory treatment of persons other than the Plaintiff. FED. R. EVID. 402, 403; *see, e.g., Turner v. N. American Rubber Co.*, 979 F.2d 55, 59 (5th Cir. 1992); *Haskell v. Kaman Corp.*, 743 F.2d 113, 120 (2d Cir. 1984); *Bumstead v. Jasper County*, 931 F. Supp. 1323, 1334 (E.D. Tex. 1996).

4.     In the event the Court denies items 2 and 3 above, then AFLAC requests the following: Chavez, BISD, and Sauceda should be prohibited from introducing evidence regarding alleged discrimination by persons other than person(s) who made the decision to terminate AFLAC's Regional Sales Coordinator's Agreement with Plaintiff, as evidence of alleged discrimination of any other decision maker would be inadmissible in this matter. *See Laxton v. Gap*, 333 F.3d 572, 583 (5th Cir. 2003).

5.     Chavez, BISD, and Sauceda should be prohibited from making any reference, directly or indirectly, to any grievances, complaints, charges, or claims, suits settlements, which may have been made against AFLAC. AFLAC would show that the mention of such matters to the jury would be solely for the purposes of prejudicing and inflaming the jury and would not be relevant or material to any proper inquiry or issue before the jury in this case. FED. R. EVID. 401-404.

6.     Chavez, BISD, and Sauceda should be prohibited from making any request or demand for stipulation to any fact in the presence of the jury or the jury panel. FED. R. EVID. 402, 403.

7.     Chavez, BISD, and Sauceda should be prohibited from discussing or referencing the fact that AFLAC may have requested that the parties enter into any agreements or stipulations regarding issues in this lawsuit, to the extent that the parties did not reach such agreement or

stipulation. Any evidence of such requests for agreements or stipulations is inadmissible, irrelevant, and prejudicial. FED. R. EVID. 402, 403.

8. Chavez, BISD, and Sauceda should be prohibited from asking questions to AFLAC's counsel in front of the jury. FED. R. EVID. 402, 403.

9. Chavez, BISD, and Sauceda should be prohibited from making any argument or statements to the effect that the jurors should put themselves in either the position of the Plaintiff or the position of BISD as a third-party plaintiff, or Sauceda as a third-party plaintiff if he is granted leave to assert a third-party claim against AFLAC. *See Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 278 (5th Cir. 1998).

10. Chavez, BISD, and Sauceda should be prohibited from disclosing in any manner the fact that this Motion has been presented to or ruled upon by the Court. Such motions are inherently prejudicial in that they suggest or imply that the moving party has sought to exclude proof of matters potentially damaging to the moving party's case. FED. R. EVID. 402, 403.

11. Chavez, BISD, and Sauceda should be prohibited from discussing or referencing the nature of the practice of AFLAC's counsel and/or the law firm with which AFLAC's counsel is associated, including but not limited to the number of attorneys it employs, the number or location of its offices, its financial condition, or any of its clients. Any such reference will be wholly irrelevant to the issues in this litigation and would only serve to unfairly prejudice the Plaintiffs or mislead the jury. FED. R. EVID. 402, 403.

12. Chavez, BISD, and Sauceda should be prohibited from introducing any evidence of or making any reference or intimation or statement, directly or indirectly, regarding Plaintiff's, BISD's, or Sauceda's assets, liabilities, income or net worth in connection with an argument or

suggestion that a failure to award damages will cause Plaintiff, BISD, or Sauceda privation or financial hardship. FED. R. EVID. 402, 403.

13. Chavez, BISD, and Sauceda should be prohibited from any attempts to introduce speculative opinion by fact witnesses presented on Plaintiff's, BISD's, or Sauceda's behalf. FED. R. EVID. 402, 403, 601, and 701.

14. Chavez, BISD, and Sauceda should be prohibited from introducing testimony of experts who are not identified in responses to interrogatories and not designated by the time set forth in the Court's Scheduling Order or local rule. FED. R. CIV. P. 26, 37; *Alldread v. City of Grenada*, 988 F.2d 1425, 1435-36 (5th Cir. 1993).

15. Chavez, BISD, and Sauceda should be prohibited from introducing expert testimony outside the scope of the expert's written opinion produced during pretrial discovery, or outside of the limits placed by the Court on such testimony. FED. R. CIV. P. 26, 37; *see, e.g., Valdespino v. Alamo Heights Indep. Sch. Dist.*, 168 F.3d 848 (5th Cir. 1999); *Alldread*, 988 F.2d at 1435-36.

16. Chavez, BISD, and Sauceda should be prohibited from introducing testimony from any fact witnesses or attempt to introduce any documents not timely disclosed in response to discovery requests and/or under FED. R. CIV. P. 26. FED. R. CIV. P. 26, 37. If Chavez, BISD, or Sauceda has a good faith basis to urge that such witness or document should be received because good cause existed for failure to timely disclose, it should first approach the bench and secure a ruling.

17. Chavez, BISD, and Sauceda should be prohibited from introducing testimony or evidence regarding any claims or allegations not appropriately made by Plaintiff, BISD, or Sauceda in the Joint Pretrial Order. FED. R. CIV. P. 16(e).

18. Chavez, BISD, and Sauceda should be prohibited from introducing testimony or evidence regarding any claim for damages on matters not previously identified to AFLAC by appropriate discovery responses. FED. R. CIV. P. 26, 37.

19. Chavez, BISD, and Sauceda should be prohibited from making any reference, intimation, or argument that AFLAC is a big corporation or a rich corporation and therefore able to pay damages. Any such reference will be wholly irrelevant to the issues in this litigation and would only serve to unfairly prejudice the Plaintiffs or mislead the jury. FED. R. EVID. 402, 403.

20. Chavez, BISD, and Sauceda should be prohibited from making any statement or suggestion as to the probable testimony of any witness or alleged witness who is unavailable to testify, or whom Chavez, BISD, or Sauceda do not, in good faith, expect to testify in the trial, as this would improperly place unsworn testimony before the Jury. FED. R. EVID. 402, 403, 603 and 802.

21. Chavez, BISD, and Sauceda should be prohibited from making any reference to the probable testimony of any witness whose testimony was barred by a motion to strike, objections, or this Motion in Limine. FED. R. EVID. 104(a), 402, 403, 602, 603, and 611(a)(1), (2).

22. Chavez, BISD, and Sauceda should be prohibited from referring to any claim of privilege made by AFLAC or any ruling by the Court thereon, or any speculation as to what documents or testimony not discovered because of a claim or privilege may or may not contain. FED. R. EVID. 402, 403, and 1101(c).

23. Chavez, BISD, and Sauceda should be prohibited from making any demands or requests before the jury for matters found or contained in AFLAC's file which would include statements, pleadings, or other documents, or from making any other request during the course of the trial and in the presence of the jury. FED. R. EVID. 402, 403, 501.

24. Chavez, BISD, and Sauceda should be prohibited from making any argument that any finding or failure to find in response to a particular jury question will, or will not, result in a judgment favorable to any party. FED. R. EVID. 402, 403. This request is not intended to bar counsel's argument that a particular jury question should be answered in a particular way.

25. Chavez, BISD, and Sauceda should be prohibited from presenting evidence of any prior statements of any witness who is available at trial, if such statements are offered for purposes other than impeachment or rebuttal of testimony or documentary evidence presented during trial. FED. R. EVID. 402, 403, 613, and 802.

26. Chavez, BISD, and Sauceda should be prohibited from making any reference to settlement negotiations, including mediation and settlement communications. Any evidence of such negotiations is inadmissible, irrelevant, and prejudicial. FED. R. EVID. 408.

27. Chavez, BISD, and Sauceda should be prohibited from showing any documents or other visual aids to the jury or displaying same in such manner that the jury or any member thereof can see the same, unless and until the same has been tendered to opposing counsel, and has been admitted in evidence or approved for admission or use before the jury, either by the Court or by all counsel.

28. Chavez, BISD, and Sauceda should be prohibited from making any comment or inference that Chavez, BISD, or Sauceda will have to pay attorneys' fees, or any reference to the amount or basis of any attorneys' fees, unless a claim for recovery of attorneys' fees in the case will be submitted to the jury. Absent a claim for attorneys' fees in this matter, any such reference will be wholly irrelevant to the issues in this litigation and would only serve to unfairly prejudice the Plaintiffs or mislead the jury. FED. R. EVID. 402, 403.

29.     Chavez, BISD, and Sauceda should be prohibited from making any comment or inference that any recovery will or will not be subject to income taxes, estate taxes, or gift taxes, in whole or in part. Any such reference will be wholly irrelevant to the issues in this litigation and would only serve to unfairly prejudice the Plaintiffs or mislead the jury. FED. R. EVID. 402, 403.

Respectfully submitted,

_William B. Steele III, by permission_
William B. Steele III, Attorney In Charge
So. Dist. No. 8019
State Bar No. 19107400
Of Counsel:
LOCKE LIDDELL & SAPP LLP
100 Congress Ave., Suite 300
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Fax)

Valorie C. Glass
So. Dist. No. 15303
State Bar No. 00784135
Of Counsel:
ATLAS & HALL, L.L.P.
P.O. Box 3725
McAllen, Texas 78502
(956) 682-5501
(956) 686-6109 (Fax)

**ATTORNEYS FOR THIRD-PARTY DEFENDANT AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS**

## CERTIFICATE OF SERVICE

I hereby certify by my signature below that a true and correct copy of the above and foregoing has been served via Federal Express, on this 17th day of December, 2003, to all counsel of record listed below:

J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

Elizabeth G. Neally
Roerig, Oliveira & Fisher, LLP
855 West Price Road, Suite 9
Brownsville, Texas 78550

Eileen Leeds
Willette & Guerra
3505 Boca Chica Boulevard.
Suite 460
Brownsville, Texas 78521

_William B. Steele III by permission_
William B. Steele III