Case 1:02-cv-00128  Document 87  Filed in TXSD on 12/30/2003  Page 1 of 11

87

United States District Court
Southern District of Texas
FILED

DEC 3 0 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DINO CHAVEZ § | |
| § | |
| vs. § | CIVIL ACTION NO. B-02-128 |
| § | |
| BROWNSVILLE INDEPENDENT § | |
| SCHOOL DISTRICT, and NOE SAUCEDA, § | |
| ------------------------------------------§ | |
| BROWNSVILLE INDEPENDENT § | |
| SCHOOL DISTRICT, § | |
| Third-Party Plaintiff, § | |
| § | |
| vs. § | |
| § | |
| AMERICAN FAMILY LIFE INSURANCE § | |
| COMPANY OF COLUMBUS (AFLAC), § | |
| Third-Party Defendant. § | |

**MOTION OF DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT
TO EXCLUDE PLAINTIFF'S EVIDENCE**

Now Comes Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT ("BISD"), and files this its Motion to Exclude Plaintiff's Evidence at the trial of this matter, pursuant to Federal Rules of Evidence 402, 403 and 802, and in support of said Motion would show as follows:

1.  Plaintiff should be prohibited from instructing the jury, or presenting circumstantial evidence establishing damages through his expert, Dr. Horner, Plaintiff's damages, Plaintiff's Trial Exhibits 83 and 84, because:

a. An inference as to an ultimate issue of fact is deemed unreasonable, and without probative force, if it would allow a jury to rest its verdict on mere speculation and conjecture. See *Bridges v. Groendyke Transport, Inc.*, 553 F.2d 877, 878-79 (5th Cir. 1977);

b. Where Plaintiff's own expert states that it is impossible to determine the rate of Plaintiff's ultimate damages without factoring in mitigation, and a jury should not be permitted to speculate on the issue; and

c. The ultimate damages proposed by Plaintiff are too speculative and conjectural because it is at odds with the undisputed facts.
See Defendant's Motion to Exclude Plaintiff's Expert on file with this Court.

GRANTED: _____   DENIED: _____

2. Evidence of communications and testimony by BISD employees, as noted below, including, but not limited to, the testimony of Otis Powers and Joe Colunga, and specifically evidence on the following matters are not relevant and, therefore, should be precluded from evidence:

a. Purchase of workers compensation insurance in August 2001 - Exhibit 1 to Powers' deposition, Plaintiff's Trial Exhibit 15;

b. Allegations of impropriety made by Powers and Lehman concerning Jeff Roerig's allegations against them including correspondence from Jeff Roerig, correspondence from Otis Powers, correspondence from Pat Lehman, Exhibits 5, 4 and 3 to Otis

      Powers' deposition;

c.    The hiring of Rogelio Garcia as a benefit consultant in January 2002. See correspondence from Rogelio Garcia and TASB, Exhibits 8 and 9 to Otis Powers' deposition, Plaintiff's Trial Exhibit 16;

d.    Impropriety of posting of agenda in May, 2002, including correspondence from Ricardo Morado, Exhibit 10 to Otis Powers' deposition;

e.    Change in chairperson for the Insurance Committee made in February, 2002, including correspondence from Colunga and agenda and correspondence from Randy Dunn, Otis Powers, Exhibits 11, 12, 14, 15, 16, 17 and 18 to Otis Powers' deposition;

f.    Employment contract between Roerig, Oliveira & Fisher and BISD made in August, 2001, Exhibit 13 to Otis Powers' deposition, Plaintiff's Trial Exhibit 17.

Said evidence in a - f should be precluded for the following reasons:

(1)    For evidence of communications to be admissible, the proffering party must show that the event complained of occurred under "substantially similar" circumstances as the incident alleged in the Plaintiffs' Third Original Complaint and Plaintiffs cannot meet this burden. ***Mills v. Beech Aircraft Corp., Inc.***, 886 F.2d 758 (5th Cir. 1989); ***Hardy v. Chemetron Corp.***, 870 F.2d 1007, 1009 (5th Cir. 1989); ***Magic Chef, Inc. v. Anita Sibley***, 546 S.W.2d 851, 855 (Tex. Ct. App. 1977); ***Mercer v. Pittway Corp.***, 616 N.W.2d 602 (Iowa, 2000);

(2)    The correspondence and the testimony of Otis Powers and Joe Colunga concerning the issues referenced above are irrelevant; and

(3)    The communications constitute inadmissible hearsay; and

    (4)    The communications between BISD and Jeff Roerig and Ricardo Morado, School counsel, are privileged as attorney-client communications.

GRANTED: _____  DENIED: _____

3.    Transcripts and exhibits from the Termination Hearing of Dr. Noe Sauceda as well as the opinion by TEA Hearing Officer, Victoria Guerra relating to Dr. Noe Sauceda, and internal audit information, Plaintiff's Trial Exhibits 53, 54, and 55.

Said evidence should be precluded for the following reasons:

(1)    For evidence of communications to be admissible, the proffering party must show that the event complained of occurred under "substantially similar" circumstances as the incident alleged in the Plaintiffs' Third Original Complaint and Plaintiffs cannot meet this burden. *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758 (5th Cir. 1989); *Hardy v. Chemetron Corp.*, 870 F.2d 1007, 1009 (5th Cir. 1989); *Magic Chef, Inc. v. Anita Sibley*, 546 S.W.2d 851, 855 (Tex. Ct. App. 1977); *Mercer v. Pittway Corp.*, 616 N.W.2d 602 (Iowa, 2000);

(2)    The correspondence and the testimony concerning the issues referenced above are irrelevant; and

(3)    The communications constitute inadmissible hearsay; and

(4)    The communications between BISD and Jeff Roerig and Ricardo Morado, School counsel, are privileged as attorney-client communications.

GRANTED: _____  DENIED: _____

4.   Testimony concerning other lawsuits against BISD including testimony by Norma Ortiz, Catalina Garcia, or any other individual who has sued BISD.

Said evidence should be precluded for the following reasons:

(1)   For evidence of communications to be admissible, the proffering party must show that the event complained of occurred under "substantially similar" circumstances as the incident alleged in the Plaintiffs' Third Original Complaint and Plaintiffs cannot meet this burden. ***Mills v. Beech Aircraft Corp., Inc.***, 886 F.2d 758 (5th Cir. 1989); ***Hardy v. Chemetron Corp.***, 870 F.2d 1007, 1009 (5th Cir. 1989); ***Magic Chef, Inc. v. Anita Sibley***, 546 S.W.2d 851, 855 (Tex. Ct. App. 1977); ***Mercer v. Pittway Corp.***, 616 N.W.2d 602 (Iowa, 2000);

(2)   The correspondence and the testimony of Otis Powers and Joe Colunga concerning the issues referenced above are irrelevant; and

(3)   The communications constitute inadmissible hearsay.

GRANTED: _____          DENIED: _____

5.   Testimony or evidence concerning relationship between Randy Dunn and Lizzie Parra as referred to in Plaintiff's Original Complaint.

Said evidence should be precluded for the following reasons:

(1)   For evidence of communications to be admissible, the proffering party must show that the event complained of occurred under "substantially similar" circumstances as the incident alleged in the Plaintiffs' Third Original Complaint and Plaintiffs cannot meet this burden. ***Mills v. Beech Aircraft Corp., Inc.***, 886 F.2d 758 (5th Cir. 1989); ***Hardy v. Chemetron Corp.***, 870 F.2d 1007, 1009 (5th Cir. 1989); ***Magic Chef, Inc. v. Anita Sibley***, 546 S.W.2d 851, 855 (Tex.

*Ct. App. 1977);* **Mercer v. Pittway Corp.**, *616 N.W.2d 602 (Iowa, 2000);*

(2) The correspondence and the testimony concerning the issues referenced above are irrelevant; and

(3) The communications constitute inadmissible hearsay.

GRANTED: _____        DENIED: _____

6. Testimony or evidence relating to unsubstantiated allegations made by Plaintiff in his Second Amended Original Complaint, paragraphs 17, 19, 24 and 25 against Marilyn Del Bosque-Gilbert and Randy Dunn. In particular testimony or evidence that Marilyn Del Bosque-Gilbert or Randy Dunn acted improperly or with illegal intent or motive while acting as Board Members with BISD, including that Randy Dunn tried to delay the vote of the insurance committee relating to the TPA for an improper reason, that "Randy Dunn acted for his own purposes, in order to have his wife reinstated to her former position as secretary to Superintendent Sauceda" and to have Elizabeth Parra hired at BISD and that Marilyn Del Bosque-Gilbert acted for her own purposes, in order to prevent any lawsuit against her husband's former employer, Sweezy Construction...." See paragraph 19 of Plaintiff's Second Amended Original Complaint, filed but not granted leave.

Said evidence should be precluded for the following reasons:

(1) For evidence of communications to be admissible, the proffering party must show that the event complained of occurred under "substantially similar" circumstances as the incident alleged in the Plaintiffs' Third Original Complaint and Plaintiffs cannot meet this burden. **Mills v. Beech Aircraft Corp., Inc.**, *886 F.2d 758 (5ᵗʰ Cir. 1989);* **Hardy v.**

*Chemetron Corp.*, 870 F.2d 1007, 1009 (5th Cir. 1989); *Magic Chef, Inc. v. Anita Sibley*, 546 S.W.2d 851, 855 (Tex. Ct. App. 1977); *Mercer v. Pittway Corp.*, 616 N.W.2d 602 (Iowa, 2000);

(2) The correspondence and the testimony concerning the issues referenced above are irrelevant; and

(3) The communications constitute inadmissible hearsay.


GRANTED: _____        DENIED: _____


7. Any testimony or evidence that Jeff Roerig or the law firm of Roerig, Oliveira & Fisher acted improperly or with some illegal intent or motive in the representation of BISD and specifically with regard to actions by Noe Sauceda relating to Dino Chavez.

Said evidence should be precluded for the following reasons:

(1) For evidence of communications to be admissible, the proffering party must show that the event complained of occurred under "substantially similar" circumstances as the incident alleged in the Plaintiffs' Third Original Complaint and Plaintiffs cannot meet this burden. *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758 (5th Cir. 1989); *Hardy v. Chemetron Corp.*, 870 F.2d 1007, 1009 (5th Cir. 1989); *Magic Chef, Inc. v. Anita Sibley*, 546 S.W.2d 851, 855 (Tex. Ct. App. 1977); *Mercer v. Pittway Corp.*, 616 N.W.2d 602 (Iowa, 2000);

(2) The correspondence and the testimony of Otis Powers and Joe Colunga concerning the issues referenced above are irrelevant;

(3) The communications constitute inadmissible hearsay; and

    (4)    The communications between BISD and Jeff Roerig and Ricardo Morado, School counsel, are privileged as attorney-client communications.

GRANTED: _____        DENIED: _____

8.    Portions of BISD minutes and transcripts for the period in question, including November 13, 2001, November 20, 2001, that are unrelated to Mr. Chavez's complaint and concerns.

Said evidence should be precluded for the following reasons:

(1)    For evidence of communications to be admissible, the proffering party must show that the event complained of occurred under "substantially similar" circumstances as the incident alleged in the Plaintiffs' Third Original Complaint and Plaintiffs cannot meet this burden. ***Mills v. Beech Aircraft Corp., Inc.***, 886 F.2d 758 (5th Cir. 1989); ***Hardy v. Chemetron Corp.***, 870 F.2d 1007, 1009 (5th Cir. 1989); ***Magic Chef, Inc. v. Anita Sibley***, 546 S.W.2d 851, 855 (Tex. Ct. App. 1977); ***Mercer v. Pittway Corp.***, 616 N.W.2d 602 (Iowa, 2000);

(2)    The correspondence and the testimony of Otis Powers and Joe Colunga concerning the issues referenced above are irrelevant;

(3)    The communications constitute inadmissible hearsay; and

(4)    The communications between BISD and Jeff Roerig and Ricardo Morado, School counsel, are privileged as attorney-client communications.

GRANTED: _____        DENIED: _____

9. Testimony or evidence from the lawsuit styled *Stephen M. Andrus, Fernando De Pena, Valentin Paz and Andrus & Paz, a Partnership v. Brownsville Independent School District, Noe Sauceda and Eddie Errisuriz, Jr.*, Civil Action No. B-02-143.

Said evidence should be precluded for the following reasons:

(1) For evidence of communications to be admissible, the proffering party must show that the event complained of occurred under "substantially similar" circumstances as the incident alleged in the Plaintiffs' Third Original Complaint and Plaintiffs cannot meet this burden. **Mills v. Beech Aircraft Corp., Inc.**, 886 F.2d 758 (5th Cir. 1989); **Hardy v. Chemetron Corp.**, 870 F.2d 1007, 1009 (5th Cir. 1989); **Magic Chef, Inc. v. Anita Sibley**, 546 S.W.2d 851, 855 (Tex. Ct. App. 1977); **Mercer v. Pittway Corp.**, 616 N.W.2d 602 (Iowa, 2000);

(2) The correspondence and the testimony of Otis Powers and Joe Colunga concerning the issues referenced above are irrelevant;

(3) The communications constitute inadmissible hearsay; and

(4) The communications between BISD and Jeff Roerig and Ricardo Morado, School counsel, are privileged as attorney-client communications.

GRANTED: _____        DENIED: _____

WHEREFORE, PREMISES CONSIDERED, Defendant Brownsville Independent School District respectfully prays that this Motion be set for a hearing commencing on _____ _____, 200_____, and that, upon final hearing of its Motion to Exclude Plaintiff's Evidence at the trial of this matter, this Honorable Court will exclude Plaintiff from offering certain evidence at the trial of this matter, and for such other relief, at law or in equity, to which Defendant

BISD may show itself justly entitled to receive.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 West Price Road, Suite 9
Brownsville, Texas 78520
(956) 542-5666
(956) 542-0016 Facsimile

Attorneys for Defendant Brownsville Independent
  School District

By: _____
Elizabeth G. Neally
State Bar No. 13840400
Fed. ID # 8044
Ricardo Morado
State Bar #14417250
Fed. ID #1213

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing MOTION OF DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT TO EXCLUDE PLAINTIFF'S EVIDENCE has been served on all counsel of record, to wit:

Mr. J. Arnold Aguilar
**Law Offices of J. Arnold Aguilar**
Artemis Square, Suite H-2,
1200 Central Boulevard
Brownsville, Texas 78520
Via Hand-Delivery

Ms. Eileen Leeds
**Willette & Guerra**
3505 Boca Chica Boulevard, Suite 460
Brownsville, Texas 78521
Via Hand-Delivery

Mr. William B. Steele, III
**LOCKE, LIDDELL & SAPP**
100 Congress Avenue, Suite 300
Austin, Texas 78701
Via CMRRR: 7160 3901 9848 1267 9566

on this  30th  day of December, 2003.

_____
Elizabeth G. Neally