ɑ\

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 0 7 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk ⸻

| | | |
|---|---|---|
| DINO CHAVEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-128 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT AND NOE | § | |
| SAUCEDA, | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED, that on January 5, 2004, the Court considered Third
party Defendant American Family Life Assurance Company of Columbus's ("AFLAC")
Motion to Dismiss [Dkt. No. 47], Motions for Hearings [Dkt. Nos. 53 & 61], Motion to
Strike, or in the Alternative to Stay Proceedings and Compel Arbitration [Dkt. Nos. 66-1,
66-2, & 66-3], Motion for Summary Judgment [Dkt. No. 67], Motion to Strike Defendant
Brownsville Independent School District's ("BISD") and Defendant Noe Sauceda's
Response to AFLAC's Motion for Summary Judgment [Dkt. No. 79], Motion to Modify
Factual Statement [Dkt. No. 72], and the responses and replies thereto.  The Court also
considered Defendant Sauceda's Motion for Leave to File Third Amended Complaint
[Dkt. No. 50].  For the reasons that follow, the Court **GRANTS** AFLAC's Motion for
Summary Judgment, and **DENIES as moot** the remaining motions.   Additionally, the
Court **DENIES** Defendant Sauceda's Motion for Leave to File Third Amended
Complaint [Dkt. No. 50].

## I. Factual and Procedural Background

This case was originally filed in the 404th Judicial District Court in Cameron
County, Texas.  Defendants removed the case to this court on July 17, 2002.  Plaintiff,
Dino Chavez, brought a claim against BISD and Noe Sauceda, the Superintendent of

1

BISD, under 42 U.S.C. § 1983 for the deprivation of his due process rights under the Fourteenth Amendment and his free speech rights under the First Amendment of the United States Constitution. Plaintiff alleged in his first amended original complaint that he was an insurance sales agent representing American Family Life Assurance Company of Columbus ("AFLAC"). Plaintiff submitted an AFLAC proposal to BISD's Insurance Committee for an optional section 125 Cafeteria Plan Services Contract. It is undisputed that Plaintiff is not an employee or independent contractor of BISD. Plaintiff claimed in his complaint that his bid was, in essence, a bid to provide enrollment services to BISD employees and to provide administrative services for the processing of the employees' insurance policies. Plaintiff would earn commissions from the AFLAC insurance policies he sold directly to the employees.

The present dispute arose when, after coordinating the employees' cafeteria plan enrollment from 1998 through 2001, Noe Sauceda notified Plaintiff and AFLAC that Plaintiff would no longer be allowed to present AFLAC's bid to the Insurance Committee. Mr. Sauceda sent a letter to AFLAC in which he explained that unless another representative agent from AFLAC replaced Plaintiff, AFLAC's proposal would not be reviewed by the Insurance Committee. Mr. Sauceda cited unprofessional and unethical conduct and "continuous inappropriate correspondence" as the reason for such removal. See Plaintiff's First Amended Complaint, at ¶ 12 [Dkt. No. 14]. Plaintiff alleged this action occurred after Mr. Sauceda attempted to award the contract to another bidder, and submitted false information, such as misquotes, to the Insurance Committee in an effort to sabotage AFLAC's bid. In particular, Plaintiff accused BISD of attempting to appoint an "agent of record" to provide ancillary insurance policies and products for BISD employees, and opined appointing an agent of record is illegal based on information obtained from the Texas Attorney General's website. Plaintiff spoke about this issue at several BISD Board Committee meetings.

Along with other proposals, AFLAC's bid for insurance services was placed on the Insurance Committee's agenda for the November 29, 2001, meeting. During this Insurance Committee meeting, AFLAC's proposal was accepted by a vote of the Committee. Plaintiff alleged that despite the fact that he had written the proposal and

2

had conducted previous insurance enrollment services for BISD employees, he was deprived of the opportunity to actually present the proposal at the meeting and was not allowed to begin enrollment after its acceptance.  Plaintiff argued his due process rights under the Fourteenth Amendment were violated when he was deprived of the opportunity to fully participate in the bidding process.  In addition, Plaintiff argued his constitutional right to free speech under the First Amendment was violated when he was refused the opportunity to present the proposal in retaliation for publicly admonishing BISD for what he believed to be the illegal use of an agent of record.

BISD argued in its motion to dismiss that Plaintiff failed to demonstrate that a recognized property right arose from the award of a bidding contract.  See BISD's Motion to Dismiss, at p. 2 [Dkt. No. 15].  BISD asserted that because Plaintiff was allowed to participate in all BISD bidding procedures, his procedural due process rights were not violated and no such property right exists under Texas law.  See id. at 3.

On January 14, 2003, the Court dismissed Plaintiff's due process claim against Defendants BISD and Noe Sauceda.  The Court's order was based on a finding "that Plaintiff [had] not demonstrated that a property interest exists for insurance service providers who are neither employed by BISD nor bound by contract to BISD."  Court's Jan. 14, 2003, Order, at p. 6.  Soon thereafter, Plaintiff filed a motion for reconsideration of the Court's dismissal of his due process claims, which the Court denied [Dkt. No. 33].

## II. Summary Judgment Standard

Summary Judgment shall be granted if the record, taken as a whole, "together with affidavits, if any, show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Factual controversies, if any exist, are resolved in favor of the nonmoving party.  See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).  See also Hunt v. Cromartie, 526 U.S. 541, 552 (1999).  The party making a summary judgment motion has the initial burden of informing the court of the basis for their motion and identifying those portions of the pleadings and discovery documents that demonstrate the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323

3

(1986); Colson v. Grohman, 174 F.3d 498, 506 (5th Cir.1999). Although the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact," Celotex Corp., 477 U.S. at 327, the party "need not negate the elements of the nonmovant's case." Little, 37 F.3d at 1075 (en banc) (citing Celotex, 477 U.S. at 323). If the moving party meets this burden, the nonmovant then must designate specific facts, beyond the pleadings, showing there is a genuine issue for trial to survive summary judgment. See Fed. R. Civ. P. 56(e). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Little, 37 F.3d at 1071 (citing Celotex, 477 U.S. at 325). "Unsubstantiated assertions" will not adequately cast doubt on material facts at issue. See Hopper v. Frank, 16 F.3d 92 (5th Cir. 1994). Likewise, the nonmovant must present more than a mere "scintilla" of evidence. See Davis v. Chevron U.S.A., Inc., 14 F.3d 1082 (5th Cir. 1994). Summary Judgment should be granted "when the nonmoving party fails to meet its burden to come forward with facts and law demonstrating a basis for recovery that would support a jury verdict." Little, 37 F.3d at 1071. The evidence must be viewed in the light most favorable to the nonmovant. See Whelan v. Winchester Prod. Co., 319 F.3d 225, 228 (5th Cir. 2003); Walker v. Thompson, 214 F.3d 615, 624 (5th Cir. 2000).

### III. Undisputed Facts and Legal Arguments

The Court addresses AFLAC's Motion for Summary Judgment, which incorporates its motion to dismiss arguments. As AFLAC points out, after dismissal Plaintiff maintains only one claim against BISD: an infringement of his First Amendment right to free speech in violation of 42 U.S.C. § 1983. BISD was granted leave by this Court to file a third party petition against AFLAC, in which BISD sought contribution and/or indemnity from AFLAC in the event BISD is found liable under section 1983. BISD asserted in their third party complaint that "the damages of Plaintiff were proximately caused by the negligent conduct of [t]hird party Defendant AFLAC in wrongfully terminating AFLAC's contract with Dino Chavez." Third Party Petition, at p. 4 [Dkt. No. 28]. BISD now concedes that contribution is not recoverable under sections 1983 and 1988 for constitutional violations. See, e.g., Harris v. Angelina County, Texas, 31 F.3d 331, 338 & n.9 (5th Cir. 1994) (noting that in light of Supreme Court

decisions holding there is no right to contribution under Title VII and the Equal Pay Act, most district courts have held there is no right to contribution under section 1983); Wright v. Reynolds, 703 F. Supp. 583, 591-92 (N.D. Tex. 1988) (determining there is no right to contribution or indemnity for civil rights violations under section 1983); Mason v. City of New York, 949 F. Supp. 1068, 1079 (S.D.N.Y. 1996) (holding there is no right to contribution under section 1983).

As mentioned in this Court's previous orders, it is undisputed that Plaintiff has never been employed by BISD. Furthermore, AFLAC has presented unrefuted evidence that Plaintiff first entered into an Associate's Agreement with AFLAC in 1994 when Plaintiff became an AFLAC agent. See AFLAC's Motion for Summary Judgment, at p. 5 & Ex. 2 [Dkt. No. 67]. In 1999, AFLAC promoted Plaintiff to the position of Regional Sales Coordinator, and the parties entered into a corresponding agreement, entitled the Regional Sales Coordinator's Agreement ("RSC Agreement"). See id. Ex. 2 and attached Ex. 11. AFLAC terminated Plaintiff's RSC Agreement in January 2002. Any remaining factual disputes are not material to this Court's determination of AFLAC's motion for summary judgment.

Defendant BISD argues in its Response to AFLAC's Motion for Summary Judgment that although there can be no claim for contribution against AFLAC, Plaintiff's damages for loss of earnings resulted when AFLAC, and not BISD, terminated his RSC Agreement and essentially demoted Plaintiff to his previous position of sales associate. See BISD's Response, at p. 5 [Dkt. No. 74].[1] Additionally, BISD references a "Notice of Clarification" filed on July 7, 2003, in which Plaintiff states that "[a]lthough [he] has not yet alleged or asserted a cause of action against AFLAC, he maintains a viable claim for violation of his equal rights under the law, for which he may still maintain an action pursuant to 42 U.S.C. § 1981(a)." Id. at p. 3 & Ex. A (Notice of Clarification, at p. 2). Additionally, Plaintiff asserts he "would show" AFLAC violated section 1981 "by

---

[1]The Court acknowledges that AFLAC has filed a Motion to Strike BISD's Response on the grounds that it was untimely filed. According to the Court's record, a response motion was due on or before October 15, 2003. BISD, however, filed its response on October 22, 2003, which makes the filing untimely. Nevertheless, in an effort to be thorough the Court briefly addresses BISD's response arguments.

restricting his ability to make and enforce contracts and by denying him the full and equal benefit of all laws and proceeds for the security of persons and property as is enjoyed by White citizens." Id. Furthermore, in this clarification, Plaintiff asserts that "the breach of contract by Third Party Defendant AFLAC was based in part on Plaintiff's race . . . [and] such actions caused or contributed to Plaintiff's damages herein." Id.

To date, Plaintiff has not filed a motion requesting leave to amend his complaint to include this new cause of action against AFLAC. Instead, Plaintiff raises a possible, but as yet unasserted, new theory of recovery against AFLAC under 42 U.S.C. § 1981(a). The "clarification" does not provide additional facts to support causes of action already asserted against AFLAC. Curiously, Plaintiff acknowledges that he has not filed a cause of action against AFLAC, yet files a clarification presumably with the hope of retaining AFLAC in this lawsuit. Because Plaintiff's "clarification" adds nothing to the live pleading, and instead only mentions a cause of action that has not actually been brought against AFLAC, the Court **STRIKES** this filing [Dkt. No. 60]. Had Plaintiff desired to bring such a claim, the proper course would have been to file a motion for leave to amend his complaint, which in turn would have provided AFLAC with an opportunity to file an answer to the amended complaint. The Court, therefore, **GRANTS** AFLAC's Motion to Strike the Notice of Clarification [Dkt. No. 66-1]. AFLAC's alternative requests to stay proceedings and compel arbitration are **DENIED as MOOT** [Dkt. Nos. 66-2, 66-3].

Plaintiff's only remaining claim against BISD is for a free speech violation of 42 U.S.C. § 1983. Therefore, BISD's argument that "Texas Rules of Civil Procedure [sic] § 33 applies to any cause of action based on tort in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relied [sic] is sought" is unavailing because AFLAC is not alleged to have been a *joint tortfeasor*. See BISD's Response to AFLAC's Motion for Summary Judgment, at p. 5 [Dkt. No. 74]. See also Bonniwell v. Beech Aircraft Corp., 663 S.W.2d 816, 818 (Tex. 1984) ("Contribution is allowed in Texas only among joint tortfeasors"); Tex. Civ. Prac. & Rem. Code § 33.002(a) ("[T]his chapter applies to any cause of action based on tort in which a defendant, settling person, or responsible third party is found responsible for a

6

percentage of the harm for which relief is sought."). BISD, however, has not alleged that AFLAC is a joint tortfeasor, and thus responsible for a percentage of the harm for which Plaintiff seeks relief. Furthermore, "[s]ection 33.016(b) grants a right of contribution only to a 'liable defendant.' A liable defendant is a 'defendant against whom a judgment can be entered for at least a portion of the damages awarded to the claimant.'" Pacesetter Pools, Inc. v. Pierce Homes, Inc., 86 S.W.3d 827 (Tex. App. –Austin 2002, no pet.) (citations omitted). See also CBI NA-CON, Inc. v. UOP, Inc., 961 S.W.2d 336, 339 (Tex. App. –Houston [1st Dist. 1997], pet. den.) (stating the axiomatic notion that contribution is derivative in nature and any claim a defendant has against a third party is derivative of the claim a plaintiff could bring against the third party).

BISD cites Elson Thermoplastics v. Dynamic Systems, Inc. to support its argument that if there is a factual question as to a defendant's liability, then fact questions must also exist concerning the third party's liability. 49 S.W.3d 891, 901-902 (Tex. App. – Austin, 2001, no pet. h.). BISD argues its claim for contribution is not proper for determination on summary judgment because as long as factual issues remain on Plaintiff's claim, an award of contribution is possible. Elson Thermoplastics, however, also reiterated the basic premise that "[a] claim for contribution is derivative of the plaintiff's right to recover from a joint defendant against whom contribution is sought. In other words, [Defendant's] claim of contribution derives from [Plaintiff's] right to recover from [the third party]." Id. at p. 902. In the case before this Court, Plaintiff has alleged no claim against BISD for which AFLAC could share liability, and that would require contribution. BISD responds that "[a]s the contractor of Dino Chavez, AFLAC was solely in the position to cause damage to Plaintiff. AFLAC chose to demote Dino Chavez separate and apart from BISD and Dr. Sauceda and as such should remain a party to this suit." BISD's Response to AFLAC's Motion for Summary Judgment, at p. 6. This response misses the mark because Plaintiff still has not alleged a *tort* against BISD for which AFLAC could be considered a joint tortfeasor. Furthermore, there are no factual issues as to AFLAC's liability because Plaintiff has not lodged any allegations of tortious acts against BISD, nor has Plaintiff alleged any facts that would support

7

*tortious* conduct of AFLAC, rather than conduct concerning AFLAC's contractual obligations to Plaintiff under the RSC Agreement.[2] See CBI NA-CON, Inc., 961 S.W.2d at 339-40 ("[w]hen the party claims only economic injury to the subject matter of the contract itself, the action sounds in contract and not tort" and "[w]hen a negligence claim is made alleging the breach of the very duties encompassed in a contract between the parties, the action is for breach of contract and not tort." ) (citations omitted).[3]

For the above reasons, the Court **GRANTS** AFLAC's Motion for Summary Judgment [Dkt. No. 67].[4]

## IV.  Defendant Noe Sauceda's Motion for Leave to File Third Party Complaint Against AFLAC

As AFLAC has pointed out, Sauceda's third party complaint against AFLAC is nearly identical to BISD's third party complaint.  Sauceda brings a claim "for contribution and/or indemnity since AFLAC was responsible for determining how and whether Plaintiff would suffer any economic damages as a result of Dr. Sauceda's letter requesting that he not interface with BISD because of his disruptive behavior." Sauceda's Motion for Leave to File Third Party Complaint, at p. 2 [Dkt. No. 50].

---

[2]The Court is not commenting on AFLAC's contractual obligations or on the merits of a hypothetical contractual claim against AFLAC.  Rather, the Court simply distinguishes between any action arising from tortious conduct versus conduct arising from contractual obligations.

[3]BISD alleges in its Third party Petition that AFLAC was "negligent" in "wrongfully terminating AFLAC's contract with Dino Chavez." See BISD's Third party Petition, ¶ 9 [Dkt. No. 28].  This conclusory allegation does not suffice to allege a claim for negligence, and the claim clearly sounds in breach of contract.

[4]It appears from BISD's response filings that it has abandoned its claim for indemnity against AFLAC.  Even if this is not the case, BISD has failed to state a claim for indemnification because it has alleged no facts indicating AFLAC is liable as a tortfeasor for the acts of BISD based on the relationship between the two parties.  See St. Anthony's Hosp. v. Whitfield, 946 S.W.2d 174, 177 (Tex. App. – Amarillo 1997, writ denied).  Under Texas law, indemnity is available in only limited circumstances: where the defendant's liability is purely vicarious or where an express or implied agreement exists between the parties.  See Hardy v. Gulf Oil Corp., 949 F.2d 826, 830-31 (5th Cir. 1992).  Finally, BISD has not alleged that indemnification exists under statute.  See Crane Crane Carrier Co. v. Bostrom Seating, Inc., 89 S.W.3d 153, 157-58 (Tex. App. –Corpus Christi 2002, no pet. h.).

The Court will not unnecessarily repeat the legal analysis it employed in granting AFLAC summary judgment against BISD. Sauceda, like BISD, agrees there is no right to contribution for section 1983 claims, and Sauceda concedes there are no other statutory or legal rights to indemnity. See Defendant Sauceda's Reply to AFLAC's Response to Sauceda's Motion for Leave to File Third Party Complaint Against AFLAC [Dkt. no. 56], at p. 2. Sauceda maintains, however, that a right to contribution remains for the tort claims Plaintiff asserts against him; namely Plaintiff alleges Sauceda tortiously interfered with Plaintiff's contract with AFLAC.

Sauceda's claim against AFLAC for contribution for tortious interference fails because AFLAC is not a joint tortfeasor, and indeed cannot interfere with its own contract. See, e.g., Bonniwell, 663 S.W.2d at 818; Holloway v. Skinner, 898 S.W.2d 793, 795 (Tex. 1995) (as a matter of law a party to a contract cannot tortiously interfere with its own contract). See also discussion infra, Part III. Furthermore, Sauceda has utterly failed to allege any claims or damages arising from tortious conduct, rather than contractual obligations.[5] See discussion infra, Part III.

Although leave to amend complaints and file third party petitions should be generously granted pursuant to Federal Rule of Civil Procedure 15(a), where such a filing or amendment would be futile, the Court may deny the motion to amend. See LeFall v. Dallas Independent School District, 28 F.3d 521, 524 (5th Cir. 1994). Sauceda has not stated a claim for contribution or indemnity against AFLAC, and thus filing a third party complaint would be futile as it would not withstand dismissal.

---

[5]To the extent that Sauceda argues he maintains a claim for contribution against AFLAC because but for AFLAC's termination of Plaintiff's RSC Agreement, Plaintiff would not have suffered any economic damages, these arguments fail. As explained in the body of this opinion, contribution is available in limited circumstances that involve joint tortfeasors. Although the Court will look to the kind of damages alleged to determine whether the claims sound in tort or contract, arguments solely addressing the proximate cause of the damages sustained negates the other requirements necessary to claim contribution.

## V. **Conclusion**

The Court makes the following rulings:

**GRANTS** AFLAC's Motion for Summary Judgement [Dkt. No. 67];

**DENIES AS MOOT** AFLAC's Motion to Dismiss [Dkt. No. 47];

**DENIES AS MOOT** AFLAC's Motions for Hearings [Dkt. Nos. 53 & 61];

**GRANTS** AFLAC's Motion to Strike [Dkt. No. 66-1];

**DENIES AS MOOT** AFLAC's Alternative Motion to Stay Proceedings [Dkt. No. 66-2];

**DENIES AS MOOT** AFLAC's Alternative Motion to Compel Arbitration [Dkt. No. 66-3];

**DENIES AS MOOT** AFLAC's Motion to Strike Defendant BISD's and Defendant Sauceda's Response to AFLAC's Motion for Summary Judgment [Dkt. No. 79];

**DENIES AS MOOT** Motion to Modify Factual Statement [Dkt. No. 72];[6]

**DENIES AS MOOT** AFLAC's Motion In Limine [Dkt. No. 87]; and

**DENIES** Defendant Sauceda's Motion for Leave to File Third Amended Complaint [Dkt. No. 50].

DONE at Brownsville, Texas, this 5th day of January, 2004.

Hilda G. Tagle
United States District Judge

---

[6]AFLAC filed a Motion to Correct Factual Statements in Order Dated September 30, 2003 [Dkt. No. 72]. In its motion, AFLAC requested that the Court clarify two statements regarding Plaintiff's employment status with AFLAC and BISD. Although the Court now moots this motion, it would not be inclined to grant the motion were AFLAC still a party to this law suit. First, because the Court's statements were contained in a motion for reconsideration, these statements simply related to the Court's earlier due process analysis when it first considered Defendants' motion to dismiss. Second, the Court's statements were made in the course of its rulings on Defendants' motion to dismiss, and therefore, the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). In fact, it later became clear based on Plaintiff's Motion for Reconsideration that Plaintiff had not clearly represented to the Court his employment relationship with AFLAC. The Court's statements were not material to its ruling, nor were the statements factual findings that would otherwise preclude the parties' from disputing the nature of such an "employment" relationship.

10