IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DINO X. CHAVEZ | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, NOE SAUCEDA, | § | B - 02 - 128 |
| and RANDY DUNN, MARILYN DEL | § | |
| BOSQUE-GILBERT and HUGH EMERSON, | § | |
| JR., in their official capacities as Board | § | |
| Members of Brownsville Independent | § | |
| School District | § | |

## OBJECTION TO DEFENDANT BISD'S
## ALLOWANCE OF BILL OF COSTS

TO THE HONORABLE U. S. DISTRICT CLERK:

COMES NOW **DINO X. CHAVEZ**, Plaintiff herein, and files this his Objection to Defendant Brownsville Independent School District's (BISD) proposed Bill of Costs, and for such objection would respectfully show unto the Court the following:

Plaintiff objects to the entirety of Defendant BISD's Bill of Costs, on the basis that such Bill of Costs has not been verified, as required by 28 U.S.C. §1924. That section provides that

> [b]efore any bill of costs is taxed, the party claiming any item of costs or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

Although Defendant submits a "certification" in support of its Bill of Costs, that certification does not verify that the signatory has "knowledge of the facts, that such item[s are] correct and [have] been necessarily incurred in [this] case and that the services for which fees have been charged were actually and necessarily performed." The certification was also not verified before a notary public. Accordingly, this "certification" is improper to establish entitlement to recovery of costs herein, and the Bill of Costs should be rejected by the Clerk.

In the event that the Defendant's proposed Bill of Costs is to be considered by the Clerk, Plaintiff would further object to those specific costs as follows:

**1.   Fees of the Clerk**

Defendant seeks reimbursement for a filing fee of $150.00, but fails to identify a reason or basis for such filing fee. It appears, however, that this fee was for Defendant's Third Party Complaint against American Family Life Assurance Company (AFLAC). AFLAC's Motion for Summary Judgment and dismissal of Defendant BISD's complaint, however, was granted, and in any case did not involve this Plaintiff. Accordingly, this filing fee is not a proper expense chargeable to Plaintiff.

**2.   Fees of the Court Reporter**

Defendant submitted an expense of $355.75 for the deposition of Stephen Andrus. That deposition was not part of this lawsuit, however. Accordingly, such expense is not properly chargeable to this Plaintiff. Similarly, the depositions of Joe Colunga, III, for the amount of $199.25, Herman Otis Powers, Jr., for the amount of $389.75, and Kenneth J. Lieck, for the

amount of $545.50, do not appear to be chargeable to this lawsuit. The depositions in each of those lawsuits appear to chargeable to the *Stephen Andrus, et al. vs. BISD, et al.* lawsuit, Civil Action No. B-02-143.

3. **Fees for Copies**

Defendant BISD submits the following expenses for copies billed to a third-party, but does not provide any documentation to establish such expenses were actually incurred, or were related to this lawsuit:

| | |
|---|---|
| ALLEGRA Print & Imaging | $337.74 |
| Kinko's | $80.67 |
| Kinko's | $260.94 |
| Internal Revenue Service | $23.00 |

Because Defendant has not submitted any documentation to establish it was ever billed for or paid these expenses in relation to this lawsuit, such expenses should not be allowed.

4. **Expert Expenses**

Defendant BISD submitted expenses in the amount of $1,164.91 payable to its expert in this action. Expert fees are allowed under 28 U.S.C. §1920(6), however, only to the extent that the expert has been court appointed. Because Defendant's expert was not court appointed, his compensation and expenses are not allowed to be charged as costs herein.

Upon review of this matter, Plaintiff **DINO X. CHAVEZ** would respectfully request that the Clerk reject the entirety of Defendant BISD's proposed Bill of Costs, or in the alternative, that the Clerk authorize no more than $7,170.59, after consideration of those items not properly recoverable by Defendant herein.

Signed on this the 26th day of January, 2004.

                Respectfully submitted,

                **LAW OFFICE**
                **J. ARNOLD AGUILAR**
                Artemis Square, Suite H-2
                1200 Central Boulevard
                Brownsville, Texas 78520
                Telephone   : (956) 504-1100
                Facsimile    : (956) 504-1408

By: _____
       J. Arnold Aguilar
       State Bar No. 00936270
       Federal Adm. No. 6822

Attorney for Plaintiff,
DINO X. CHAVEZ

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **OBJECTION TO DEFENDANT BISD'S ALLOWANCE OF BILL OF COSTS** has on this the 26th day of January, 2004, been forwarded via certified mail, return receipt requested to:


Ms. Elizabeth G. Neally
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Rd., Suite 9
Brownsville, TX 78520


Ms. Eileen M. Leeds
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, TX 78521


Mr. William B. Steele, III
LOCKE, LIDDELL & SAPP, L.L.P.
100 Congress Avenue, Suite 300
Austin, TX 78701

_____
J. Arnold Aguilar