IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DINO CHAVEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-128 |
| | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT AND NOE | § | |
| SAUCEDA, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

BE IT REMEMBERED that on August 2, 2005, the Court **TAXED** costs against Plaintiff in accordance with this opinion. The Court addresses only those portions of the Bill of Costs to which Plaintiff has filed objection. Plaintiff filed timely objections to BISD's and Noe Sauceda's Bill of Costs, to which only Defendant BISD replied.

### I. Legal Standard

Pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, Defendant BISD seeks costs in the total amount of $10,678.50, and Defendant Noe Sauceda seeks costs in the total amount of $3,842.35. Federal Rule 54(d)(1) provides:

> (1) *Costs Other than Attorneys' Fees.* Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; . . . Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

> 28 U.S.C. § 1920(a) allows costs for:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

1

(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this Title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

## II. Defendant Brownsville Independent School District's ("BISD") Bill of Costs [Dkt. No. 95]

### A. Objection that bill of costs is not verified

Plaintiff argues BISD failed to attach the required notarize affidavit averring that items, services, and fees are correct and were actually and necessarily performed. *See* 28 U.S.C. § 1924 (requiring that before a bill of costs may be taxed, the attorney or party must attach an affidavit containing this information). Defendant argues it attached a sufficient affidavit as it is not necessary for an attorney, as an officer of the Court, to notarize the affidavit. In either event, Defendant attached to its reply a notarize affidavit averring that the reasonable costs and expenses were incurred by BISD. As a result, BISD's affidavit attached to its reply corrects any deficiencies in the original affidavit. The Court **overrules** Plaintiff's objection on this point.

### B. Objection regarding fees of the Clerk

BISD seeks reimbursement for a $150.00 filing fee, to which Plaintiff objects. BISD replies this filing fee was for removal of the action from the 404th Judicial District Court of Cameron County, Texas. A removal fee is a filing fee, *see* 28 U.S.C. § 1914(a), and as such it falls within the ambit of 28 U.S.C. § 1920. *See Imperial Arrow Assoc. Servs. of R. I. v. Peerless Ins. Co. of Keen, N.H.*, 2002 WL 32105766, at *1 (D.R.I. May 19, 2002) (determining removal fee is recoverable under 28 U.S.C. § 1920). The Court **overrules** Plaintiff's objection on this point.

### C. Objection regarding fees of the court reporter

Plaintiff argues that fees submitted for the depositions of Stephen Andrus ($355.75), Joe Colunga, III ($199.25), Herman Otis Powers, Jr. ($389.75), and Kenneth J. Kieck ($545.50) are not chargeable to this lawsuit, and instead are chargeable in the cause of

action, *Stephen Andrus, et al. v. BISD, et al*, Civil Action No. B-02-143. Defendant replies the Andrus deposition was related to this case, and the remaining depositions were noticed by Plaintiff's counsel. Furthermore, Defendant argues an agreement exists between the parties that the parties would use the depositions interchangeably in the related lawsuits.

As no costs have been awarded in the sister case, the expenses incurred for the court reporter fees are not duplicative. The Court **overrules** Plaintiff's objection on this point.

### D. Objection regarding fees for copies

Plaintiff objects that Defendant's documentation for certain copies does not establish the expenses were actually incurred or were related to this lawsuit. Defendant has sufficiently demonstrated the copies were necessarily incurred in litigating this case. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). The Court **overrules** Plaintiff's objection on this point.

### E. Objection regarding expert expenses

Plaintiff objects that expenses in the amount of $1,164.91 are not allowable because the expert was not appointed by the Court, as required by 28 U.S.C. § 1920(a)(6). Defendant argues that pursuant to Federal Rule of Civil Procedure 26(b)(4)(C), reimbursement for expert expenses incurred in providing discovery responses is permitted. Defendant is correct –"Federal Rule 26(b)(4)(C) authorizes reimbursement for expert expenses incurred in providing discovery responses." *Keeton v. Wal-Mart, Inc.*, 21 F.Supp.2d 653, 662 n.16 (E.D. Tex. 1998) (citing Fed. R. Civ. P. 26(b)(4)(C)). The Court **overrules** Plaintiff's objection on this point.

## III. Defendant Noe Sauceda's Bill of Costs [Dkt. No. 97]

### A. Objection that bill of costs is not verified

The Court **overrules** this objection for the same reasons articulated above.

### B. Objection regarding fees of the court reporter

The Court **overrules** this objection for the same reasons articulated above.

### C. Objection regarding fees for exemplification and copies of papers

Plaintiff objects to the amount of $128.00, which constitutes half of the expense for transcribing the Public Audience excerpts of meetings held on November 13 and 20, 2001. Plaintiff argues BISD previously submitted the entire invoice. Sauceda attaches to his Bill of Costs a letter from BISD's counsel referencing the agreement between defense counsel stating that each would pay half of the expense for this transcription. BISD, however, submitted an invoice for the entire amount of $256.00. The Court agrees with Plaintiff that were it to award BISD the full amount for the transcription and half the amount to Sauceda, a double reimbursement would occur for half the costs. As a result, the Court **sustains** Plaintiff's objection on this point, and reduces BISD's cost allowance by $128.00, which represents half the total amount for this transcription.

### D. Objections to mediation expenses

Plaintiff argues $110.65 in expenses incurred relating to mediation of the lawsuit are not recoverable as a cost. Defendant Sauceda did not respond to Plaintiff's objections. The Court has found no authority indicating mediation costs –in this case, 1/3 of the cost for an airline ticket, airport parking, rental car, hotel accommodations, and meals–are recoverable under the exhaustive list of recoverable costs in 29 U.S.C. §1920. *See, e.g., McCoy v. Hernandez*, 1999 WL 38161, at * 3 (N.D. Tex. Jan. 15, 1999) (citing *Scribner v. Waffle House, Inc.*, 1998 WL 47640, at *1 (N.D. Tex. Feb. 2, 1998)). The Court **sustains** Plaintiff's objection on this point and will deduct this amount from the allowance of costs in favor of Defendant Sauceda.

### IV. Conclusion

The Court **overrules in part** and **sustains in part** Plaintiff's objections to Defendants BISD and Noe Sauceda's Bill of Costs [Dkt. Nos. 98 & 99].

For the reasons expressed in this opinion, costs in the amount of $10,550.50[1] are **TAXED** in favor of Defendant BISD against Plaintiff. Costs in the amount of $3,731.70[2] are **TAXED** in favor of Defendant Noe Sauceda against Plaintiff.

DONE at Brownsville, Texas, this 2nd day of August, 2005.

_____
Hilda G. Tagle
United States District Judge

---

[1] This amount reflects the $128.00 reduction for the expense of transcribing the Public Audience excerpts of meetings held on November 13 and 20, 2001.

[2] This amount reflects the $110.65 reduction for the mediation expenses.