IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DINO CHAVEZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-02-128 |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT AND NOE SAUCEDA, | § § § § § | |
| Defendants/Third-Party Plaintiff, | § § | |
| v. | § § | |
| AMERICAN FAMILY LIFE INSURANCE COMPANY OF COLUMBUS (AFLAC), | § § § | |
| Third-Party Defendant. | § | |

**OPINION AND ORDER**

BE IT REMEMBERED that on August 2, 2005, the Court **TAXED** costs in favor of American Family Life Insurance Company ("AFLAC") in the amount of $5,578.00.

**I.  Legal Standard**

Pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, Third-Party Defendant AFLAC seeks costs in the total amount of $5,578.00.  Federal Rule 54(d)(1) provides:

> (1) *Costs Other than Attorneys' Fees.*  Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; . . . Such costs may be taxed by the clerk on one day's notice.

1

On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

28 U.S.C. § 1920(a) allows costs for:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this Title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

## II. Third-Party Defendant AFLAC's Bill of Costs [Dkt. No. 102]

### A. BISD's objection that bill of costs was not timely filed

BISD objects that AFLAC's Bill of Costs was not timely filed pursuant to Local Rule 54.2. This Court entered summary judgment orders in this case on January 5, 2004, and January 7, 2004, and issued a memorandum opinion on September 3, 2004. The Court did not, however, enter final judgment in the case until September 21, 2004. AFLAC filed its Bill of Costs on February 5, 2004, long before the Court entered its final judgment. Local Rule 54.2 requires that "[a]n application for costs shall be made by filing a bill of costs within 14 days of the entry of a *final judgment.*" (emphasis added). AFLAC has complied with this rule. Moreover, BISD has not presented the Court with any authority indicating the date of summary judgment, rather than the date of entry of final judgment, should govern the 14-day calculation for filing a bill of costs. As a result, the Court **overrules** Plaintiff's objection on this point.

### III.  Conclusion

The Court **overrules** BISD's objection to Third-Party Defendant AFLAC's Bill of Costs [Dkt. No. 102].  Moreover, as BISD has presented no other objections to AFLAC's Bill of Costs, and finding all expenses were necessarily incurred in the course of litigating this case, costs in the amount of $5,578.00 are **TAXED** in favor of Third-Party Defendant AFLAC against Third-Party Plaintiff BISD in accordance with Rule 54(d).

DONE at Brownsville, Texas, this 2nd day of August, 2005.

_____
Hilda G. Tagle
United States District Judge